IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IRENE GRACE, on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NUMBER: ) 6:04-CV-22 (WLS) ) |
| FAMILY DOLLAR STORES, INC., | ) ) |
| Defendants. | ) |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND INTERROGATORY ANSWERS**

Plaintiffs move to compel production of documents and answers to interrogatories propounded October 8, 2004. As grounds, plaintiffs state the following:

1. The Court has already entered an Order stating that it "has determined that limited discovery is necessary to determine the appropriateness and viability of a collective action and whether this cause of action should be transferred to the United States District Court for the Western District of North Carolina, Charlotte Division." *Order* entered October 8, 2004 (Doc. no. 31). *See* accompanying Appendix at Tab A.

2. On the same day, plaintiffs served interrogatories and document requests on the limited issues allowed by the Court's Order — the viability of this case as a collective action under the "similarly situated" standard of § 216(b) of the Fair Labor Standards Act and the degree of centralized decisionmaking at the corporate headquarters in Charlotte, North Carolina that may make transfer to that venue appropriate or inappropriate. Such interrogatories and document requests are

1

attached in the accompanying Appendix at Tabs B and C.

3. Defendant has objected and refused to answer *every* interrogatory and document request. *See* Appendix at Tabs D and E. Plaintiffs have discussed such objections with defendant's attorneys in an effort to settle the current dispute without need of court intervention, but all such efforts have failed.

4. Plaintiffs have focused their interrogatories and document requests on the narrow factual issues essential to the collective action and transfer issues that the Court has already determined to require discovery. *Order* (Doc. no. 31). The answers and documents requested are the following:

- Was the decision at issue in this case — that Store Managers are to be treated as exempt from overtime under the FLSA — made at the corporate headquarters on the basis of a company-wide policy or was it "an individualized determination separately for each Store Manager on a Store-by-Store . . . basis"? *See* Interrogatories ##1, 2, 3; Document Requests ##1, 7.

- What duties are relevant to determining that Store Managers are exempt from overtime and do such duties "vary from Store to Store, or by District, Region, Division or Store Managers"? *See* Interrogatories ##4 and 5; Document Requests ##2, 3, 7.

- What duties apply to all Store Managers regardless of Store? *See* Interrogatory #6; Document Request #7.

- What role does management above the Store level play in the supervision or management of stores, store personnel or Store Managers? *See* Interrogatory 7; Document Request ## 4, 5, 6, 7.

- Does Family Dollar contend that all Store Managers have the authority to hire, promote, determine pay, discharge or discipline (a) hourly employees below Assistant Store Manager; or (b) Assistant Store Managers? *See* Interrogatories ##7-15; Document Requests ##4, 7, 11. If the Company answers "no" to the foregoing questions, then who are the Store Managers who don't have such executive authority and what executive authority do

2

> they have? *Id.*

- What do the persons know who are listed as defendant's witnesses in its affidavit from Janet Kelly filed with the pending motion to transfer (such persons are also listed as witnesses for the defendant in its *Initial Disclosures* filed pursuant to Rule 26). *See* Interrogatory #16; Document Request #7; *compare* Kelley Affidavit (Doc. no.5) *with* Defendant's *Initial Disclosures*.

- Who are defendant's witnesses and experts and what are they expected to testify about? *See* Interrogatories ##17 and 18; Document Request #7.

- Who lives or works in this judicial district that may have "knowledge of the duties, responsibilities and other characteristics of Store Managers at Family Dollar that are relevant to a determination of whether Store Managers are, or should be, exempt from overtime pay"? *See* Interrogatory #20; Document Request ##7 and 8.

- Produce the documents that show the type and degree of interaction between stores and corporate headquarters. Document Request ##5 and 6.

5. Defendant's objection to answering all of the foregoing questions and document requests are the same for each question and request made — that they are irrelevant because they require "a fact-specific, individualized inquiry into the job duties of each individual employee" and therefore would require 5000 people to be interviewed. It objects to answering even for the named plaintiff, Irene Grace.

6. Defendant's objection is frivolous. No such fact-specific, individualized inquiry is required to answer the interrogatories or document requests. For example, Interrogatory #4 asks merely whether defendant "contends that the duties and responsibilities that are relevant to determining whether [Store Managers] are exempt from overtime pay under the Fair Labor Standards Act vary from Store to Store, or by District, Region, Division or Store Manager." Surely the Company knows what it contends on this issue without interviewing 5000 Store Managers to ask

3

what *their* contentions are. The interrogatories ask for the defendant Company's contentions, not that of non-party Store Managers.[1]

7. Defendant's objection begs the question by assuming the very facts that the interrogatories seek to establish — the degree of centralized versus decentralized decisionmaking, duties and responsibilities. Defendants have switched back and forth on this issue depending on the lawyer or motion before the Court. On the transfer motion and affidavit filed by defendant's original law firm in this case (Vedder Price), the defendant argued that virtually everything relevant to the FLSA exemption issue in this case is *centralized* at corporate headquarters and common to all Store Managers alike, but now the objections to discovery on that issue filed by its new law firm (Littler Mendelson) says just the opposite — that everything relevant to the overtime exemption issue is a "fact-specific, *individualized* inquiry into the job duties of each individual employee" and, therefore, would require 5000 individual Store Managers to be interviewed. *Compare* Defendant's *Motion To Strike . . . Or, Alternatively, To Transfer* (Doc. no. 5 and Affidavit of Janet Kelley attached thereto) *with*  Defendant's *Objections To First Interrogatories* (at Tab B of accompanying Appendix).

8. Defendant's objection directly contradicts its motion to transfer and the affidavit of Janet Kelley filed with such Motion. *See* Doc. nos. 5. Such Affidavit states that "management-and-executive-level employees" at corporate headquarters "***determine*** the *responsibilities and duties* of

---

[1] The same is true of the other interrogatories, all of which involve the same type of contention interrogatories which explore the very basis of defendant's current ground for objection — whether defendant's FLSA exemption decision and the Store Manager's duties and responsibilities on which such decision was based were determined at the corporate headquarters or on an individualized Store-by-Store basis. Such contentions are at the heart of defendant's transfer motion and plaintiffs' motion to facilitate notice. The requested discovery is made necessary by defendant's contradictory position that everything is common and centralized at corporate headquarters for purposes of its transfer motion and affidavit, but decentralized and individualized at the Store level for purposes of its objections to discovery and plaintiffs' motion to facilitate notice.

retail Store Managers," as well as "*determine* pay policies and practices *for Store Managers*." Kelley Aff. ¶13 (Doc. no.5) (emphasis added).

9. Defendant has a hard choice to make as to which of its contradictory positions is true. Either the items relevant to the FLSA exemption are centralized at corporate headquarters or they are not. The Company should not be allowed to escape that choice and continue to play fast and loose with the facts depending on the motion or attorneys that are before the Court. What is necessary at this point are facts and answers *under oath*, not lawyer's objections that assume the very facts at issue without ever providing an answer under oath that would verify such assumptions. Defendant's objection is circular and self-fulfilling. By objecting to discovery on the degree of centralized versus individualized duties and decisionmaking, the Company is able to continue to argue both sides of the issue depending on the motion before the Court without ever providing any sworn answers that would pin the issue down.

10. Defendant has refused to answer any of the interrogatories even for the named plaintiff, Irene Grace. The first page of the interrogatories states that the questions are "directed to . . . all plaintiffs . . . including but not limited to Irene Grace" and that "[i]n the event that defendant objects to one or more of these interrogatories as they relate to persons who worked beyond the territorial limits of this District, plaintiffs request that defendant timely answer for all remaining plaintiffs or opt-ins," including Irene Grace. *See* Tab B of accompanying Appendix to this motion.

11. Defendant has also refused to answer for any of the 18 named opt-in plaintiffs who have filed consents to join in this action as allowed by the Fair Labor Standards Act. Again, the definitions provide that all the interrogatories address those plaintiffs. Each of the questions were specifically addressed to Irene Grace and the other named opt-in plaintiffs and plainly do not require

interview of a large number of people to answer, much less the 5000 people argued by the defendant in a boilerplate objection that is not tailored to Ms. Grace or the other 18 opt-in plaintiffs.

WHEREFORE, Family Dollar should be compelled to timely answer the pending interrogatories and produce the requested documents by their current due date of November 7, 2004 and/or within seven days of entry of a ruling on this motion.

> Respectfully submitted,
>
>  s/ Donald A. Sweat
> _____
> Donald A. Sweat 694625
> GARDNER, WILLIS, SWEAT & GOLDSMITH, LLP
> Post Office Drawer 71788
> Albany, Georgia 31708-1788
> 229/883-2441
>
> Gregory O. Wiggins
> WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
> The Kress Building
> 301 19th Street North
> Birmingham, Alabama 35203
> 205/314-0500

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have mailed a copy of the above and foregoing, by U.S. Mail, properly addressed and postage prepaid, on:

John A. Ybarra
LITTLER MENDELSON, P.C.
Suite 2900
200 North LaSalle Street
Chicago, Illinois 60601

Jerry H. Walters, Jr.
LITTLER MENDELSON, P.C
Suite 4150.
100 North Tryon Street
Charlotte, North Carolina 28202

William A. Erwin
HODGES, ERWIN, HEDRICK & COLEMAN, LLP
P. O. Box 2320
507 North Jefferson Street
Albany, GA 31702-2330

      This the 2nd day of November, 2004.

                                                s/ Donald A. Sweat
                                          _____
                                          OF COUNSEL   694625