# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

IN RE FAMILY DOLLAR FLSA LITIGATION

MDL DOCKET NO: 3:08-MD-1932
Judge Graham C. Mullen

*Concerning all member cases.*

## AMENDED ORDER

This matter, coming before the Court for a Scheduling Conference, with counsel for Plaintiffs and Defendants present, and the Court being fully advised in the premises, it is hereby ordered that:

1. *Pro hac vice* fees for attorneys in these cases are waived.

2. Outstanding motions in cases before this Court, which are to be ruled upon by this Court, are terminated without prejudice and may be re-filed, if necessary, in this MDL proceeding, within thirty (30) days.

3. The Court will not adopt the protective order from Morgan v. Family Dollar. The parties should, instead, attempt to agree on the terms of a protective order for these cases.

4. The extent to which testimony and evidence from the Morgan case can be used in these cases presents an evidentiary issue, which the Court will not address at this time.

5. The parties are ordered to engage in private mediation for this matter and should commence selecting an agreed-upon mediator at the appropriate time.

6. The information required by Fed. R. Civ. P. 26(a)(1) must be exchanged within forty-five (45) days. The parties will have an additional 30 days to exchange the information required by Fed. R. Civ. P. 26(a)(1) on all individuals who intervene into this case pursuant to paragraph 11 of this order.

7. Supplementations under Rule 26(e) are ongoing and will be due within 30 days of when a party receives additional information that changes or supplements a prior disclosure or discovery response. All required supplementations should be completed sufficiently in advance of the discovery cutoff date to allow the opposing party to conduct follow up discovery.

8. Discovery in these cases shall be coordinated, for efficiency purposes, so that, for example, any individual who is deposed for any case may not be re-deposed for a different category of cases. Thus, to the extent that any individual has already been deposed during pre-notice discovery in Grace, that witness may be re-deposed, if necessary, only for purposes of updating his or her testimony.

9. The parties do not consent to the jurisdiction of a U.S. magistrate judge.

**The Grace and Ward Cases**

10. Claims of the individuals who filed opt-in consent forms in the Grace or Ward cases *were* dismissed without prejudice when the Court ruled that those cases could not proceed as collective actions on September 6, 2007 and January 22, 2008, respectively. This provides the jurisdictional basis for the Court's Order allowing these individuals to intervene, as described in paragraph 11.

11. Individuals who filed opt-in consent forms in Grace or Ward, who remain interested in pursuing their claims, must file a motion to intervene pursuant to Rule 24 within

sixty (60) days. These motions to intervene must be signed by each individual to demonstrate and document: (a) their availability and continued interest in pursuing their individual FLSA claims as party plaintiffs in Grace or Ward; (b) their consent for counsel to represent them in their individual FLSA claims against Defendants; and (c) their understanding of their obligations as individual party plaintiffs.

12. The Court adopts Defendants' proposed discovery plan for Grace and Ward, as set forth herein.

13. Discovery in the Grace and Ward cases should continue as follows:

   a. Fact and expert discovery shall be completed by December 31, 2008.

   b. Discovery Limits

       i. Maximum of 25 interrogatories to each party. [1]

       ii. Maximum of 25 document requests to each party.

       iii. Maximum of 25 requests for admission to each party.

       iv. Plaintiffs and Defendants each collectively may take a maximum of 30 depositions, and each witness shall be deposed just once for up to 7 hours. The parties may agree to exceed these limits, if necessary; however, if parties cannot agree to the need to exceed these limits, any party may request permission of the Court to exceed the limit.

   c. Reports from retained experts under Rule 26(a)(2) will be due:

       i. From Plaintiffs by October 1, 2008

       ii. Defendants by November 1, 2008

       iii. Supplementations under Rule 26(e) due December 1, 2008.

---

[1] The number of interrogatories, requests for production and request to admit are inclusive of subparts.

3

14. Motions for summary judgment shall be filed by January 31, 2009, with responses due February 28, 2009 and replies due March 15, 2009.

**<u>Remaining Cases Subject to the MDL Ruling</u>**

15. The parties are ordered to submit a joint Letter to the Court addressing whether Plaintiffs can proceed in the same lawsuit with their FLSA claims under 29 U.S.C. § 216(b) and their state law wage and hour claims under Rule 23 of the Federal Rules of Civil Procedure.

16. The Court adopts Defendants' discovery plan for the remaining cases as set forth herein:

17. Discovery in the remaining cases will be bifurcated into (a) conditional certification and notice/class certification phase, and (b) a merits phase.

    a. Discovery of issues bearing on Section 216(b) notice and conditional certification ("Notice Discovery") and class certification under Rule 23 ("Pre-Certification Discovery"), including experts, shall be commenced immediately upon entry of the Court's Scheduling Order and shall be completed by December 31, 2008;

    b. Discovery Limits (Notice and Pre-Certification Discovery):

        i. Maximum of 25 interrogatories to each party. [2]

        ii. Maximum of 25 document requests to each party.

        iii. Maximum of 25 requests for admission to each party.

        iv. Plaintiffs and Defendants each collectively may take a maximum of 60 depositions, and each witness shall be deposed just once for up to 7 hours. Rule 30(b)(6) depositions shall be limited to forty (40) hours collectively. The parties may agree to exceed these limits, if necessary; however, if

---

[2] The number of interrogatories, requests for production and request to admit are inclusive of subparts.

parties cannot agree to the need to exceed these limits, any party may request permission of the Court to exceed these limits.

    c. Plaintiffs' motion for Section 216(b) notice and conditional certification and for Rule 23 class certification shall be filed by January 31, 2009, in a single brief that addresses these issues separately under the FLSA and Rule 23. Defendants' opposition to Plaintiffs' motion shall be filed by February 28, 2009. Plaintiffs can file a reply by March 15, 2009.

    d. After the Court issues its rulings on Section 216(b) notice and conditional certification and Rule 23 certification, the parties shall meet and prepare an updated Certification and Report of Initial Attorneys' Conference which will outline the appropriate Merits Discovery for the cases either as collective actions or individual Plaintiff's cases.

    e. Once the Court decides the issues of Section 216(b) notice and conditional certification and Rule 23 class certification, the parties shall confer and submit to the Court proposed deadlines for reports from retained experts regarding the merits and damages under Rule 26(a)(2) as part of their proposed plan for Merits Discovery.

18. The statute of limitations for any current or former Family Dollar Store Managers who might file opt-in consent forms in these cases is hereby tolled from June 23, 2008 until such time as the Court rules on Plaintiffs' motion for conditional certification and notice. If the Court grants conditional certification and notice, then such notice would go back three years from June 23, 2008. In other words, the three-year notice period would start on June 23, 2008 and go back three years to June 23, 2005.

**Electronic Stored Information**

19. The parties have discussed the discovery of electronically stored information and will, to the extent feasible, cooperate to avoid unnecessary expense in connection with such discovery. Defendant intends to maintain, to the extent feasible, all available Company documents and information, electronic and paper, regarding the employment, work and payroll histories of all named Plaintiffs, Plaintiffs who intervene, and putative Opt-In Plaintiffs (who have filed, or do file, Opt-In forms) during the relevant time period. At this time, the parties have not reached any agreement concerning a claim of privilege or work product protection with respect to paper documents or electronically stored information that is inadvertently produced. The parties will comply with Rule 26(b)(5)(B).

20. In order to promote communication and cooperation between the parties, all parties shall, at the time they serve their initial disclosures, designate a single individual through whom all e discovery requests and responses are made ("E discovery Liaison"). Regardless of whether the E discovery Liaison is an attorney (in house or outside counsel), a third party consultant, or an employee of the party, he or she will both serve as a conduit of communications regarding e discovery issues among the parties and must be (either individually or in conjunction with appropriate personnel):

   a. knowledgeable about the technical aspects of e discovery, including electronic document storage, organization, and format issues; and

   b. be prepared to participate directly in e discovery meet-and-confer and dispute resolution conferences.

21. Within forty-five (45) days after the parties are required to serve initial disclosures, the parties' E-Discovery Liaisons shall meet and confer regarding the following e-discovery issues:

a. refining the sources of discoverable Electronically Stored Information ("ESI"), taking into account appropriate objections under the Federal Rules of Civil Procedure;

b. the manner in which the parties are preserving discoverable ESI and the need, if any, for modifications or additions to those means of preservation;

c. production and review methodologies, including: de duplication techniques and procedures; key word methodologies to be used to locate, search, refine and produce ESI; and the manner in which the parties believe they can reasonably produce discoverable ESI from databases and similar data sources;

d. the form in which ESI should be produced;

e. the timing for the production of ESI, including the use of a "rolling production" methodology;

f. cost-allocation issues surrounding the preservation, harvesting, processing, review and production of ESI requested by a party;

g. the existence and preservation of discoverable back up tapes, as well as the need to preserve and search other sources of discoverable ESI which any part identifies as not reasonably accessible;

h. privilege issues relating to ESI, including the non-waiver of privileged or confidential materials by inadvertent production via the use of a claw back agreement; and

i. any other pertinent issues relating to disclosure or discovery of ESI.

22. If disputes arise between the parties concerning e-discovery matters, including those matters addressed in sub-paragraph (b) above, that cannot be resolved informally after good faith meet-and-confer efforts, the parties may request that the Court enter a scheduling order that includes provisions for the disclosure or discovery of ESI.

IT IS SO ORDERED.

This 25th day of July, 2008.

Graham C. Mullen

Senior United States District Judge