.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | **MDL DOCKET NO: 3:08-MD-1932**<br>**Judge Graham C. Mullen** |
| *Concerning all member cases.* | |

## DEFENDANT'S PROPOSED SUPPLEMENTAL SCHEDULING ORDER

The Court having stayed these cases to allow the Parties to negotiate settlement, and the Parties having advised the Court that they were unable to reach a settlement during the stay, and the Parties having negotiated production of Electronically Stored Information ("ESI") since September 2008, the Court hereby enters the following revisions and additions to the scheduling order previously entered on July 21, 2008 (Doc. No. 66), with all other provisions of that Order to remain in effect:

**Electronically Stored Information**

1. Plaintiffs must provide Defendants with information regarding their sources of potentially relevant ESI by April 15, 2009.

2. Plaintiffs must have their ESI team in place and must disclose any additional ESI consulting experts by March 9, 2009.

3. Plaintiffs must file their Reply to Defendants' Response to Motion to Modify Initial Scheduling Order (doc. # 90) by March 12, 2009.

4. The Parties shall complete all necessary depositions pertaining to Family Dollar's sources of potentially relevant electronically stored information ("ESI") by April 17, 2009. Rule 30(b)(6) depositions, including those related to ESI, shall be limited to forty (40) hours collectively.

5. The Parties shall split evenly the costs of harvesting and production of all ESI for which the services of third-party consultants and/or vendors are utilized.

6. If the Parties cannot agree on issues related to ESI, the Parties shall meet and confer and submit a letter to this Court to enlist its assistance in resolving the matter.

7. Similarly, the Parties shall meet and confer and promptly submit a letter to this Court in the event that circumstances arise which impact the deadlines in the scheduling order.

8. Email production shall be made on a rolling basis. Each party must produce responsive, non-privileged emails pertaining to any specific witness two weeks before that witness is presented for deposition. This does not apply to 30(b)(6) witnesses whom Family Dollar will present to testify regarding sources of potentially relevant ESI.

9. Family Dollar will produce the payroll information for the Named Plaintiffs, Opt-ins and Interveners by March 19, 2009.

10. Family Dollar will produce the payroll information, including the number of hours worked each week for all the employees in each store that a Named Plaintiffs, Opt-ins and Interveners worked as a Store Manager by March 19, 2009.

**The *Grace* and *Ward* Cases**

11. In the *Grace* and *Ward* cases, collectively, Plaintiffs may take up to 90 depositions and Defendants may take up to 90 depositions. Depositions in the *Grace* and *Ward* cases shall be limited to four (4) hours. This discovery shall take priority over discovery in the pre-certification cases so that the deadline set forth in paragraph 11 can be met.

12. Reports from retained experts under Rule 26(a)(2) will be due:

  a. From Plaintiffs by June 30, 2009.

  b. Defendants by July 30, 2009

13. All discovery in the *Grace* and *Ward* cases shall be completed by August 30, 2009.

14. Motions for summary judgment shall be filed on or before September 30, 2009, with responses due within thirty (30) days of the date on which the motion is served, and replies due within fourteen (14) days of the date on which the response is served.

**Pre-Certification Cases**

15. Discovery of issues bearing on Section 216(b) conditional certification and class certification under Rule 23 ("Pre-Certification Discovery"), including experts, in each of the Member Cases in which the Court has not yet ruled on the issues of class/collective action certification shall be completed by December 31, 2009. Although the *Grace* and *Ward* cases shall take priority, to the extent that it is possible, the Parties shall attempt to complete Pre-Certification Discovery by the December 31, 2009 deadline. In the event that circumstances arise that impact this deadline, the Parties shall meet and confer and submit a letter to this Court.

16. Pre-Certification Discovery in the collective and/or class actions may proceed concurrently with discovery in the *Grace* and *Ward* cases. Depositions in the collective and/or class actions shall be limited to six (6) hours.

17. Plaintiffs' motion for Section 216(b) conditional certification and for Rule 23 class certification shall be filed by February 1, 2010, in a single brief that addresses these issues separately under the FLSA and Rule 23. Defendants' opposition to Plaintiffs' motion shall be filed by March 5, 2010. Plaintiffs can file a reply by March 19, 2010.

IT IS SO ORDERED.  Signed: March 4, 2009

Graham C. Mullen
United States District Judge