IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** <br><br> *Concerning Grace v. Famliy Dollar Stores, Inc. (3:06-cv-306) and Ward v. Family Dollar Stores, Inc. (3:06-cv-441).* | **ORDER** |

This matter is before the Court on Defendants' Motion to Dismiss John Leach, (Doc. No. 86), which is unopposed; Plaintiff's Motion to Intervene for Jennifer K. Leonard (Doc. No. 95); and Defendant's Opposition (Doc. No. 98). Defendant's unopposed Motion to Dismiss John Leach is granted for the reasons stated in Defendants' motion and Plaintiff's Motion to Intervene for Jennifer K. Leonard is denied for the reasons stated in this Order.

On June 23, 2008, the Court ruled that the former opt-ins who remain interested in pursuing their claims could file motions to intervene into the *Grace* and *Ward* lawsuits within sixty days. (*See* Court's Amended Order entered July 21, 2008, at ¶¶ 10-11) (doc. # 66). That deadline expired on September 19, 2008. Jennifer K. Leonard filed her Motion to Intervene on October 29, 2008,[1] thirty-eight days late. In a footnote to her motion, Ms. Leonard explains that she was on vacation from

---

[1] The Court notes that Ms. Leonard signed and dated her motion on August 10, 2008.

1

June 23, 2008 until July 2, 2008; she had carpel tunnel surgery on her right hand on July 11, 2008; and was taking care of her terminally ill father who passed away in mid-October. Given that both the vacation and the carpel tunnel surgery pre-dated the Court's July 21, 2008 Order setting the 60-day deadline for former opt-ins to file their motions to intervene, they will not be considered. That leaves the issue of whether Ms. Leonard's status as a caretaker for her terminally ill father establishes excusable neglect for missing the Court-imposed deadline. While unfortunate, these circumstances do not justify Leonard's failure to timely transmit her signed motion to her attorneys for filing. See In Re Food Lion, Inc, 151 F.3d 1029, (4th Cir. 1998) (un published).

**IT IS, THEREFORE ORDERED** that:

(1) Defendants' Motion to Dismiss John Leach, (Doc. No. 86), is **GRANTED.** Mr. Leach's claims are dismissed with prejudice.

(2) Plaintiff's Motion to Intervene for Jennifer K. Leonard (Doc. No. 95) is **DENIED**. Ms. Leonard's claims are dismissed with prejudice.

**SO ORDERED**.

Signed: March 6, 2009

Graham C. Mullen
United States District Judge