**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**3:08MD1932-MU**

| | | |
|---|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | : : : : : : | |
| _____ | : | **ORDER** |
| *Concerning Grace v. Famliy Dollar Stores, Inc. (3:06-cv-306) and Ward v. Family Dollar Stores, Inc. (3:06-cv-441).* | : : : : : | |

This matter is before the Court on Defendants' April 21, 2009 letter to the Court describing a discovery dispute. Upon receipt of such letter, the Court instructed Plaintiffs to file a letter in response by Monday April 27, 2009. Plaintiffs complied with this Court's directive and filed a letter in response to Defendants' letter on April 27, 2009. The Court is aware that Plaintiffs expressed concern that Defendants' letter should have been filed as a formal motion thus allowing Plaintiffs the benefit of filing a response in fourteen days as permitted by the Federal Rules of Civil Procedure. However, Defendants' letter was submitted to the Court consistent with the Court's previous instruction that disputes and discovery issues shall be submitted to the Court informally so as to be dealt with as rapidly as possible and avoiding any delays to this litigation .[1]  Therefore, Plaintiffs'

_____

[1] The Court stated several times in the February 26, 2009 hearing that to the extent issues arise that impact the scheduling order, parties should bring the issue to the Court's attention by letter. (2/26/09 Transcript at 17,22, 29.) Moreover, the Court's scheduling order, directed that discovery issues be brought to the Court's attention by letter after the parties have met and conferred. (Doc. No. 107 ¶¶ 6, 7.)

objection to the manner in which Defendants submitted this issue to the Court is rejected.

Defendants contend that they served interrogatories and requests for production upon the Intervenors on March 3, 2009 making Plaintiffs' responses due on April 6, 2009. Plaintiffs requested and were accommodated with an extension until April 10, 2009. However, to date, Plaintiffs have served signed, verified interrogatory responses for only 23 of the 70 Intervenors and served unverified interrogatory responses for 14 Intervenors. Moreover, in an effort to cover the remaining Intervenors, Plaintiff served a single generic response and not individualized responses. Next, ESI disclosures were due on April 15, 2009. However, the Grace and Ward named Plaintiffs and Intervenors have failed to comply. Finally, the Intervenors' Rule 26(a) Initial Disclosures were due on April 6, 2009. However, none of the Intervenors have served initial disclosures.[2]

The Court has considered the issues and concludes that the defense cannot be expected to fairly proceed with the scheduled depositions in a timely manner without the requested discovery. Therefore, Plaintiffs are directed to produce: (1) **individualized verified** interrogatory responses for every Intervenor; (2) ESI disclosures for every named Plaintiff in Grace and Ward and the Intervenors; and Rule 26(a) initial disclosures for every Intervenor by **May 1, 2009**.

Furthermore, counsel is instructed to notify the Court, in writing, if there are parties with whom counsel can no longer contact or who have lost interest in pursuing this litigation, so that those identified can be dismissed allowing this litigation to proceed . The Court notes that the case already

---

[2] The Court is aware that since the Defendants filed the April 21, 2009 letter with the Court that Plaintiffs have provided some additional responses and that the numbers represented in Defendants letter may no longer be accurate.

includes a sufficiency of plaintiffs and it is not appropriate for counsel to stall the litigation while efforts to locate previously interested plaintiffs is under way.

**IT IS, THEREFORE ORDERED** that:

(1)    Plaintiffs shall provide complete discovery responses as specified in this Order by **May 1, 2009.**  Failure to provide complete discovery responses within the specified time may result in dismissal of particular plaintiffs;

(2)    To the extent that Plaintiffs' counsel is aware of any parties who can no longer be contacted or who have lost interest in pursuing this litigation, counsel shall so inform the Court so that those identified can be dismissed from this action allowing the matter to move forward.

**SO ORDERED**.

Signed: April 28, 2009

Graham C. Mullen
United States District Judge