**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **MDL DOCKET NO: 3:08-MD-1932**<br>**Judge Graham C. Mullen** |

*Concerning all member cases.*

## AGREED ORDER

The parties, having engaged in several months of negotiations regarding discovery of electronically stored information ("ESI"), hereby agree to and submit this Agreed Order, which the Court hereby determines will govern the production of Family Dollar's ESI.

## I. General Terms

1.    Family Dollar will produce emails pertaining to the Named Plaintiffs, Opt-Ins, and Intervenors (collectively "Plaintiffs"), which were sent to or from their stores during the relevant time period for each such individual, as described specifically below for: (1) Plaintiffs to be deposed in Charlotte; (2) the Grace and Ward cases; and (3) the Pre-Certification cases.

2.    The process to be used is that described by Defendant's consultant, Encore Discovery Solutions. The emails of relevant custodians will be extracted, loaded onto a search tool called Clearwell, culled, and reviewed for privilege.

3.    For custodians who were the Regional Vice Presidents or District Managers of Plaintiffs, the email search will be for all emails directly to or from the Plaintiffs' stores during the

relevant time period. The parties agree that if this initial search yields an unmanageable amount of emails, the following search terms provided by Plaintiffs will be used to further cull the set:

> overtime, hire, termination, opening, closing, promotion, pay, salary, merchandise, merchandising, schedule, payroll, discipline, suspension, interview, counsel, anytime 5, target, shrink, shrinkage, door to shelf, sales, assistant manager, key holder, training, certified training manager, bonus, bonuses, evaluation, loss prevention, risk class, performance review, order, district manager, store visit, vendor, maintenance, repairs, voids, refunds, check acceptance, markup, markdown, asset, store closing, emergency, schematic, beat yesterday, bank deposits, payroll budget, supervise two or more employees, appraising, planning the work, planning and controlling budget, complaint, grievance, transfer employee, loaned employee.

4. For other custodians (those other than Plaintiffs' Regional Vice Presidents or District Managers), search terms will be employed regardless of the number of emails. Emails harvested and searched from any custodians who will be 30(b)(6) deponents will not be limited to emails to and from the Plaintiffs' stores. Rather, they will be limited to the results of the search terms, the relevant time period, and the subjects for which Family Dollar has agreed to produce them.

5. Search term searches will include word stems. Clearwell will also search for other forms of the search terms, and will generate a search result "hit list" that will identify the number of emails that contain those search terms.

6. As set forth more specifically below, Plaintiffs will provide a list of custodians whose emails will be searched utilizing the process identified above. If this list does not include what Family Dollar believes to be all of the relevant custodians, Family Dollar may add custodians, under the provisions in paragraph 18.

7. Emails from the custodians identified in paragraphs 13 and 16, as well as those to be identified by plaintiffs pursuant to paragraph 20, will be the only emails to be harvested, produced,

and/or used in the these cases, other than any bates-stamped hard copy emails timely produced by the parties, or those produced by Family Dollar per paragraph 18.

8.      Family Dollar need not search for emails from any custodian who relates only to Plaintiffs whose claims may be dismissed based on Family Dollar's pending motions.

9.      The emails will be produced to Plaintiffs in two ways. One set of production will be in native format in .pst files on hard drives to each of Plaintiffs' Lead Counsel, which will enable Plaintiffs to examine any metadata. Because this native production cannot be bates labeled, there will be another production set in tiff format, which will bear bates labels. The parties may use only the bates labeled production set as exhibits and/or evidence in these cases, except in instances where the evidence exists in the metadata.

10.     The parties will split evenly the cost of the process for processing, harvesting, searching, and producing emails from custodians requested by Plaintiffs, except for costs associated with Family Dollar's privilege review, and except as set forth in paragraph 18.

## II. Production Of Emails For Depositions Scheduled For The Week Of May 18, 2009

11.     The Parties agree that 8 Plaintiffs' depositions are currently scheduled to proceed in Charlotte, North Carolina the week of May 18, 2009 (Plaintiffs contend that 7 other Plaintiffs' depositions should proceed that week, but that issue is presently before the Court).

12.     In an effort to maintain the schedule relating to the 8 Plaintiffs, the Parties have agreed as follows.

13.     Family Dollar will search for emails from the following custodians identified by Plaintiffs as outlined in paragraphs 1 through 10: Dave Morgan, Bill Broome, Dennis Treemarchi, Sue Fontes, Tim Greene, Cliff Frederick, Amy Treece, Augustus King, Clif Frederick, Ed Dunn, Lori

Campbell, Susie Tubbs, and Tim Davis.

14.     The parties agree that while it appears that production related to these 8 Charlotte Plaintiffs and the custodians identified in paragraph 13 will be complete on May 15, 2009, it is possible that the search for these custodians could result in such a large number of emails (or that other unforeseen complications could arise) such that this production cannot be completed by May 15, 2009.  Family Dollar will give Plaintiffs a status report at the end of the day Tuesday, May 12. If the emails cannot be produced by May 15, the parties will convene by 10:00 am Eastern time on May 13 to try to resolve whether: (1) the Charlotte depositions will postponed; or (2) whether the Charlotte depositions will proceed  without emails, and emails related to those Plaintiffs will not be produced and cannot be used by those Plaintiffs to support their claims (or by Family Dollar) because they will not have been available to Family Dollar for those Plaintiffs' depositions.  If the parties cannot reach a resolution, they will immediately jointly contact the Court and request a quick resolution of the issue.

15.     Due to the short time frame for review and production of these emails, the bates labeled emails in tiff format may follow the native production.  If that is the case, and if any of the non-bates labeled emails are used at Plaintiffs' depositions, the parties agree to supply the court reporter with the bates labeled emails to include with the transcripts.

### III. Email Production Pertaining to the Remainder of the Plaintiffs and Cases

16.     The Plaintiffs and Intervenors in the <u>Grace</u> and <u>Ward</u> cases have identified the following custodians, who will be the only custodians whose email they will request in the <u>Grace</u> and <u>Ward</u> cases: Dave Morgan, Bill Broome, Dennis Treemarchi, Frank Vogt, Michael Canivin, Sue Fontes, Tim Greene, Cliff Frederick, Amy Treece, Dian Newell, Fidel Ramos, Dennis Brewer,

George Flyzik, Barry Sullivan (and any other individual who occupied the position of Senior Vice President of Store Operations during the relevant time period). Emails for those custodians will be searched under the process described in paragraphs 1 through 10 above for production of emails directly to and from Plaintiffs' stores.

17. Encore will promptly identify whether any of the custodians identified in paragraph 16 (whose emails have not already been harvested in connection with the Charlotte depositions) have more than 5 GB of stored email. Family Dollar will transmit this information to Plaintiffs, who will have 24 hours to decide whether they still want to harvest and search those custodians' emails.

18. Family Dollar may search emails of any custodians not identified and requested by Plaintiffs. If it does so, it shall bear the entire cost related to the harvesting, processing and production of said emails, and it need only produce such emails that it intends to offer in defense of this litigation, including depositions.

19. Searches of these custodians identified by Plaintiffs will begin on or before May 18, 2009, and production will occur on a rolling basis, with responsive, non-privileged emails pertaining to any specific witnesses to be produced within one week before that witness is presented for deposition.

**IV. Email Searches Pertaining to Pre-Certification Cases**

20. By May 20, 2009 Plaintiffs must identify for Defendants the custodians whose emails they want Family Dollar to search in the Pre-Certification cases utilizing the process described in paragraphs 1 though 10 above. They will identify these custodians by relevant Plaintiff or Opt-In, other than custodians who will be 30(b)(6) witnesses. Encore will promptly identify whether any of these custodians have more than 5 GB of stored email. Family Dollar will transmit

this information to Plaintiffs, who will have 24 hours to decide whether they still want to harvest and search those custodians' emails.

21.    Family Dollar will commence those searches on or before May 27, 2009 with production to occur on a rolling basis, with responsive, non-privileged emails pertaining to any specific witnesses to be produced within one week before that witness is presented for deposition, and with all such production be completed by July 13, 2009.

**IT IS SO ORDERED.**

Signed: May 12, 2009

Graham C. Mullen
United States District Judge