# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08MD1932-MU

**IN RE FAMILY DOLLAR FLSA LITIGATION**

*Concerning Grace v. Family Dollar Stores, Inc. (3:06-cv-306) and Ward v. Family Dollar Stores, Inc. (3:06-cv-441).*

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs and Intervenors For Failure to Comply With the Court's Order regarding Discovery filed May 4, 2009 (Doc. No. 124); Plaintiffs' Opposition filed May 21, 2009 (Doc. No. 132); and Defendant's Reply filed June 1, 2009 (Doc. No. 137). For the reasons stated in this Order, dismissal is not appropriate at this time. However, Plaintiffs' counsel shall comply with all outstanding discovery specified in this Order within ten (10) days of the date of this Order and is on notice that failure to do so may result in dismissal of those Plaintiffs not in compliance.

By way of the instant motion, Defendant Family Dollar moved to dismiss twenty-nine Plaintiffs and Intervenors for failure to comply with the Court's Scheduling Order and subsequent discovery Order. Plaintiffs' counsel filed a response to the instant motion which indicates that the outstanding discovery has since been provided with the following exceptions: (1) Traci Davis, Deborah J. Hales, Robby Quinton, Brenda S. Rowland and Crestilie Bauman have not provided discovery responses due to the fact that Plaintiffs' counsel has been unable to locate these individuals

due to the their moving and not providing a forwarding address.[1] (2) Linda Herring, Cynthia McVeigh, Doris Ness and John Widdicombe are all "in the process" of sending in their verified interrogatory responses; (3) LaSandra B. Rose is "in the process' of sending in her ESI Disclosures; and (4) Ike Garza and Irish Johnson Houston have not signed their Declaration page of their Interrogatory Response but have served responses to both interrogatories and responses. Further, Defendant's Reply indicates that at least with respect to thirteen Plaintiff/Intervenors,[2] Plaintiff has not complied with this Court's directive to provide individualized verified interrogatory responses. Instead, Defendant contends that Plaintiff's counsel has, in many instances, simply recycled the standard responses and added the individual Plaintiff's name and title and included a signed verification page. Specifically, and by way of example, Defendants cites to Interrogatory Numbers 5, 6, 8 11 and 13 which would require a different response from each individual. However, the responses received show that most of these simply repeated the answers contained in the standardized responses. However, the Court notes that whether, and to what extent, each of these Plaintiffs performed the management duties about which Defendant inquired goes to the heart of the exemption defense and as such individualized responses are necessary.[3]

Plaintiffs' counsel's Memorandum in Opposition clearly attempts to minimize his admitted failure to timely respond to discovery deadlines in this case. Instead, his tone is one of "no harm no

---

[1] Plaintiffs' counsel requests additional time to locate these individuals and agrees that dismissal would be appropriate if they cannot be located within a reasonable time.

[2] Melvin Cathey; Mark Clark; Sharron Daugherty; John Gertken; Dusty Hylton; LaSandra Rose; Crestlie Bauman; Howard Farmer; Ike Garza; Jimmy Ray Guinn; Timothy Hill; Irish Johnson Houston; and Dorothy Hudson Meadows.

[3] Moreover, as Plaintiffs are aware, individualized responses are necessary because this is not a collective action case.

foul" since he claims to now be substantially in compliance with the outstanding discovery at issue. Indeed, counsel even questions whether this court has the authority to dismiss the Plaintiffs at this juncture stating that dismissal and other discovery sanctions cannot be entered until after an order compelling a response by a date certain pursuant to Rule 37(b).

Let this Court be perfectly clear that the record reflects that Plaintiffs' counsel has already been directed in several Orders to comply with discovery deadlines. To begin, this Court entered an amended scheduling Order on March 4, 2009 setting forth the various deadlines in this case including those for discovery. (Doc. No. 107). Next, on April 28, 2009, in response to a discovery dispute brought to the Court's attention by Defendant's counsel, this Court specifically directed Plaintiffs to provide complete discovery responses, as specified in the Order, by May 1, 2009[4] (Doc. No. 117). On May 12, 2009, the undersigned allowed Defendant's counsel to choose whether to proceed with seven scheduled depositions in light of Plaintiffs' counsel's failure to provide full, timely discovery responses. (Doc. No. 129). Indeed, in that Order, the Court specifically "cautioned Plaintiffs' counsel that the Court will not tolerate continued piecemeal discovery and flagrant disregard for the deadlines imposed by this Court." (Doc. No. 129). Therefore the record is quite clear, that several Orders have been entered regarding discovery. Moreover, the Court's April 28, 2009 Order directed that discovery be provided by a date certain – that being May 1, 2009. Finally, this Order will serve as a second Order directing discovery be provided by a date certain – that being ten (10) days from the date of this Order. Therefore, consistent with the standard treatise on federal civil procedure, cited by Plaintiffs' counsel, sanctions are an available remedy to this Court. 7

---

[4] This Order included a directive that Plaintiffs' counsel provide individualized interrogatory responses, which, it appears at least in some instances, has not happened.

Moore's Federal Practice § 37.40 (Matthew Bender 3rd Ed.). Next, with respect to Plaintiffs' counsel's argument that Defendant's previous letters to the Court describing discovery disputes have not been filed as formal motions and as such should not considered as a motion seeking an order compelling interrogatory answers. The Court has already addressed this concern in a previous Order and stated that it is the Court's preference, and indeed the Court's instruction, that discovery disputes be submitted to the court informally so as to be dealt with as rapidly as possible and to avoid any delays to this litigation. [5]

While the record is clear that Plaintiffs' counsel has failed to timely provide discovery as outlined in this Order, the Court declines, at this time, to grant Defendant's Motion to Dismiss. However, Plaintiff's counsel is on notice that failure to comply with this Order may result in dismissal.

**IT IS THEREFORE ORDERED THAT:**

(1) Defendant's Motion to Dismiss is DENIED (Doc. No. 124);

(2) Plaintiffs' counsel is directed to provide the following within ten (10) days of the date of this Order:

(a) The outstanding discovery for the five Plaintiffs/Intervenors that counsel concedes he has been unable to locate given their moving and not providing a forwarding address. The Court notes that Plaintiffs, as parties bringing this lawsuit, have an obligation to keep counsel informed of any forwarding address. Therefore, Traci Davis; Deborah J. Hales; Robby Quinton; Brenda S.

---

[5] See Doc. No. 117, n.1.

Rowland and Crestilie Bauman shall provide full and complete discovery responses within ten (10) days or they will be dismissed from this case;

(b) Linda Herring, Cynthia McVeigh, Doris Ness and John Widdicombe who are all "in the process" of sending in their verified interrogatory responses shall provide such responses within ten (10) days or they will be dismissed from this case;

(c) LaSandra B. Rose who is "in the process' of sending in her ESI Disclosures, shall provide such discovery within ten (10) days or she will be dismissed from this case;

(d) Ike Garza and Irish Johnson Houston shall provide the Defendant with their signed Declaration page of their Interrogatory Response within ten (10) days or risk being dismissed from this action. Counsel's suggestion that Defendant's counsel simply have Mr. Garza and Ms. Johnson provide the verifications at their depositions is NOT acceptable. It is not the responsibility of Defendant's counsel to secure the discovery of any plaintiff;

(e) Melvin Cathey; Mark Clark; Sharron Daugherty; John Gertken; Dusty Hylton; LaSandra Rose; Crestlie Bauman; Howard Farmer; Ike Garza; Jimmy Ray Guinn; Timothy Hill; Irish Johnson Houston; and Dorothy Hudson Meadows shall supplement their individualized verified interrogatory responses within ten (10) days of the date of this Order such that their responses are "individualized" and not a recycled version of the standard responses previously served. Failure to do so within ten (10) days may result in dismissal from this action. Individualized responses mean that the answers to the Interrogatories must be specific to the particular Plaintiff. To be clear Melvin Cathey; Sharron Daugherty; Dusty Hylton; LaSandra Rose; Crestlie Bauman; Howard Farmer;

Jimmy Ray Guinn; Timothy Hill; and Dorothy Hudson Meadows shall provide individualized responses to interrogatories 5,6,8,11, and 13. Mark Clark and John Gertken shall provide individualized responses to Interrogatories 5,6,8 and 11. Ike Garza shall provide individualized responses to Interrogatories 5,6 and 11. Irish Johnson Houston shall provide individualized response to Interrogatories 6,8,11 and 13.

(f) To the extent not otherwise specified in this Order, Plaintiffs shall provide all outstanding discovery for the twenty-nine Plaintiffs and Intervenors identified in Defendant's Motion to Dismiss. All such discovery shall be provided within ten (10) days from the date of this Order.

(3) Plaintiffs' counsel is on notice that this is the second Order compelling discovery by a date certain and are on notice of the "drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid the sanction." Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 35, 40 (4th Cir. 1995).

**SO ORDERED**.

Signed: June 2, 2009

Graham C. Mullen
United States District Judge