# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:08 MD 1932

| | |
|---|---|
| IN RE FAMILY DOLLAR FLSA LITIGATION | )<br>)<br>)<br>)<br>) **ORDER**<br>) |
| Concerning *Grace v. Family Dollar Stores*, Inc., No. 3:06-cv-306; *Ward v. Family Dollar Stores, Inc.*, No. 3:06-cv-441; *Fowler v. Family Dollar Stores, Inc. and Family Dollar Stores of Ohio, Inc.*; No. 3:07-cv-316; and *Avirett v. Family Dollar Stores, Inc.*, No. 3:2008-cv-1937 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the court on Defendant's Motion for Summary Judgment (Doc. No. 119); and Memorandum in Support (Doc. No. 120); Plaintiffs' Response in Opposition (Doc. No. 131); and Defendant's Reply (Doc. No. 136). For the reasons set forth below, the motion is **GRANTED.**

## FACTS

The facts, viewed in the light most favorable to the Plaintiffs, Irish Johnson Houston ("Houston"), Sandra Roper ("Roper"), Kevin Jones ("Jones"), Andrew Avirett ("Avirett"), and Mary Lou DeFoor ("DeFoor") are as follows. Each of the Plaintiffs had a pending bankruptsy claim while they had active claims against Family Dollar.

Houston and DeFoor[1] filed for bankruptcy after they had opted into litigation against Defendant Family Dollar Stores, Inc. ("Defendant" or "Family Dollar"). Houston opted into *Ward v. Family Dollar Stores, Inc.* on June 22, 2006. (Motion for Summary Judgment Ex. 1). She petitioned for Chapter 13 bankruptcy on January 29, 2009 (Motion for Summary Judgment Ex. 2), and the matter is still pending, though the court conditionally affirmed her Chapter 13 plan. (Motion for Summary Judgment Ex. 7). DeFoor opted into *Grace v. Family Dollar Stores, Inc.*, on February 6, 2007. (Motion for Summary Judgment Ex. 17). She petitioned for Chapter 13 bankruptcy on February 28, 2009 (Motion for Summary Judgment Ex. 18), and the matter is still pending. (Motion for Summary Judgment Ex. 19).

Roper, Jones, and Avirett[2] filed for bankruptcy before they had opted into this litigation and did not amend their bankruptcy schedule to include the claims in the lawsuit. Roper petitioned for Chapter 13 bankruptcy on January 10, 2005. (Motion for Summary Judgment Exs. 4, 5). She opted into *Ward v. Family Dollar Store Inc.*, on July 11, 2006. (Motion for Summary Judgment Ex. 6). On February 12, 2008, the bankruptcy court issued an order discharging Roper's debts. (Motion for Summary Judgment Ex. 7). Jones filed his petition for Chapter 7 bankruptcy on September 16, 2006. (Motion for Summary Judgment Exs. 8-10). He opted into *Fowler v. Family Dollar Stores, Inc.* and Family Dollar Stores of Ohio Inc. on April 16, 2007. (Motion for Summary Judgment Ex. 11). His debt was discharged on October 26, 2007. (Motion for Summary Judgment Ex. 12). Avirett filed for Chapter 7 bankruptcy on November 29, 2007. (Motion for Summary Judgment Exs.

---

[1] DeFoor's bankruptcy claim is still pending.
[2] Defendant alleges in the facts that Avirett filed for bankruptcy before he filed his lawsuit. The Plaintiff's attorney does not dispute this fact.

13-14). He filed his lawsuit, *Avirett v. Family Dollar Stores Inc.*, on January 17, 2008 and filed an opt-in consent form in that case on December 9, 2008. (Motion for Summary Judgment Ex. 15). The bankruptcy court discharged his debts on March 19, 2008. (Motion for Summary Judgment Ex. 19).

None of the Plaintiffs disclosed their claims against Family Dollar in their bankruptcy filings, either initially or as an amendment. The Plaintiffs did not list their cases against Family Dollar in response to the question on the Statement of Financial Affairs, which asked them to identify "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the commencement of this case." *See* Motion for Summary Judgment Ex. 3 at 36, Ex. 4 at 31, Ex. 8 at 22, Ex. 13 at 14, Ex. 18 at 28.

## DISCUSSION

**A. Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met the initial burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323. A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to Rule 56(e), after "a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading," rather "the

adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. C. P. 56(e); *Anderson*, 477 U.S. at 250. This is particularly important where the nonmoving party bears the burden of proof. *Hughes v. Bedsole*, 48 F.3d. 1376, 1381 (4th Cir. 1995). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff. *Id.* at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

When considering summary judgment motions, courts must view the facts in the light most favorable to the party opposing the motion. *Austin v. Clark Equip. Co.*, 48 F.3d 833, 835 (4th Cir. 1995). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted). However, in reviewing the whole record, the Court must remember to "disregard all evidence favorable to the moving party that the jury is not required to believe" and, therefore, only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that [the] evidence comes from disinterested witnesses." *Reeves*, 530 U.S. at 151.

**B. Judicial Estoppel**

    **1. Judicial Estoppel bars the claims of Houston, Roper, Jones, and Avirett.** [3]

The failure of Houston, Roper, Jones, and Avirett to disclose their claims in this lawsuit as an asset bars them from pursuing their claims in this case under the doctrine of judicial estoppel. Courts within the Fourth Circuit have explicitly held that a plaintiff's failure to list a claim on his or her bankruptcy schedule of assets, either initially or through an amendment, judicially estops the plaintiff from pursuing such undisclosed claims in a lawsuit. *See, e.g.*, *Brockington v. Jones*, No. 4:05-3267, 2007 WL 4812205 at *4 (D.S.C. Nov. 28, 2007) ("District Courts within the Fourth Circuit have applied the doctrine of judicial estoppel to bar plaintiffs from pursuing claims that were not disclosed to the bankruptcy court during bankruptcy proceedings.") (citing *Thomas v. Palmettor Management Services*, No. 3:05-cv-17-CMC-BM, 2006 WL 2623917 (D.S.C. Sept. 11, 2006); *Casto v. American Union Boiler Co. of West Virginia*, No. 2:05-cv-757, 2006 WL 660458 (S.D. W.Va. March 14, 2006).

The Fourth Circuit has held that judicial estoppel applies when: (1) the party to be estopped is advancing an assertion that is inconsistent with a position taken during previous litigation, (2) the position is one of fact instead of law; (3) the prior position was accepted by the court in the first proceeding; and (4) the party to be estopped has acted intentionally and not inadvertently. *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998). Here, all four of these elements exist.

---

[3] Plaintiff DeFoor is not barred by judicial estoppel because her debt has not been discharged and the court has not approved her plan.

First, Plaintiff's position in this case (*i.e.*, they have a valid cause of action against Family Dollar) is a factual assertion that is wholly inconsistent with their prior position during the bankruptcy proceedings. Their position during those proceedings was that they had no contingent or unliquidated claims. As such, the first two elements of the Fourth Circuit's judicial estoppel test have been met. *See Brockington* at *4 (citing *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) ("A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed.")). The third element of the judicial estoppel test is satisfied in that Plaintiff's prior positions were accepted by the bankruptcy courts in their respective proceedings. *See Brockington*, *supra*, at *4 (quoting *Jethroe v. Omnova Solutions, Inc.* 412 F.3d 598, 600 (5th Cir. 2005) ("The second element of the judicial estoppel test, acceptance by the bankruptcy court is also satisfied [since] [t]hat court certainly confirmed [the plaintiff's] plan at least in part based on its assessment of her assets and liabilities.")). As the *Brockington* court recognized, the bankruptcy courts' mere confirmation of Plaintiffs' plans—even short of an actual discharge of debts—satisfies the acceptance element of the judicial estoppel test. *See also Ferguson v. Bldg. Materials Corp. of America*, CPC, 276 S.W.3d 45, 52 (Tex. App. 2008) (in rejecting Plaintiffs' argument that the bankruptcy court never accepted their prior position because "their debts were not discharged," the court, citing *Jethroe*, stated, "The Fifth Circuit has determined that the [acceptance] element of judicial estoppel is satisfied when a bankruptcy court confirms a plan" in the bankruptcy proceeding.). Here, the bankruptcy courts discharged the debts of Roper, Jones, and Avirett. *See* Motion for Summary Judgment Exs. 7, 12, and 16. The bankruptcy court has conditionally confirmed Houston's bankruptcy plan. *See* Motion for Summary Judgment Ex. 3. Thus, in each of their cases, the

bankruptcy courts have accepted the Plaintiffs' positions, namely, that they do not have an existing claim against Family Dollar.

Finally, the fourth element of the judicial estoppel test has been met because Plaintiffs acted intentionally when they failed to disclose the present action to their respective bankruptcy courts. A plaintiff's failure to disclose can only be deemed "inadvertent," when the "debtor lacks knowledge of the undisclosed claims or has no motive for their concealment." *Brockington, supra*, at *4. Here, Plaintiffs have (1) knowledge of their claims against Family Dollar and (2) motive for their concealment. First, Plaintiffs are the ones bringing these claims against Family Dollar, concluding knowledge of their claims. Second, Plaintiffs had motive to conceal these claims from the bankruptcy court since proper disclosure would certainly result in less favorable payment plans. *Id.* ("Furthermore, Plaintiff had motive to fail to disclose the claims to the bankruptcy court as proper disclosure could have increased the amount of her assets, resulting in less favorable Chapter 13 payment plans.") *See also In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) ("The [plaintiffs] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors.").

**2. Roper, Jones, and Avirett failed to amend their bankruptcy schedules as they were required to do.**

Plaintiff argues that judicial estoppel does not bar the three plaintiffs who opted into the collective action after filing their bankruptcy petition—Roper, Jones, and Avirett. Plaintiffs allege that the fourth element of the judicial estoppel test has not been satisfied because they

acted inadvertently by not identifying their claims against Family Dollar in their bankruptcy filings. Plaintiffs attempt to demonstrate inadvertence by asserting the chronology of filing for bankruptcy before opting into litigation. In *Hamilton v. State Farm Fire & Cas. Co.*, the Ninth Circuit stated, "The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceedings." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001). *See also Trucks Ins.Co. v. Superior Court,* 2002 WL 1904442, *5 (Cal. App. 2 Dist. 2002). The court also stated, "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to indentify the cause of action as a contingent asset." *Id.* at 784. Roper, Jones, and Avirett had knowledge of their claims against Family Dollar when they filed their opt-in consent forms. Roper, Jones, and Avirett were required to amend their respective bankruptcy schedules as needed and neglected to do so. Furthermore, Roper, Jones, and Avirett recognized their obligation to amend their bankruptcy schedules as needed. Indeed, all three amended, in part, their bankruptcy schedules during their respective bankruptcy proceedings. *See* Motion for Summary Judgment Exs. 5, 9, and 14.

**C. DeFoor lacks standing to pursue her claim against Family Dollar**

The court will address Defendant's standing argument with respect to Plaintiff DeFoor only because the court has concluded that the other Plaintiff's claims have been barred by judicial estoppel. Defendant alleges that DeFoor lacks standing to pursue her claim in his case and such claim should be dismissed. The Fourth Circuit has held, a debtor's pre-petition causes of action

8

are the property of the bankruptcy estate. *In re Richman*, 104 F.3d 654, 657 (4th Cir. 1997) ("A trustee is the representative of the bankrupt's estate and has the capacity to sue or be sued.") *See also Gardner v. Tyson*, 218 B.R. 338, 342 (Bankr. E.D. Pa. 1998). ("[T]he Trustee's status as representative of the estate requires that he be the party suing to assert any pre-petition causes of action asserted by Chapter 13 debtors."); *Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E.D. Mo. 1996) ("[T]he bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor for purposes of asserting or maintaining the debtor's causes of action.") Therefore, Defendant alleges that because DeFoor seeks back wages for work performed as a Store manager prior to their respective bankruptcy petitions, such claims are the property of the bankruptcy estate, and only the trustee of their respective bankruptcy estates have standing to pursue such claims. *In re Richman*, 104 F.3d at 657. The bankruptcy trustees in the Plaintiff's cases have not intervened in this matter and, therefore, Family Dollar requests that this court dismiss DeFoor's claim.

DeFoor opted into *Grace v. Family Dollar Stores, Inc.*, on February 6, 2007. She petitioned for Chapter 13 bankruptcy two years later on February 28, 2009. Therefore, DeFoor had standing at the time she opted into *Grace v. Family Dollar Stores, Inc.* However, *Jones v. Harrell*, indicates that the trustee in bankruptcy succeeds to all causes of action held by the debtor and the debtor lacks standing to pursue those causes of action. 858 F.2d 667, 669 (11th Cir. 1998). Therefore, it appears that DeFoor lacks standing in this case and is therefore dismissed.

## CONCLUSION

Family Dollar is therefore entitled to judgment as a matter of law.

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs Houston, Roper, Jones, Avirett and DeFoor are dismissed.

**SO ORDERED**.

Signed: June 19, 2009

Graham C. Mullen
United States District Judge