

Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

Amy Schaefer Ramsey
312.795.3238 direct
312.372.5520 main
312.602.3881 fax
aramsey@littler.com

June 18, 2009

**VIA FACSIMILE AND FEDERAL EXPRESS**

Judge Graham C. Mullen
United States District Court for the
Western District of North Carolina
230 Charles R. Jonas Federal Bldg.
401 West Trade St.
Charlotte, North Carolina 28202

Re:    In re Family Dollar FLSA Litigation; No. 3:08-MD-1932

Dear Judge Mullen:

The purpose of this letter is twofold. First, Family Dollar wishes to advise the Court of Plaintiffs' failure to comply with the Court's June 2, 2009 Order requiring 29 Plaintiffs to comply with all outstanding discovery as specified in the Order within ten days of the date of the Order or be subject to appropriate sanctions. (Doc. No. 140). Second, Family Dollar seeks the Court's assistance in compelling certain Plaintiffs to provide complete discovery responses within seven (7) calendar days. If the Plaintiffs fail to do so, Family Dollar would request this Court to dismiss their claims with prejudice, upon the appropriate motion by Family Dollar.

### A.    Compelled Discovery Responses

Pursuant to the Court's Scheduling Order dated March 4, 2009 (Doc. No. 107), the parties have been focusing their efforts on discovery pertaining to the Named Plaintiffs and Intervenors in the Grace and Ward cases. There are 4 Named Plaintiffs and 65 Intervenors in total.[1]

Family Dollar served interrogatories and requests for production upon the Intervenors on March 3, 2009. Plaintiffs' responses were due on April 6, 2009. Plaintiffs requested an extension until April 10, 2009, and Family Dollar agreed. On April 21, Family Dollar notified the Court of Plaintiffs' failure to: (1) respond to written discovery; (2) comply with the Court's Order requiring Plaintiffs to disclose potential sources of electronically stored information ("ESI"); and (3) serve initial disclosures. On April 28, 2009, the Court ordered Plaintiffs to provide complete discovery responses as specified in the Order by May 1, 2009 and to the

---

[1] Plaintiffs have notified Family Dollar that Lynnia Marion, Robby Quinton, Traci Davis, Jimmy Earl Gilbert, and Nannie Sue Daniels will no longer be participating in this litigation. Thus, they are not subject to this letter, despite having failed to respond to discovery.

extent Plaintiffs' Counsel can no longer contact parties or a party has lost interest in pursuing this litigation, counsel should inform the Court accordingly so that those individuals could be dismissed. (Doc. No. 117). On May 4, 2009, Family Dollar filed a Motion to Dismiss 29 Plaintiffs and Intervenors for their failure to comply with the Court's April 28, 2009 Order. (Doc. No. 124). In the Court's May 12, 2009 Order, the Judge "cautioned Plaintiffs that the Court will not tolerate continued piecemeal discovery and flagrant disregard for the deadlines imposed by this Court." (Doc. No. 129). On June 2, 2009, the Court ordered in relevant part:

> (a)     Traci Davis, Deborah J. Hales, Robby Quinton, Brenda S. Rowland and Crestlie Bauman shall provide full and complete discovery responses within ten (10) days or they will be dismissed from this case,

> (b)     Linda Herring, Cynthia McVeigh, Doris Ness and John Widdicombe, who are all "in the process" of sending their verified interrogatory responses, shall provide such responses within ten (10) days or they will be dismissed from this case, and

> (e)     Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Dusty Hylton, LaSandra Rose, Crestlie Bauman, Howard Farmer, Ike Garza, Jimmy Ray Guinn, Timothy Hill, Irish Johnson Houston, and Dorothy Hudson Meadows shall supplement their individualized verified interrogatory responses within ten (10) days of the date of this Order such that their responses are "individualized" and not a recycled version of the standard responses previously served.    Individualized responses mean that the answers to the interrogatories must be specific to the particular Plaintiff. To be clear, Melvin Cathey, Sharron Daugherty, Dusty Hylton, LaSandra Rose, Crestlie Bauman, Howard Farmer, Jimmy Ray Guinn, Timothy Hill, and Dorothy Hudson Meadows shall provide individualized responses to Interrogatories 5, 6, 8, 11, and 13. Mark Clark and John Gertken shall provide individualized responses to Interrogatories 5, 6, 8, and 11. Ike Garza shall provide individualized responses to Interrogatories 5, 6, and 11. Irish Johnson Houston shall provide individualized responses to Interrogatories 6, 8, 11, and 13. (Doc. No. 140).

## B.    Deficiencies Remaining

Plaintiffs have inexcusably failed to comply with the Court's Order in several respects. First, as noted above, paragraph (a) ordered that Deborah J. Hales, Brenda S. Rowland and Crestlie Bauman shall provide full and complete discovery responses within ten (10) days of the Court's June 2, 2009 Order or they will be dismissed from this case. To date, Family Dollar has not received full and complete discovery responses from Deborah Hales, Brenda S. Rowland, or Crestlie Bauman. The Court noted that Plaintiffs' Counsel has been unable to locate these individuals because they have moved and did not provide a forwarding address. Plaintiffs' Counsel has had sufficient time to attempt to locate these individuals, and have failed to do so. In fact, Family Dollar received a letter from Plaintiffs' Counsel dated June 16,

2009 that stated they have been unable to locate Deborah Hales, Brenda Rowland, and Crestlie Bauman. (Exhibit A).[2] These individuals must be dismissed.

In paragraph (b) above, the Court ordered that Linda Herring, Cynthia McVeigh, Doris Ness and John Widdicombe must provide verified interrogatory responses within ten (10) days or they will be dismissed from this case. To date, despite representations to the Court that these individuals are "in the process" of sending their verified interrogatory responses, Family Dollar has not received verified interrogatory responses from Cynthia McVeigh, Doris Ness, or John Widdicombe. The June 16, 2009 letter from Plaintiffs' Counsel also states that Linda Herring, Cynthia McVeigh, Doris Ness, and John Widdicombe have not provided their interrogatory responses or declaration pages. (*See id.*). These individuals must be dismissed.

In paragraph (e), the Court ordered Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Dusty Hylton, LaSandra Rose, Crestlie Bauman, Howard Farmer, Ike Garza, Jimmy Ray Guinn, Timothy Hill, Irish Johnson Houston, and Dorothy Hudson Meadows to supplement their individualized verified interrogatory responses within ten (10) days of the date of the Order such that their responses are "individualized" and not a recycled version of the standard responses previously served. Specifically, Melvin Cathey, Sharron Daugherty, Dusty Hylton, LaSandra Rose, Crestlie Bauman, Howard Farmer, Jimmy Ray Guinn, Timothy Hill, and Dorothy Hudson Meadows were ordered to provide individualized responses to Interrogatories 5, 6, 8, 11, and 13. Mark Clark and John Gertken were ordered to provide individualized responses to Interrogatories 5, 6, 8, and 11. Ike Garza was ordered to provide individualized responses to Interrogatories 5, 6, and 11. Irish Johnson Houston was ordered provide individualized responses to Interrogatories 6, 8, 11, and 13.

Family Dollar has received Amended Responses from each of the individuals listed in paragraph (e), with the exception of Crestlie Bauman. The Court specifically ordered Plaintiffs to provide individualized responses—not standard responses that are common to each Plaintiff. Plaintiffs failed to comply with that order. Rather, they deviated from their previous boilerplate answers only to create new boilerplate answers that are merely copied and pasted for each of the Plaintiffs as described below.[3]

Interrogatory 5 - Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill, and Dorothy Hudson Meadows each provided an identical response.

---

[2] The Exhibits hereto will not be sent via facsimile but will be sent by Federal Express.

[3] Family Dollar has attached a copy of Melvin Cathey's Amended Interrogatory Responses as Exhibit B, so that the Court may review Plaintiffs' responses. Family Dollar will gladly forward on the Amended Responses of the remaining Plaintiffs identified in this section if the Court wishes to review those as well.

Interrogatory No. 6 - Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill, and Dorothy Hudson Meadows each provided an identical response.

Interrogatory No. 8 - Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill, Irish Johnson Houston, and Dorothy Hudson Meadows each provided an identical response.

Interrogatory No. 11 - Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill, Irish Johnson Houston, and Dorothy Hudson Meadows each provided an identical response.

Interrogatory No. 13 - Melvin Cathey, Sharron Daugherty, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill, Irish Johnson Houston, and Dorothy Hudson Meadows each provided an identical response.

This duplication of identical answers was unacceptable when Plaintiffs did it the first time, and substituting the old standard answer for a new one is surely not what the Court contemplated when it ordered the Plaintiffs to provide "individualized" answers.

### C.     Additional Discovery Deficiencies

In addition to those discovery deficiencies described above, I also write to inform the Court of Plaintiffs' failure to fully respond to other discovery requests. Defendant would like to draw the Court's attention to three specific requests that have not been satisfied, which in combination, were designed to elicit complete information about where each of the Plaintiffs applied for employment and obtained employment, either during or after they worked as Family Dollar Store Managers, and how they described their duties and responsibilities at Family Dollar.

There are two categories of Plaintiffs described in this section. First, are those Plaintiffs that were subject to Defendant's Motion to Dismiss, and were ordered that "[t]o the extent not otherwise specified in the Order, Plaintiffs shall provide all outstanding discovery for the twenty-nine Plaintiffs and Intervenors identified in Defendant's Motion to Dismiss. All such discovery shall be provided within ten (10) days from the date of this Order." These individuals are denoted by an asterisk (*) for the Court's convenience, and should be dismissed for failure to comply with the Court's June 2, 2009 Order. The second set of Plaintiffs are those not subject to the Motion to Dismiss and should be compelled to respond within seven (7) calendar days.

Request for Production No. 13 seeks, "Any and all job applications, resumes, curriculum vitae, and other similar documents you have completed during the time period that you contend is relevant to the action through the present." This request is relevant because it will likely contain a description of Plaintiffs' duties as Store Managers at Family Dollar. The following

individuals have completely failed to either provide the document(s) requested or confirm that such document(s) do exist.

1. Jewel Ray Belford
2. Susan E. Brown
3. Monica J. Dance
4. Betty J. Dearmon
5. Mary Lou DeFoor
6. Amanda Echols
7. Jodi Hare
8. Erica L. Lewis
9. Margie A. Little
10. Austin S. Mudenda
11. Sandra Diane Rhinehart
12. Marcella SanGiorgio
13. Gwen K. Sinns
14. Eddie Mae Smith
15. Iva v. Tate
16. Tanya Lakitsha Warren
17. Darrell D. Baker
18. Dorothy Harson
19. Sandra D. Roper
20. Sharon Phillips Bell*
21. Brenda Bilbrey*
22. Ethel Braswell*
23. Melvin Cathey*
24. Mark Clark*
25. Sharron Daugherty*
26. Phillis Fancher*
27. John A. Gertkin III*
28. Deborah J. Hales*
29. Linda Herring*
30. Dusty Hylton*
31. Cynthia McVeigh*
32. Doris Ness*
33. LaSandra B. Rose*
34. Brenda S. Rowland*
35. Nancy Smith*
36. John Widdicombe*
37. Crestlie Bauman*
38. Howard G. Farmer*
39. Ike Garza*
40. Jimmy Ray Guinn*

41. Timothy M. Hill*
42. Irish Johnson Houston*
43. Dorothy Hudson Meadows*
44. Phillip Mitchell*
45. Barbara Tucker*
46. Shawn Eric Ward*

Request for Production No. 18 seeks the Plaintiffs' complete tax returns, including W-2s, schedules, and other attachments, from three years prior to the filing of Plaintiffs' opt-in consent forms to the present. This information is essential for Defendant to identify and confirm post Family Dollar employment, if applicable, and subpoena relevant employment records for these employers. The following individuals did not produce any documents or provide information explaining why they cannot produce the requested documents:

1. Jewel Ray Belford
2. Susan E. Brown
3. Angela J. Cooper
4. Monica J. Dance
5. Betty J. Dearmon
6. Mary Lou DeFoor
7. Jodi Hare
8. Erica L. Lewis
9. Austin S. Mudenda
10. Sandra Diane Rhinehart
11. Marcella SanGiorgio
12. Gwen K. Sinns
13. Tanya Lakitsha Warren
14. Darrell D. Baker
15. Sandra D. Roper
16. Sharon Phillips Bell*
17. Brenda Bilbrey*
18. Ethel Braswell*
19. Melvin Cathey*
20. Mark Clark*
21. Sharron Daugherty*
22. Phillis Fancher*
23. John A. Gertkin III*
24. Deborah J. Hales*
25. Linda Herring*
26. Dusty Hylton*
27. Cynthia McVeigh*
28. Doris Ness*
29. LaSandra B. Rose*

30. Brenda S. Rowland*
31. John Widdicombe*
32. Crestlie Bauman*
33. Howard G. Farmer*
34. Ike Garza*
35. Jimmy Ray Guinn*
36. Timothy M. Hill*
37. Dorothy Hudson Meadows*
38. Phillip Mitchell*
39. Barbara Tucker*
40. Shawn Eric Ward*

The following individuals partially responded to Defendant's request; however, their responses are deficient, as described below:[4]

1. Arlene Atkins- Failed to produce W-2 forms for 2001, 2003-2008 and tax returns for 2002 and 2008.
2. Alfred Blair- Failed to produce W-2 forms for 2004-2008.
3. Nancy Burnette- Failed to produce tax returns for 2004-2008 and W-2 forms for 2004-2006.
4. Mamie Conway- Failed to produce tax returns for 2003-2005 and W-2 forms for 2003-2008.
5. Rickie Rowell- Failed to produce W-2 forms for 2003-2008.
6. Clair Trost- Failed to produce W-2 forms for 2004-2008.
7. Nancy Smith*- produced only portions of her tax returns and not complete returns.
8. Irish Houston Johnson*- Failed to produce a tax return for 2005 and W-2 forms for 2003-2008.

Interrogatory No. 20 requires Plaintiffs to identify (with name, address and phone number) everywhere they have sought employment either during or after working as a Family Dollar Store Manager. This request is relevant because it will allow Family Dollar to subpoena employment records from the identified entities in order to determine what, if any, duties they claim to have performed for Family Dollar. The following Plaintiffs failed to respond to this request:

1. Tammy Asher
2. Nancy Burnette

---

[4] Family Dollar acknowledges its agreement on May 14, 2009 to accept only tax returns for the years after Plaintiffs terminated employment with Family Dollar, if they had no other employment while working as Family Dollar Store Managers. Family Dollar does not have information regarding whether these Plaintiffs held additional employment while working as Family Dollar Store Managers, and therefore, the deficiencies described herein are not ameliorated by the May 14, 2009 agreement.

3. Mary Lou DeFoor
4. Mamie Conway
5. Angela V. Giliberti
6. Sally Villanueva
7. Dorothy Ann Wilson
8. Sharron Daugherty*
9. Deborah Hales*
10. Linda Herring*
11. Cynthia McVeigh*
12. Doris Ness*
13. Brenda Rowland*
14. John Widdicombe*
15. Howard Farmer*
16. Ike Garza*
17. Jimmy Ray Guinn*

The following individuals gave the following non-responsive answers, and have failed to supplement their answers with responsive information.[5]

1. Dorothy Ann Wilson- "Left disabled after my employment with Family Dollar and the company asked me to resign."
2. Dorothy Harson- "Left disabled after my employment with Family Dollar and the company asked me to resign."
3. Sandra Roper- "None with Family Dollar."
4. Austin Mudenda - provided name of employer but no address and does not identify the position held.
5. Todd Hargrove- stated that he applied for unemployment but was denied—does not describe efforts to secure employment.
6. Eddie Mae Smith- did not provide employer's address or dates of employment.
7. Angela Giliberti- did not respond with respect to time period 2007 to the present.
8. John A. Gertken* - did not provide addresses for employers.
9. LaSandra Rose* - stated that she was employed by a daycare but did not provide its name or address.
10. Irish Johnson Houston* - "None with Family Dollar."
11. Dorothy Hudson Meadows* - "None with Family Dollar."
12. Timothy Hill* - "Left disabled after my employment with Family Dollar and the company asked me to resign."
13. Crestlie Bauman* - "Left disabled after my employment with Family Dollar and the company asked me to resign."

---

[5] In many instances, Plaintiffs have not provided complete information, such as the address or location of an employing entity. To the extent Family Dollar has been able to identify an employer, through its own efforts, it has not listed those responses as deficient.

14. Brenda Bilbrey*, Ethel Braswell*, and Barbara Tucker* claim that they have not applied for employment anywhere since they held Store Manager positions with Family Dollar, notwithstanding that they left Family Dollar years ago.

### D. Family Dollar's Attempts to Confer with Plaintiffs

Family Dollar sent Plaintiffs' lead counsel, Greg Wiggins and Robert DeRose, a letter detailing these and other deficient discovery responses on April 24, 2009, asking Plaintiffs to call and arrange a discovery conference by April 28. (Exhibit C). Counsel for the parties held a discovery conference on May 1, 2009, at which time it was explained to Mr. Wiggins the importance of the requests described above. During this conference, Mr. Wiggins did not articulate any objections to providing complete responses to Family Dollar's Request for Production numbers 13 and 18 and/or Interrogatory number 20.

On May 11, 2009, Family Dollar sent another letter to Mr. DeRose and Mr. Wiggins reminding Plaintiffs of the April 24, 2009 letter and discovery conference held on May 1, 2009. (Exhibit D). In this May 11, 2009 letter, Family Dollar explained the specific deficiencies in Plaintiffs' responses to Family Dollar's Request for Production numbers 13 and 18 and Interrogatory number 20 as it related to the 41 individuals not subject to Family Dollar's Motion to Dismiss, and requested that Plaintiffs supplement their deficient responses with complete responses by May 13 for the individuals to be deposed the week of May 18 and the remaining responses were to be supplemented by May 18 for those individuals being deposed in subsequent weeks. On May 13, 2009, Family Dollar sent Mr. DeRose and Mr. Wiggins a letter identifying these same deficiencies in the responses provided by those who were subject to Family Dollar's Motion to Dismiss. (Exhibit E).

On May 14, 2009, Family Dollar and Mr. Wiggins conducted an additional discovery conference regarding Plaintiffs' deficient discovery responses. Mr. Wiggins again agreed to produce information (1) identifying where the Plaintiffs applied for work both during and after working as Family Dollar Store Managers; (2) produce resumes used both during and after working as a Family Dollar Store Managers; and (3) produce Plaintiffs' complete tax returns. In attempt to comprise, Family Dollar agreed at this conference that it would accept tax returns only for the years after Plaintiffs terminated their employment with Family Dollar, if they had no other employment while working as Family Dollar Store Managers. During this conference, Mr. Wiggins agreed to cure the deficiencies identified in Family Dollar's May 11, 2009 letter by May 28, 2009. The terms of this May 14, 2009 conference were memorialized in a letter from Family Dollar to Mr. Wiggins and Mr. DeRose on May 15. 2009. (Exhibit F).

In one last attempt to resolve this discovery dispute, Plaintiffs sent a letter to Plaintiffs' Counsel on June 9, 2009, detailing the same information described above regarding Request for Production Nos. 13 and 18, and Interrogatory No. 20, and giving Plaintiffs an additional extension until June 16, 2009 to cure the deficiencies in their responses. Specifically, Family Dollar advised Plaintiffs that Family Dollar interpreted the Court's June 2, 2009 Order as

requiring complete responses to these requests. Plaintiffs did not disagree. (Exhibit G). In an attempt to avoid seeking the Court's intervention in this discovery matter, Family Dollar has described with specificity the deficiencies in Plaintiffs' responses numerous times, and have provided Plaintiffs' multiple extensions of time to cure those deficiencies. Plaintiffs have simply provided incomplete, piecemeal, or non-responsive answers.

### E.   Requested Relief

Based on the foregoing, Family Dollar respectfully requests that the Court dismiss Deborah J. Hales, Brenda S. Rowland, and Crestlie Bauman from this action for failure to provide individualized discovery responses in violation of the Court's June 2, 2009 Order and because Plaintiffs' Counsel are admittedly unable to locate these individuals. Family Dollar requests that this Court dismiss Linda Herring, Cynthia McVeigh, Doris Ness, and John Widdicombe for failure to provide verified interrogatory responses in violation of the Court's June 2, 2009 Order. Family Dollar also requests that this Court dismiss Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Jimmy Ray Guinn, Timothy Hill, Dusty Hylton, Irish Johnson Houston, and Dorothy Hudson Meadows for violating the Court's Order by not providing individualized answers to the interrogatory requests identified in the Court's Order, but rather providing a second set of standardized responses.

In addition to, and including the above mentioned individuals, Family Dollar also requests that the Court dismiss the following individuals for failure to comply with the Court's June 2, 2009 Order requiring them to provide complete discovery responses to Family Dollar's discovery requests as outlined herein: Sharon Phillips Bell, Brenda Bilbrey, Ethel Braswell, Melvin Cathey, Mark Clark, Sharron Daugherty, Phillis Fancher, John A. Gertkin III, Deborah J. Hales, Linda Herring, Dusty Hylton, Cynthia McVeigh, Doris Ness, LaSandra B. Rose, Brenda S. Rowland, Nancy Smith, Crestlie Bauman, Howard G. Farmer, Ike Garza, Jimmy Ray Guinn, Timothy M. Hill, Irish Johnson Houston, Dorothy Hudson Meadows, Phillip Mitchell, Eddie Mae Smith, Barbara Tucker, Shawn Eric Ward, and John Widdicombe.

Finally, Family Dollar requests that the Court compel the identified below to provide complete responses to discovery requests as follows within seven (7) calendar days or be subject to dismissal as a discovery sanction under Rule 37:

Request for Production 13: Jewel Ray Belford, Susan E. Brown, Monica J. Dance, Betty J. Dearmon, Mary Lou DeFoor, Amanda Echols, Jodi Hare, Erica L. Lewis Margie A. Little, Austin S. Mudenda, Sandra Diane Rhinehart, Marcella SanGiorgio, Gwen K. Sinns, Eddie Mae Smith, Iva V. Tate, Tanya Lakitsha Warren, Darrell D. Baker, Dorothy Harson, and Sandra D. Roper;

Request for Production No. 18: Jewel Ray Belford, Susan E. Brown, Angela J. Cooper, Monica J. Dance, Betty J. Dearmon, Mary Lou DeFoor, Jodi Hare, Erica L. Lewis, Austin S. Mudenda, Sandra Diane Rhinehart, Marcella SanGiorgio , Gwen K. Sinns

Tanya Lakitsha Warren, Darrell D. Baker, and Sandra D. Roper.

Interrogatory No. 20: Tammy Asher, Nancy Burnette, Mary Lou DeFoor, Mamie Conway, Angela V. Giliberti, Sally Villanueva, Dorothy Ann Wilson, Dorothy Harson, Sandra Roper, Austin Mudenda, Todd Hargrove, Eddie Mae Smith, Angela Giliberti.

Sincerely,

Amy Schaefer Ramsey

ASR/js
Attachments (via Federal Express)

cc:  Gregory O. Wiggins (via e-mail with attachments)
      Robert E. DeRose (via e-mail with attachments)
Firmwide:90521925.4 053439.1083

# EXHIBIT A

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

CRAIG L. LOWELL
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
SUSAN DONAHUE
JOSHUA D. WILSON
TONI BRAXTON
JAMES V. DOYLE, JR.
RACHEL LEE McGINLEY
DANIEL E. ARCINIEGAS
JACOB A. KISER

CANDIS A. McGOWAN
ELIZABETH B. PANTAZIS
OF COUNSEL
*Not Licensed in Alabama

June 16, 2009

<u>**VIA TELEFAX: 312/602-3881**</u>
<u>**and FEDERAL EXPRESS**</u>
Amy Schaefer Ramsey
Littler Mendelson, P.C.
200 N. LaSalle Street, Suite 2900
Chicago, Illinois 60601

RE:   *Ward and Grace* - Intervenors' responses to discovery

Dear Amy:

With regards to the Court's June 2, 2009 Order, here are the final supplementations:

Deborah J. Hales - cannot locate.
Robby Quinton - plaintiff does not want to pursue; will dismiss.
Brenda S. Rowland - cannot locate.
Crestlie Bauman - cannot locate.

Linda Herring - has not provided me with her interrogatory responses or declaration page.
Cynthia McVeigh - has not provided me with her interrogatory responses or declaration page.
Doris Ness - has not provided me with her interrogatory responses or declaration page.
John Widdicombe - has not provided me with her interrogatory responses or declaration page.

LaSandra Rose - ESI Disclosure enclosed.

Ike Garza - I have previously sent you 2 separate declaration pages for Mr. Garza and his amended responses were served on June 11, 2009.

June 16, 2009
Page 2

Irish Johnson Houston - Ms. Johnson-Houston amended answers are attached and her documents are being sent in the overnight package because of the volume.

Melvin Cathey - Mr. Cathey's amended responses were served on June 12, 2009.

Sharron Daugherty - Ms. Daugherty's amended responses were served on June 11, 2009.

Dusty Hylton - Mr. Hylton's amended responses were served on June 9, 2009.

Jimmy Ray Guinn - Mr. Guinn's amended responses were served on June 12, 2009.

Timothy Hill - Mr. Hill's amended responses were served on June 9, 2009.

Dorothy Hudson Meadows - Ms. Hudson-Meadows' amended responses were served on June 10, 2009.

John Gertken - Mr. Gertken's amended responses were served on June 10, 2009.

I am enclosing herewith amended responses for LaSanda Rose, Howard Farmer and Mark Clark. I believe the above addresses all the plaintiffs-intervenors in the Court's June 2nd Order.

Very truly yours,

Gregory O. Wiggins

GOW/tlw
Enclosures
cc: Bob DeRose

# EXHIBIT B

| | | |
|---|---|---|
| IN RE FAMILY DOLLAR FLSA LITIGATION | ) ) ) ) | MDL DOCKET NO: 3:08-MD-1932 Judge Graham C. Mullen |
| _Ward/Grace_ cases, | ) ) ) ) | |

## INTERVENOR'S (MELVIN CATHEY) AMENDED RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO INTERVENORS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court, **Intervenor Melvin Cathey** hereby submits his amended responses, pursuant to the Court's June 2, 2009 Order, to Defendants Family Dollar Stores, Inc., Family Dollar Stores of Tennessee, Inc., and Family Dollar Stores of Pennsylvania, Inc.'s ("Family Dollar" or "Defendants") First Set of Interrogatories to Intervenors:

## GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

1.      Intervenors object to the instructions, definitions, and each of the Interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome or purport to impose obligations on Intervenor that exceed or differ from those imposed by the Federal Rules of Civil Procedure and the applicable rules of this Court.

2.      Intervenors object to each and every interrogatory to the extent that it calls for, or could be construed as calling for, information protected from discovery under the attorney-client privilege, the

1

work product doctrine, or any other applicable privilege or protection from discovery. Any inadvertent disclosure of information protected by attorney-client privilege, the work product doctrine or any other applicable privilege or protection from discovery is not intended and should not be construed as or constitute a waiver, either generally or specifically, with respect to such material or the subject matter thereof.

3.    Intervenors object to each of the Interrogatories to the extent that such Interrogatories seek information or documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Intervenors object to each of the Interrogatories to the extent that they seek information that are not within Intervenor's possession, custody or control.

5.    Intervenors object to each of the Interrogatories to the extent that such Interrogatories seek information or documents that are a matter of public record, otherwise equally accessible to all parties, more conveniently or appropriately obtained by Defendants, or less expensively obtained by Defendants.

6.    Intervenors object to the interrogatories to the extent that they seek information in support of contentions Intervenors have made in this proceeding. Such contention discovery directed to Intervenors are unduly burdensome and premature at this stage of litigation before Intervenors have had an opportunity to complete discovery. See Fed.R.Civ.P. 33(c)("the court may order that [a contention] interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time."); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D.Conn. 1996)(because of their nature, contention interrogatories are more appropriate after substantial amount of discovery has been conducted); *Capacchione v. Charlotte-Mecklenburg Sci.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)

2

("Due to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted - typically, at the end of the discovery period."). Furthermore, a defendant may not simply track the allegations in the opposing party's pleadings, paragraph by paragraph, asking for all facts in support of the party's contentions. *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)(condemning "knee-jerk" filing of contention interrogatories that systematically track allegations in opposing party's pleadings). As the court pointed out in *Convergent*, this is a serious form of discovery abuse, because such interrogatories can be used to impose burdens on the opposing party, and are almost always counterproductive. *Id.* Finally, it is within the court's discretion to order that such an interrogatory need not be answered until after discovery has been completed, Fed.R. Civ.P. 33 (advisory committee note to 1970 amendments).

7.     These Responses contain the best information currently known to Intervenors and are notwithstanding supplementation as may result from discovery or further inquiry by Intervenors. Furthermore, Intervenors have not completed their investigation or preparation for the adjudication of this action. Therefore, in accordance with the Federal Rules of Civil Procedure, Intervenors expressly reserve their right to seasonably supplement, correct, clarify or amend their Responses to these Interrogatories if they later determine that additional information should be furnished in response to any such Interrogatories.

8.     Intervenors' decision to provide documents and information subject to the objections therein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

3

9.      Intervenors reserve all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Provide the name, address and telephone number of each person whom you believe may have knowledge of any facts or information pertaining to this Action, or any of the events underlying the allegations in the Complaint, and separately state the specific nature, substance, facts or observations that you believe the persons(s) identified may have.

**RESPONSE:** Intervenor objects to Interrogatory No. 1 to the extent that it is overly broad, unduly burdensome and repetitive of the information that was provided in Plaintiffs' and Intervenors' Initial Disclosure Statement. Subject to, and without waiving the foregoing and General Objections, Intervenor answers as follows:

> Ray Belford, co-plaintiff
> Cleveland Manager
> Not sure of his address
>
> Penny Sundberg
> District Manager
> Do not have address
>
> Knowledge of the hours I worked and the job duties and responsibilities of a store manager at Family Dollar.

**INTERROGATORY NO. 2:** Identify each current or former employee of Family Dollar with whom you have communicated in any way regarding this Action, and separately state the date and substance of each such communication.

**RESPONSE:** Intervenor objects to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiving the foregoing and General Objections, Intervenor answers as follows:

> None.

4

**INTERROGATORY NO. 3:** Identify each person whom you believe has personal knowledge of any facts concerning the hours worked by you and/or the specific duties performed by you during your employment with Family Dollar as a Store Manager, and describe the knowledge that you believe each person has.

**RESPONSE:** Intervenor objects to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiving the foregoing and General Objections, Intervenor answers as follows:

See responses to Interrogatory #1 above.

**INTERROGATORY NO. 4:** Identify: the position(s) you held at Family Dollar; your immediate supervisor(s); a detailed list of tasks that you performed on a weekly basis in connection with your position(s); and the amount of time spent on each such task.

**RESPONSE:** Intervenor objects to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiving the foregoing and General Objections, Intervenor answers as follows:

I was employed as a Stock Clerk and Store Manager - defendant would have employment dates.

Ray Belford was my Manager when I was a Stock Clerk and Penny Sundberg was the District Manager when I was a Store Manager.

Duties as a store manager, including but were not limited to, opening and closing the store, running the registers until a cashier came in, unloading the truck, stocking shelves, recovering the store, cleaning, paperwork, customer service, etc.

**INTERROGATORY NO. 5:** For the store in which you served as the Store Manager, separately for each week, describe in detail who performed the following tasks in the store: supervised store employees, interviewed and hired employees, disciplined employees, trained employees, ordered supplies and merchandise, maintained sales records, controlled the flow of merchandise from deliver to the store shelves, managed the budget, and handled employee complaints and/or grievances.

**RESPONSE:** Intervenor objects to Interrogatory No. 5 on the grounds that it is overly broad and unduly burdensome. Subject to, and without waiving the foregoing and General Objections, Intervenor answers as follows:

5

During the relevant time period that I was a Store Manager and, in following the company's policy's and procedures, the following individuals performed the following job duties:

| Duty | Person(s) Who Performed the Duty |
|------|----------------------------------|
| Supervised store employees | District Manager, Store Manager, Assistant Manager(s) and Third Key. |
| Interviewed and hired employees | District Manager, Store manager and Assistant Manager interviewed and/or participated in the interview of applicants. Store Manager, Assistant Managers, Third Key Managers, Cashiers & Stockers could only be hired after they passed the Stanton test, drug test and background checks. New employees would only be hired if they would agree to a certain pay range which was determined by the D.M. Store Managers did not have the authority to hire/promote Assistant Managers and/or Third Key Managers. Assistant Store Managers and Third Key Managers were interviewed and hired/promoted by the District Manager. |
| Disciplined employees | District Manager, Store Manager, Assistant Manager & Third key |
| Trained employees | All store employees assisted in the training of new employees. For example, a newly hired cashier and/or stocker would be trained by an experienced cashier and/or stocker. |
| Ordered supplies and merchandise | District Manager, Store Manager, Assistant Manager and Third Key. Also, much of the ordering of the merchandise was automatically re-ordered once the merchandise was sold. |
| Maintained sales records | District Manager, Store Manager, Assistant Manager and Third Key |
| Controlled the flow of merchandise | The flow of merchandise was controlled by the |

6

| | |
|---|---|
| from delivery to the store shelves | company's door-to-shelf program. The merchandise was placed in the store in compliance with the pre-arranged locations as determined by the company. The manager(s) on duty as well as other store employees stocked and re-stocked the shelves daily and recouped the store on a daily basis. |
| Managed the budget | District Manager, Store Manager, Assistant Manager and Third Key |
| Handled employee complaints | District Manager, Store Manager, Assistant Manager and Third Key manager. If a complaint could not be resolved within the Store, it had to be turned over to the District Manager for handling. |

**INTERROGATORY NO. 6:** Do you allege in this Action that as a Store Manager, you were not able to regularly use your discretion in matters related to the running of your store, but rather, that discretionary functions were primarily handled by your District Manager, Area Operations Manager, Performance Manager, or other direct supervisor? If your answer is affirmative, set forth the complete factual basis for this allegation such that your response identifies who you claim exercised such discretionary powers instead of you, and for each week of your employment with Family Dollar, identify each and every discretionary duty or act you claim was regularly exercised by the above identified individual(s) as it related to your store.

**RESPONSE:** Intervenor objects to use of the words "running the store" as being vague and ambiguous. In addition, intervenor objects to the use of the terminology "your store" as being an vague, ambiguous. The store I was assigned was not my store but at all time belonged to Family Dollar. Without waiving said objection, the intervenor states as follows:

The interrogatory ask me to provide certain information for each employee who worked in "*your*" store. The store(s) wherein I worked as a store manager were not my store(s). The stores belonged to Family Dollar.

During the relevant time period that I held the position of store manager, I had very little, if any, discretion in regards to matters relating to the running of the store. To the best of my knowledge, the store's weekly payroll budget was determined by someone in corporate headquarters and then distributed down to the District Manager who, in turn, distributed each store in his/her district the store's weekly payroll budget. I had absolutely nothing to do with determining the store's weekly payroll budget. The store's hours of operation were

7

determined by corporate headquarters. As a store manager, I had no control of determining the store's hours and had no discretion in changing the store's hours. The store's hours of operation could only be change by someone in corporate headquarters. I had no discretion in the hiring or promoting a person to a managerial position. Whereas I could recommend, I have no idea how much weight my District Manager gave my recommendations. I had little, if any, discretion in determining the type of merchandise that would be sold in the store. I had no discretion in determining the stores waste pick-up service or the stores pest control service. I had little, if any, discretion when it came to terminating or suspending employees. I had little, if any, discretion is determining whether an employee could work overtime. I had little, if any, discretion to close the store in case of emergency. Other matters that related to the store such as refunds, voids, bank deposits and markdowns were determined by the company's policies and procedures manual. Refunds, voids and bank deposits were handled by the managerial employee(s) on duty at the time. I spent the vast majority of my time, over 90%, performing manual labor job duties, not managerial job duties. The manual labor job duties included unloading trucks, stocking shelves, re-stocking shelves, waiting on customers, running the cash register, cleaning the store and restrooms and recouping the stores. The District Manager, through store visits, telephone calls and e-mails monitored and/or supervised the daily operations of the store in his/her district. During his/her store visits the District Manager would often leave to-do lists for the store to accomplish.

**INTERROGATORY NO. 7:**  For each store in which you were the Store Manager during the time period that you claim is relevant to this Action, identify the other employees who worked in your store, state whether these employees worked full-time or part-time, the approximate number of hours that each employee worked per week, and specify the time period that each employee worked in your store.

**RESPONSE:** Intervenors object to Interrogatory No. 7 to the extent that it seeks information that is in Defendants' possession, custody or care and is more conveniently or appropriately obtained by Defendants. Plaintiff further objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome. Intervenors further object that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Plaintiff responds as follows:

The best document to rely upon in determining the names of the employees who worked in the store, the hours the employees worked each week and the employees tenure with the company would be the payroll records. I do not have access to these records but they are maintained by the company in computer format and are easily accessible.

8

**INTERROGATORY NO. 8:** For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, identify each decision to hire, fire, discipline, or promote the employee, and separately for each such decision, describe in detail your role in the decision and the role of any other decision-makers in that decision.

**RESPONSE:** Intervenor object to Interrogatory No. 8 to the extent that it seeks information that is in Defendants' possession, custody or care and is more conveniently or appropriately obtained by Defendants. Intervenor further objects to the Interrogatory on the grounds that it is overly broad and unduly burdensome. Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

The interrogatory ask me to provide certain information for each employee who worked in *"your"* store. The store(s) wherein I worked as a store manager were not my store(s). The stores belonged to Family Dollar. The interrogatory also asked me to provide certain information on each employee identified in response to interrogatory #7. I did not identify any employees in response to interrogatory #7. However, I would state that as a Store Manager, during the relevant time period, I did not have the authority to hire Assistant Managers, terminate hourly employees or promote an employee to a managerial position. Whereas I could make a recommendation in regards to the hiring of a certain employee, promoting a employee or terminating an employee it was the District Manager who actually made the decision concerning who was hired, promoted and/or terminated. As far as disciplining store employees the store management team, which based upon the company's policy and procedures consisted of the District Manager, Store Manager, Assistant Manager and Third Key, could discipline store employees for certain infractions. However, all disciplines were sent to the District Manager and it was ultimately the District Manager who had the final approval over the discipline.

**INTERROGATORY NO. 9:** Set forth the factual basis of your claim that you were not properly classified as an exempt employee under the Fair Labor Standards Act and any other statute or legal theory pursuant to which you seek relief.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor respond as follows:

See my responses to interrogatory ## 4, 5, 6, 7 and 8.

9

**INTERROGATORY NO. 10**: Set forth the factual basis of your claim that any alleged violation by Family Dollar of the Fair Labor Standards Act and any other statute or legal theory pursuant to which you seek relief was willful and/or not in good faith.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

> It is my belief that Family Dollar knew, even when it made the initial decision to classify the position of Store Manager as exempt, that store managers spent the majority of his/her time unloading trucks, stocking shelves, re-stocking shelves, waiting on customers, running the cash register and cleaning the store interior and exterior. These job duties are not managerial job duties. District Managers and RVP's regularly visit the stores and they observe what store managers do on a daily basis. The defendant is also aware of the number of hours store managers regularly work each and every week. These hours are required because the company intentionally sets the store budgets so incredibly low the store runs out of hours before the weeks end. The defendant knows that when the hours are gone the only employee left to work the hours required is the store manager. Overtime is not allowed for hourly employees unless it is pre-approved. Allowing overtime with having it pre-approved would cause the manager serious problems with the District Manager The company's decision to set the stores budget so low and to classify the position of store manager as an exempt position were both intentional and willful acts made only to avoid paying store managers overtime compensation.. In addition, it is my understanding that Family Dollar has/had numerous stores wherein the store manager did not supervise two or more employees for 80 hours per week. I understand this is a requirement of the exemption. If this is true, this is further evidence that Family Dollars decision to classify all store managers as exempt was willful and not made in good faith because Family Dollar could have easily monitored each store to determine whether or not it had stores wherein there were not two or more employees working in the stores for 80 hours per week.

**INTERROGATORY NO. 11**: For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, describe in detail who assigned, directed, monitored, and prioritized the employee's work.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

10

The interrogatory ask me to provide certain information for each employee who worked in *"your"* store that I identified in response to interrogatory #7. The stores I worked in while holding the title of store manager were not my store but rather belonged to Family Dollar. In addition I did not identify any employees in response to interrogatory #7. However, in regards to assigning, directing, monitoring and prioritizing employees daily work, in large part, cashiers, stockers and Assistant Managers had assigned job duties that were assigned to them based upon their job title. Therefore, the majority of the job duties performed by these individuals were normal routine daily job duties and very little, if any, daily supervision was required. There were occasions wherein either the District Manager, Store Manager, Assistant Manager and/or Third Key Manager would have to assign, direct, monitor and prioritize employees job duties but these occasions were rare.

**INTERROGATORY NO. 12:** For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, describe in detail who determined the employee's work schedule and changes in the work schedule, and approved or denied the employee's requests for time off from work.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

As previously stated, the weekly work schedules determined who opened and closed the store. These schedules were prepared by corporate headquarters and/or district manager with little or no input by the store itself.

**INTERROGATORY NO. 13:** For each employee identified in your response to Interrogatory No. 7, and for the time period such employee worked in your store, describe in detail who trained the employee and conducted performance appraisals and/or evaluations (either written or oral) for the employee.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

The interrogatory ask me to provide certain information for each employee who worked in *"your"* store. The store(s) wherein I worked as a store manager were not my store but rather belonged to Family Dollar. The interrogatory also asked to provide certain information in regards to the employees identified in response to interrogatory number 7.

11

I did not identify any employees in response to interrogatory #7. However, in regards to training store employees all store employees participated in the training of newly hired store employees. For example, experienced cashiers and stockers trained newly hire cashiers and stockers. Training cashiers and stockers was done pursuant to company policy. As far as evaluating employees, I don't specifically recall performing written evaluations on store employees but, if I performed written evaluations on store employees those evaluations had to be sent to the District Manager for his approval. The District Manager had the final say as to whether the evaluation would be accepted or rejected and the amount of pay raise employees received.

**INTERROGATORY NO. 14:** State whether you have ever pled guilty (or nolo contender) to or been convicted of any criminal charge other than a minor traffic violation. If your answer is yes, provide complete factual information regarding the plea or conviction; the court in which the charges were raised; the case number and judge; the sentence you received; and the identity of your attorney.

**RESPONSE:** Intervenor objects to Interrogatory No. 14 on the grounds that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Interrogatory is asking for information about Intervenor's criminal history beyond crimes that effect honesty. Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows only as to crimes of dishonesty.

No.

**INTERROGATORY NO. 15:** Have you, your attorneys (past or present), or any individual working on your behalf interviewed and/or obtained any statements (sworn or unsworn) from individuals concerning the circumstances that relate to the allegations set forth in your Complaint? If your answer is affirmative, identify each such person(s) who was interviewed or from whom any such statements were taken, and describe the substance of all such interviews and/or statements.

**RESPONSE:** Intervenor objects to Interrogatory No. 15 to the extent that it seeks information that is confidential and protected under the work-product doctrine. Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor will provide any non-privileged evidence as required under the Federal Rules of Civil Procedure.

To my knowledge, none.

12

**INTERROGATORY NO. 16:** Identify all damages you seek in this lawsuit, and state the complete factual basis for, and provide the calculations for, such damages.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

> I am seeking the following damages: overtime compensation at 1 and ½ time my hourly rate of pay for all hours I worked over 40 per week;; liquidated damages; attorneys fees and costs.

**INTERROGATORY NO. 17:** Identify each and every person, other than your attorneys, who assisted you in any way in answering these interrogatories, and for each person, identify the assistance provided.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

> I answered the questions to the best of my knowledge and sent them to my attorney, Gregory O. Wiggins.

**INTERROGATORY NO. 18:** Identify each person whom you may call as an expert witness at trial and for each such person, state the witness's qualifications, including but not limited to, a list of all publications authored by the witness within the preceding ten years, and a listing of any other cases in which the witness has testified as an expert t trial or by deposition within the preceding four years, including for each such case, the case name, case number, the court, the party for whom the person served as an expert, and the subject matter of the person's testimony.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

> Pursuant to the Court's Order entered in this case, I will make expert disclosures at the appropriate time. At that time, the Intervenor will disclose any and all expert witnesses.

13

**INTERROGATORY NO. 19:** Provide a complete statement of all opinions to be expressed by your expert witnesses and the reasons therefore, identify the data or other information considered by each expert and any exhibits to be used as a summary of or as support for each witness's testimony, and specify the compensation paid or to be paid for such services.

**RESPONSE:** Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

See response to Interrogatory #18 above.

**INTERROGATORY NO. 20:** Identify (with name, address and phone number) each entity to which you applied for employment (both during and after your employment with Family Dollar), the position for which you applied, whether you accepted employment with that entity, and if so, the dates of your employment and positions held with that entity.

**RESPONSE:** Intervenor specifically objects to this Interrogatory on the grounds that the information sought is not relevant to the claims in this lawsuit. Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

Sara Lee Corporation
Gainsville, Georgia
Breadman
5 months

Dollar General Corporation
Helen, Georgia
Stock Clerk
3 years

Domino's Pizza
Cleveland, Georgia
Driver
1 year

14

**INTERROGATORY NO. 21:** Identify for each week you worked as a Family Dollar Store Manager your number of hours worked, your salary, and your gross compensation.

**RESPONSE:** Intervenor specifically objects to this Interrogatory on the grounds that the information sought is not relevant to the claims in this lawsuit. Intervenor further objects that the defendant has exceeded the number of interrogatories, including sub-parts, allowed by the Court's Scheduling Order. However, notwithstanding this fact and in the spirit of cooperation, along without waiving the foregoing and General Objections, Intervenor responds as follows:

I worked consistently over 52 hours every week at a salary of $500.00.

Date: June ___, 2009.

Respectfully submitted,

Gregory O. Wiggins
Wiggins Childs Quinn & Pantazis LLC
The Kress Building
301 19th Street, North
Birmingham, AL 35203
Telephone: (205) 314-0500
Fax: (205) 254-1500
Gwiggins@wcqp.com


Robert E. DeRose
Robert K. Handelman
Sanford A. Meizlish
Barkan Neff Handelman Meizlish, LLP
360 S. Grant Ave.
P.O. Box 1989
Columbus, OH 43216-1989
Telephone: (614) 221-4221
Fax: (614) 744-2300
bderose@bnhmlaw.com
rhandelman@bnhmlaw.com
smeizlish@bnhmlaw.com

15

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of June, 2009 a copy of Intervenor's Response to Defendants' First Set of Interrogatories and Request for Production of Documents to Each Intervenor by first-class mail, postage prepaid upon the Certificate of Service list attached hereto:

Jerry H. Walters
Stephen D. Dellinger
Littler Mendelson PC
100 North Tryon Street, Ste. 4150
Charlotte, NC 28202

John A. Ybarra
David K. Haase
Shanthi V. Gaur
Amy S. Ramsey
Jeremy Stewart
Littler Mendelson, PC
200 North LaSalle Street, Suite 2900
Chicago, IL 60601

_____
OF COUNSEL

16

## DECLARATION

I declare under penalty of perjury, as set out in 28 U.S.C. §1746, that the interrogatory and request for production responses I have provided in response to Defendant's First Interrogatories and Request for Production to Intervenors are truthful and accurate to the best of my ability and knowledge.

_____ (Sign Name)

_____ (Print Name)
Melvin Caffney
Plaintiff-Intervenor

6-8-09
Date

# EXHIBIT C



Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

Amy Schaefer Ramsey
312.795.3238 direct
312.372.5520 main
312.602.3881 fax
aramsey@littler.com

April 24, 2009

**VIA E-MAIL AND U.S. MAIL**

Robert E. DeRose, II
Barkan Neff Handelman Meizlish, LLP
P.O. Box 1989
Columbus, OH 43216-1989
bderose@bnhmlaw.com

Gregory O. Wiggins
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
gwiggins@wcqp.com

Re:    In re Family Dollar FLSA Litigation - <u>Grace</u> and <u>Ward</u> Intervenors' Discovery
        Responses

Dear Counsel:

In my letter dated April 13, I advised you that I would follow up with additional correspondence regarding any deficiencies in the individualized discovery responses that Plaintiffs have served. We have reviewed all responses received as of April 20 -- nineteen from the <u>Ward</u> Intervenors, and fifteen from the <u>Grace</u> Intervenors. We have identified numerous deficiencies as set forth below, most of which arise from the fact that the "individualized" responses are, in most cases, simply a repeat of the generic responses contained in the global "Intervenors' Response." This reflects no good faith attempt to provide specific information about each Intervenor's case.

<u>Deficiencies in Interrogatory Answers</u>

Interrogatory No. 1 asks every Intervenor to "[p]rovide the name, address and telephone number of each person whom [he/she] believe[s] may have knowledge of any facts or information pertaining to this Action . . . and separately state the specific nature, substance, facts or observations that [he/she] believe[s] the person(s) identified may have." The following Intervenors in <u>Grace</u> and <u>Ward</u> listed none or provided an answer that was not responsive in any way: Tammy Asher, Barbara Brown, Nannie Sue Daniels, Phillis Fancher, Todd Hargrove, James Manos, Sandra Rhinehart, Darrell Baker, Crestile Bauman, Mamie Conway, Jimmy Ray Guinn, Irish Johnson Houston, Lynnia Marion, and Dorothy Hudson Meadows. Please confirm that these Intervenors have no witnesses to support their claims.

Interrogatory No. 4 asks every Intervenor, among other things, to "[i]dentify a detailed list of tasks that [he/she] performed on a weekly basis in connection with [his/her] position(s); *and the amount of time spent on each such task.*" (Emphasis added.) The following Intervenors in <u>Grace</u> and <u>Ward</u> have failed to provide the amount of time spent on each task listed in the response and must supplement their Answers accordingly: Tammy Asher, Alfred Blair, Barbara Brown, Angela Cooper, Nannie Sue Daniels, Donna Davis, Phillis Fancher, John Gersch, Todd Hargrove, Iva Tate, Darrell Baker, Crestile Bauman, Lydia Cantu, Mamie Conway, Howard Farmer, Ike Garza, Angela Giliberti, Jimmy Ray Guinn, Dorothy Harson, Irish Johnson Houston, Lynnia Marion, Dorothy Hudson Meadows, Chelsie Richardson, Sandra Roper, and Rickie Rowell. With respect to Interrogatory 4, Intervenor Guinn also failed to identify the names of his supervisors.

Interrogatory No. 5 asks every Intervenor, "For the store in which you served as the Store Manager, separately for each week, describe in detail who performed the following tasks in the store: supervised store employees, interviewed and hired employees, disciplined employees, trained employees, ordered supplies and merchandise, maintained sales records, controlled the flow of merchandise from delivery to the store shelves, managed the budget, and handled employee complaints and/or grievances." The following Intervenors in <u>Grace</u> and <u>Ward</u> gave the same generic response that was contained in the global "Intervenors' Response" and must provide individualized responses: Tammy Asher, Alfred Blair, Angela Cooper, Nannie Sue Daniels, Donna Davis, Todd Hargrove, Margie Little, Sandra Rhinehart, Iva Tate, Clair Trost, Darrell Baker, Crestile Bauman, Lydia Cantu, Mamie Conway, Howard Farmer, Ike Garza, Angela Giliberti, Jimmy Ray Guinn, Dorothy Harson, Timothy Hill, Lynnia Marion, Dorothy Hudson Meadows, Rickie Rowell, Sally Villanueva, and Dorothy Ann Wilson. Although Intervenors Barbara Brown, Phillis Fancher, John Gersch, James Manos, Nancy Smith, Irish Johnson Houston, Chelsie Richardson, Sandra Roper, and Barbara Tucker provided "individualized" answers, they were nevertheless deficient, not responsive to the Interrogatory in its entirety, and require supplementation. Specifically, Intervenors Brown, Fancher, Manos, Smith, Houston, Richardson, Roper, and Tucker provide broad assertions that District Managers instruct store managers on what to do with respect to certain personnel decisions, such as hiring and firing. These broad responses do not even come close to being responsive since, for instance, they do not address who supervised and trained the employees. Intervenor Gersch's response that "the store manager and the assistant manager shared all responsibilities in the store" is also not responsive as to who conducted the tasks described in Interrogatory 5.

Interrogatory 6 asks every Intervenor, in pertinent part, to "set forth the complete factual basis and identif[y] who you claim exercised such discretionary powers instead of you, and for each week of your employment with Family Dollar, identify each and every discretionary duty or act you claim was regularly exercised by the above identified individual(s) as it related to your store." The following Intervenors in <u>Grace</u> and <u>Ward</u> gave the same generic response that was contained in the global "Intervenors' Response" and must provide individualized responses: Tammy Asher, Alfred Blair, Nannie Sue Daniels, Todd Hargrove, Iva Tate, Darrell

Baker, Crestile Bauman, Lydia Cantu, Howard Farmer, Ike Garza, Jimmy Ray Guinn, Dorothy Harson, Timothy Hill, Irish Johnson Houston, Lynnia Marion, Dorothy Hudson Meadows, Chelsie Richardson, Sandra Roper, Barbara Tucker, and Dorothy Ann Wilson. Although Intervenors Barbara Brown, Mamie Conway, Donna Davis, Phillis Fancher, John Gersch, Margie Little, and Angela Giliberti provided "individualized" answers, they were nevertheless deficient, not responsive to the Interrogatory in its entirety, and require supplementation. Specifically, Intervenors Brown, Conway, Fancher, Gersch, Little, and Giliberti described the alleged oversight that the District Manager had over the Store Manager. This general response, however, does not describe "each and every discretionary duty or act" that the District Manager allegedly exercised. Intervenor Davis responded by describing how the District Manager treated the Store Manager, which has nothing to do with who exercised discretionary powers.

Interrogatory 8 asks every Intervenor, "For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, identify each decision to hire, fire, discipline, or promote the employee, and separately for each such decision, describe in detail your role in the decision and the role of any other decision-makers in that decision." The following Intervenors in _Grace_ and _Ward_ gave the same generic response that was contained in the global "Intervenors' Response" and must provide individualized responses: Tammy Asher, Alfred Blair, Nannie Sue Daniels, Donna Davis, Phillis Fancher, Sandra Rhinehart, Iva Tate, Darrell Baker, Crestile Bauman, Lydia Cantu, Howard Farmer, Jimmy Ray Guinn, Dorothy Harson, Timothy Hill, Irish Johnson Houston, Lynnia Marion, Dorothy Hudson Meadows, Sandra Roper, and Dorothy Ann Wilson. Although Intervenors Angela Cooper, Todd Hargrove, James Manos, Nancy Smith, Clair Trost, Chelsie Richardson, and Rickie Rowell provided "individualized" answers, they were nevertheless deficient, not responsive to the Interrogatory in its entirety, and require supplementation. Specifically, Intervenors Hargrove, Manos, and Trost gave broad assertions that they could not do anything without the approval of the District Manager, which is not responsive as to who conducted the personnel decisions described in Interrogatory 8. Intervenor Smith stated that she had "no role in the decision to hire," but is silent as to the other types of personnel decisions described in Interrogatory 8. Intervenor Richardson's statement that she opened and closed the store is not responsive to the question of who made the personnel decisions at the store. Intervenor Cooper's response is silent as to hiring, discipline, and promotion decisions. Similarly, Intervenor Rowell's response is silent as to firing and discipline decisions. On March 19, 2009, Family Dollar produced data identifying every employee who worked in the Intervenors' stores. Thus, the failure to respond cannot be excused on the grounds that the Intervenors cannot recall who worked with them.

Interrogatory 11 asks every Intervenor, "For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, describe in detail who assigned, directed, monitored, and prioritized the employee's work." The following Intervenors in _Grace_ and _Ward_ gave the same generic response that was contained in the global "Intervenors' Response" and must supplement with individualized

responses: Tammy Asher, Alfred Blair, Barbara Brown, Angela Cooper, Nannie Sue Daniels, Donna Davis, Phillis Fancher, Todd Hargrove, Margie Little, James Manos, Nancy Smith, Iva Tate, Clair Trost, Darrell Baker, Crestile Bauman, Lydia Cantu, Mamie Conway, Howard Farmer, Ike Garza, Angela Giliberti, Jimmy Ray Guinn, Dorothy Harson, Timothy Hill, Irish Johnson Houston, Lynnia Marion, Dorothy Hudson Meadows, Chelsie Richardson, Sandra Roper, Barbara Tucker, Sally Villanueva, and Dorothy Ann Wilson. Again, Family Dollar has produced data that identifies employees who worked in the Intervenors' stores. Accordingly, they should be able to provide answers as to who directed these employees' work.

Interrogatory No. 12 asks every Intervenor, "For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, describe in detail who determined the employee's work schedule and changes in the work schedule, and approved or denied the employee's requests for time off from work." Of the responses received, every Intervenor—with the exception of John Gersch, Margie Little, Howard Farmer, and Ricke Rowell—gave the same generic response that was contained in the global "Intervenors' Response" and must provide individualized responses. Although Intervenors Gersch, Little, Farmer, and Rowell did not provide the generic global response to Interrogatory No. 12, their answers are nevertheless deficient, do not respond to the Interrogatory in its entirety, and require supplementation. Specifically, in their respective responses, Intervenors Gersch, Little, Farmer, and Rowell provided a very brief description of the District Managers approving or being made aware of the employees' work schedule. These responses, however, are not fully responsive to the question of who determined the employees' work schedule. Moreover, Family Dollar has produced data that identifies employees who worked in the Intervenors' stores. Accordingly, they should be able to provide answers regarding scheduling and requests for time off.

Interrogatory No. 13 asks every Intervenor, "For each employee identified in your response to Interrogatory No. 7, and for the time period such employee worked in your store, describe in detail who trained the employee and conducted performance appraisals and/or evaluations (either written or oral) for the employee." The following Intervenors in Grace and Ward gave the same generic response that was contained in the global "Intervenors' Response" and must provide individualized responses: Tammy Asher, Alfred Blair, Angela Cooper, Nannie Sue Daniels, Donna Davis, Phillis Fancher, Todd Hargrove, Sandra Rhinehart, Clair Trost, Darrell Baker, Crestile Bauman, Lydia Cantu, Mamie Conway, Howard Farmer, Angela Giliberti, Jimmy Ray Guinn, Dorothy Harson, Timothy Hill, Irish Johnson Houston, Lynnia Marion, Dorothy Hudson Meadows, Chelsie Richardson, Sandra Roper, Barbara Tucker, and Dorothy Ann Wilson. Those who provided additional information, namely, Barbara Brown, John Gersch, Margie Little, James Manos, Nancy Smith, Iva Tate, and Ike Garza must nevertheless supplement their answers since their responses make no mention of who conducted the training of employees as specifically set forth in Interrogatory No. 13. Family Dollar has produced data that identifies employees who worked in the Intervenors' stores. Accordingly, they should be able to provide answers as to who trained each of these employees.

Interrogatory No. 16 asks every Intervenor, "Identify all damages you seek in this lawsuit, and state the complete factual basis for, and provide the calculations for, such damages." Of the responses received, every Intervenor gave the same generic response that was contained in the global "Intervenors' Response" and must provide individualized responses. Family Dollar has produced pay and time punch data for each Intervenor. Based on that information, they should be able to identify and provide calculations for their alleged damages.

Interrogatory No. 20 asks every Intervenor, "Identify (with name, address, and phone number) each entity to which you applied for employment (both *during and after* your employment with Family Dollar), the position for which you applied, whether you accepted employment with that entity, and if so, the dates of your employment and positions held with that entity." (Emphasis added.) The following Intervenors in Grace and Ward gave the same generic response that was contained in the global "Intervenors' Response" and must provide individualized responses: Tammy Asher, Howard Farmer, and Jimmy Ray Guinn. In addition to Intervenors Asher, Farmer, and Guinn, the following Intervenors did not identify any entities responsive to Interrogatory No. 20: Donna Davis, Todd Hargrove, Margie Little, James Manos, Clair Trost, Ike Garza, Angela Giliberti (2007 to the present), Irish Johnson Houston, Lynnia Marion, Dorothy Hudson Meadows, Sandra Roper, and Sally Villanueva. It is doubtful that none of these individuals sought employment after terminating employment with Family Dollar. Please promptly supplement this response.

Deficiencies in Document Request Responses

Family Dollar is in the process of reviewing Intervenors' responses and corresponding document production. As stated in my letter of April 13, these documents are not bates labeled, nor do you indicate which documents were produced by which Intervenors or which documents are responsive to which discovery requests. These cases are not collective actions; therefore, the Intervenors cannot share a common set of document production. It is crucial that the parties are able to identify who has produced what. Please let me know how Plaintiffs intend to remedy this.

As for the document production, there are two glaring deficiencies. Request No. 13 seeks, "Any and all job applications, resumes, curriculum vitae, or other similar documents you have completed during the time period that you contend is relevant to the Action through the present." The Intervenors' résumés are relevant because they are likely to contain the Intervenors' descriptions of their store manager duties at Family Dollar. Thus far, every Intervenor for whom we have individualized responses -- with the exception of Dorothy Hudson Meadows and Chelsie Richardson -- has responded to Request No. 13 by referring Defendant to the Answer to Interrogatory No. 20, which is deficient as described above. Thus far, not a single résumé was produced. Please produce these résumés or confirm that they do not exist.

Request No. 18 seeks income tax returns. Only John Gersch, Clair Trost, and Sally Villanueva have produced responsive documents, and surely, they are not the only Intervenors to file tax returns. Please supplement this response immediately.

Finally, Intervenors Darrell Baker, Lydia Cantu, and Mamie Conway stated that they may supplement their respective responses to Request No 8. Intervenors Darrell Baker, Crestile Bauman, Lydia Cantu, and Mamie Conway stated that they may supplement their respective responses to Request No. 14. I trust that the Intervenors will supplement, as necessary, in a prompt fashion.

Family Dollar reserves the right to address, and does not waive, its right to address any other deficiency not expressed in this letter. Please contact me by the end of the day Tuesday, April 28 so we can have another discovery conference to discuss the issues described in this letter. If I do not hear from you, I will have to notify the Court of these discovery issues.

Sincerely,

Amy Schaefer Ramsey

Firmwide:89581525.1 053439.1083

# EXHIBIT D



**Littler**
Employment & Labor Law Solutions Worldwide

Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

Amy Schaefer Ramsey
312.795.3238 direct
312.372.5520 main
312.602.3881 fax
aramsey@littler.com

May 11, 2009

**VIA E-MAIL AND U.S. MAIL**

Robert E. DeRose, II
Barkan Neff Handelman Meizlish, LLP
P.O. Box 1989
Columbus, OH 43216-1989
bderose@bnhmlaw.com

Gregory O. Wiggins
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
gwiggins@wcqp.com

Re:  In re Family Dollar FLSA Litigation - <u>Grace</u> and <u>Ward</u> Discovery Responses

Dear Counsel:

To follow up on my letter of April 24 and our conference on May 1, I am writing to detail which <u>Grace</u> and <u>Ward</u> Intervenors (hereinafter "Plaintiffs")[1] have failed to respond to, or have provided incomplete responses to, Family Dollar's discovery requests.

While the deficiencies of Plaintiffs' responses extend beyond what is described in this letter, I focus here on three discovery requests, which in combination are designed to elicit complete information about where each of the Plaintiffs applied for employment and obtained employment, either during or after they worked as Family Dollar Store Managers, and how they described their duties and responsibilities at Family Dollar. As I explained during our discovery conference on May, 1, it is likely that Plaintiffs' description of their employment as Family Dollar Store Managers will differ dramatically from the limited manual and clerical-type duties that they describe in this lawsuit. Thus, this information is crucial to Family Dollar's defense. When Mr. Wiggins and I discussed this on May 1, he did not articulate any specific objections to providing this information. He also admitted that he did not know which Plaintiffs' responses contained what because he had not read them (though he did sign them).

For those Plaintiffs who are being deposed the week of May 18, we must have complete responses delivered to my office by the close of business Wednesday, May 13. I have

---

[1] This letter does not describe the deficient responses of 29 individuals who are subject to Family Dollar's Motion to Dismiss. Rather, it relates to the remaining 41 Intervenors.

highlighted those names for your convenience. We demand responses for the remaining Plaintiffs by May 18.

Please be advised that if we have to proceed with the depositions with incomplete information, and later discover that responsive information and documents exist, we will seek to re-depose these Plaintiffs regarding this information at Plaintiffs' expense.

Request for Production No. 13 - This request asks Plaintiffs to produce every resume they have prepared since being employed as a Family Dollar Store Manager. Only Clair Trost and Angela Giliberti produced resumes. The following did not:

1. Tammy Asher
2. Arlene Atkins
3. Jewell Ray Belford
4. Alfred Blair
5. Barbara G. Brown
6. Susan E. Brown
7. Nancy Burnette
8. Angela J. Cooper
9. Monica J. Dance
10. Nannie Sue Daniels
11. Donna G. Davis
12. Catherine Dawson
13. Betty J. Dearmon
14. Mary Lou DeFoor
15. Amanda Echols
16. John E. Gersch
17. Jimmy Earl Gilbert
18. Jodi Hare
19. Todd C. Hargrove
20. Tara Yvette Jahateh
21. Erica L. Lewis
22. Margie A. Little
23. James Manos
24. Michael M. McCoy
25. Austin S. Mudenda
26. Sandra Diane Rhinehart
27. Marcella SanGiorgio
28. Gwen K. Sinns
29. Eddie Mae Smith
30. Iva V. Tate
31. Tanya Lakitsha Warren
32. Darrell D. Baker

33. Lydia E. Cantu
34. Mamie Conway
35. Dorothy Harson
36. Lynnia Marion
37. Chelsie Richardson
38. Sandra D. Roper
39. Rickie Rowell
40. Sally Villanueva
41. Dorothy Ann Wilson

<u>Request for Production No. 18</u> - This request seeks the Plaintiffs' complete tax returns from three years from when Plaintiffs filed their opt-in consent forms to the present. The following Plaintiffs did not produce any tax returns at all:

1. Tammy Asher
2. Arlene Atkins
3. Jewell Ray Belford
4. Alfred Blair
5. Barbara G. Brown
6. Susan E. Brown
7. Nancy Burnette
8. Angela J. Cooper
9. Monica J. Dance
10. Nannie Sue Daniels
11. Donna G. Davis
12. Catherine Dawson
13. Betty J. Dearmon
14. Mary Lou DeFoor
15. Amanda Echols
16. Jimmy Earl Gilbert
17. Jodi Hare
18. Todd C. Hargrove
19. Tara Yvette Jahateh
20. Erica L. Lewis
21. James Manos
22. Austin S. Mudenda
23. Sandra Diane Rhinehart
24. Marcella SanGiorgio
25. Gwen K. Sinns
26. Tanya Lakitsha Warren
27. Darrell D. Baker
28. Mamie Conway
29. Dorothy Harson

    30.    Irish Johnson Houston
    31.    Lynnia Marion
    32.    Chelsie Richardson
    33.    Sandra D. Roper
    34.    Rickie Rowell
    35.    Dorothy Ann Wilson

Some of the few Plaintiffs who attempted to respond, provided incomplete responses, as described below:

Margie Little produced W-2 forms only for 2001, 2002, and 2003. She did not provide complete tax returns as requested. Furthermore, these do not begin to show where she may have worked after terminating with Family Dollar because her Family Dollar employment terminated on April 30, 2004. Thus, she must produce her complete tax returns for 2004 through 2008.

Likewise, Lydia Cantu provided 2004 federal income tax returns only. This does not assist our efforts to identify and confirm post-Family Dollar employment, as her termination date from Family Dollar was July 6, 2005.

Clair Trost provided tax returns for 2007 only. He must provide them from the beginning of his limitations period to the present.

Michael McCoy, Eddie May Smith, Iva Tate produced W-2 statements only. Without the complete tax returns, we cannot determine whether they provided all of the relevant W-2s identifying other employers, or whether they provided just a select set.

<u>Interrogatory No. 20</u> - This interrogatory requires Plaintiffs to identify everywhere that they sought employment either during or after working as a Family Dollar Store Manager. The following Plaintiffs did not respond:

    1.    Tammy Asher
    2.    Ethel Braswell
    3.    Barbara G. Brown
    4.    Nancy Burnette
    5.    Mary Lou DeFoor
    6.    Mamie Conway
    7.    Howard G. Farmer
    8.    Ike Garza
    9.    Angela V. Giliberti
    10.    Sally Villanueva
    11.    Dorothy Ann Wilson

Several other Plaintiffs incredibly claimed that they did not apply for employment anywhere since they held Store Manager positions with Family Dollar, notwithstanding the fact that many of these individuals terminated employment with Family Dollar years ago:

1.  Erica Lewis
2.  James Manos
3.  Marcella SanGiorgio
4.  Gwen Sinns
5.  Clair Trost
6.  Tanya Lakitsha Warren
7.  Mamie Conway
8.  Sally Villanueva

Several others gave the following non-responsive answer: "Left disabled after my employment with Family Dollar and the company asked me to resign":

1.  Darrell Baker
2.  Lydia Cantu
3.  Dorothy Harson
4.  Dorothy Ann Wilson

Finally, the following Plaintiffs gave otherwise non-responsive answers, which are described below:

1.  Monica J. Dance (did not provide address for New South Credit Union)
2.  Nannie Sue Daniels (stated that she worked at Wal-Mart, but provided no further information)
3.  Donna G. Davis (stated that she was terminated while on workers' compensation -- does not describe any efforts to secure employment)
4.  Todd Hargrove (stated that he applied for unemployment but was denied -- does not describe any efforts to secure employment)
5.  Tara Yvette Jahateh (provides the name of an employer, but no address)
6.  Austin Mudenda (provided name of employer but no address and does not identify the position held with Pepsi)
7.  Eddie Mae Smith (does not provide employer's address or dates of employment)
8.  Angela Giliberti (did not respond with respect to time period 2007 to the present)
9.  Lynnia Marion (answer "never applied during employment with FD" is not responsive)
10. Chelsie Richardson (answer "now work for Dollar Tree" is not fully responsive)
11. Sandra Roper (answer "none with Family Dollar" is not responsive)

Robert E. DeRose, II
Gregory O. Wiggins
May 11, 2009
Page 6

Please supplement these deficient responses with complete responses by May 13 for the highlighted Plaintiffs and by May 18 for the remaining Plaintiffs.

Sincerely,

Amy Schaefer Ramsey

Firmwide:89969238.1 053439.1083

# EXHIBIT E



Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

May 13, 2009

Amy Schaefer Ramsey
312.795.3238 direct
312.372.5520 main
312.602.3881 fax
aramsey@littler.com

**VIA E-MAIL AND U.S. MAIL**

Robert E. DeRose, II
Barkan Neff Handelman Meizlish, LLP
P.O. Box 1989
Columbus, OH 43216-1989
bderose@bnhmlaw.com

Gregory O. Wiggins
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
gwiggins@wcqp.com

Re:    In re Family Dollar FLSA Litigation - Grace and Ward Discovery Responses

Dear Counsel:

To follow up on my letters of May 11 and May 12, I am writing to describe the deficiencies in discovery responses of the Plaintiffs who are subject to our motion to dismiss as it relates to the three specific discovery requests that are designed to elicit complete information about where each of the Plaintiffs applied for employment and obtained employment, either during or after they worked as Family Dollar Store Managers, and how they described their duties and responsibilities at Family Dollar.[1] I provide this information to confirm that the absence of verifications, individualized discovery responses, or lack of ESI disclosures are not the only deficiencies in these individuals' discovery responses. Indeed, if Plaintiffs respond to the motion to dismiss by stating that these Plaintiffs have fully responded to discovery, that would be false as illustrated below.

Request for Production No. 13 - This request asks Plaintiffs to produce every resume they have prepared since being employed as a Family Dollar Store Manager. None of the twenty-nine individuals subject to the motion to dismiss produced resumes.

Request for Production No. 18 - This request seeks the Plaintiffs' complete tax returns from three years from when Plaintiffs filed their opt-in consent forms to the present. Of the twenty-nine individuals subject the motion to dismiss, only one individual, Nancy Smith, produced any tax returns at all. Her response must be supplemented, as she produced only portions of her tax returns and not complete returns. The other twenty-eight individuals produced nothing at all in response to this request.

---

[1] These are not the only deficiencies, but they are the ones we deem to be most material.

<u>Interrogatory No. 20</u> - This interrogatory requires Plaintiffs to identify everywhere that they sought employment either during or after working as a Family Dollar Store Manager.   The following Plaintiffs did not provide any information:

1. Melvin Cathey
2. Sharron Daugherty
3. Traci Davis
4. Deborah Hales
5. Linda Herring
6. Dusty Hylton
7. Cynthia McVeigh
8. Doris Ness
9. Robby Quinton
10. Brenda Rowland
11. John Widdicombe
12. Howard Farmer
13. Ike Garza
14. Jimmy Ray Guinn

Brenda Bilbrey, Ethel Braswell, and Barbara Tucker incredibly claimed that they did not apply for employment anywhere since they held Store Manager positions with Family Dollar, notwithstanding that they Family Dollar years ago.

Timothy Hill and Crestlie Bauman gave the following non-responsive answer: "Left disabled after my employment with Family Dollar and the company asked me to resign":

Finally, the following Plaintiffs gave otherwise non-responsive answers, which are described below:

1. John A. Gertken (did not provide addresses for employers)
2. LaSandra Rose (stated that she was employed by a daycare but did not provide its name or address)
3. Irish Johnson Houston (answer "none with Family Dollar" is not responsive)
4. Dorothy Hudson Meadows (answer "none with Family Dollar" is not responsive).

Robert E. DeRose, II
Gregory O. Wiggins
May 13, 2009
Page 3

Once again, based on these material deficiencies, Plaintiffs cannot credibly argue in response to the motion to dismiss that <u>any</u> of the individuals subject to the motion have served complete discovery responses.

Sincerely,

Amy Schaefer Ramsey

Firmwide:90020574.1 053439.1083

# EXHIBIT F



**Littler**
Employment & Labor Law Solutions Worldwide

Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

Amy Schaefer Ramsey
312.795.3238 direct
312.372.5520 main
312.602.3881 fax
aramsey@littler.com

May 15, 2009

**VIA E-MAIL AND U.S. MAIL**

Robert E. DeRose, II
Barkan Neff Handelman Meizlish, LLP
P.O. Box 1989
Columbus, OH 43216-1989
bderose@bnhmlaw.com

Gregory O. Wiggins
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
gwiggins@wcqp.com

Re:   In re Family Dollar FLSA Litigation - <u>Grace</u> and <u>Ward</u> Discovery Responses

Dear Counsel:

I am writing to confirm the agreement that Mr. Wiggins and I reached yesterday after conducting a discovery conference regarding Plaintiffs' deficient responses to the discovery requests that require Plaintiffs to: (1) identify where they applied for work both during and after working as Family Dollar Store Managers; (2) produce resumes used both during and after working as a Family Dollar Store Manager; and (3) produce their complete tax returns.

Although Mr. Wiggins denied that Plaintiffs waived any objections regarding the number of discovery requests that Family Dollar served, he agreed that Plaintiffs would produce the items listed above. We further agreed that since Family Dollar's purpose for requesting complete tax returns was to have additional verification of all the places where Plaintiffs worked, it would be acceptable for Plaintiffs to produce returns for the years after Plaintiffs terminated employment with Family Dollar if they had no other employment while working as Family Dollar Store Managers.

Mr. Wiggins reported that he has attempted to contact each of the 8 Plaintiffs being deposed in Charlotte next week to obtain supplemental responses and production, and he reported the status of their supplementation as follows:

- Michael McCoy - He does not think that he has a resume, but will confirm; he will bring his complete tax returns reflecting post Family Dollar employment to his deposition.
- Todd Hargrove - He does not have a resume; he will bring his complete tax returns reflecting post Family Dollar employment to his deposition.

Case 3:08-md-01932-GCM   Document 154   Filed 06/18/09   Page 52 of 61

- Nancy Burnette - She does not have a resume; she will bring her complete tax returns to her deposition
- Tara Jahateh - She does not think that she has a resume, but will confirm. She stated that her tax returns were on her computer, but that she was robbed and does not have access to them. She reports that she applied to and worked at Dollar Tree and Dollar General since working at Family Dollar.
- Tammy Asher - She does not have a resume; she will bring her complete tax returns to her deposition. She reports that she applied to and worked for Dollar Tree since working at Family Dollar.
- Amanda Echols, Iva Vanetta Tate, Jimmy Earl Gilbert - These individuals have not returned Mr. Wiggins call.

By no means does Family Dollar agree that this last minute, piecemeal production is acceptable, nor does it agree that this does not prejudice its ability to fully prepare for the depositions. Indeed, as I advised Mr. Wiggins, we had intended to subpoena application materials from the places where Plaintiffs applied and worked so we could ask them about those documents at their depositions. Plaintiffs' failure to serve timely and complete discovery responses forces us to ask Plaintiffs about their application materials before having those materials in hand. This places Family Dollar at a disadvantage. We have agreed to accept this late production <u>only</u> so we can adhere to the present deposition schedule. If any of these Plaintiffs fail to provide this information at their depositions, Family Dollar will immediately take appropriate action with the Court.

Mr. Wiggins further agreed that the deficiencies for the remaining Plaintiffs identified in my letter of May 11 will be cured by **May 28, 2009** -- meaning that I will <u>receive</u> all of the supplemental responses on that date. Mr. Wiggins further agreed to serve supplemental responses on a rolling basis as he receives them. Please be advised that I will immediately take the appropriate action with the Court to address any Plaintiff's failure to completely supplement by May 28.

Mr. Wiggins mentioned that Plaintiffs also intend to supplement, by May 28, 2009, responses for the Plaintiffs who are subject to Family Dollar's motion to dismiss. I identified the deficiencies in those individuals' responses via my letter of May 13. However, the purpose of that (as explained in my letter) was to notify Plaintiffs that they cannot claim to the Court, in response to the motion to dismiss, that they have cured their failure to comply with the Court's discovery order by merely presenting an individualized response and a verification sheet. This is because most of those individuals did not produce their resumes, identify where they applied for work after becoming a Family Dollar Store Manager, or produce their complete tax returns. By no means does Family Dollar agree that untimely, piecemeal responses by those Plaintiffs alters the fact that their claims should be dismissed.

Robert E. DeRose, II
Gregory O. Wiggins
May 15, 2009
Page 3

Sincerely,

Amy Schaefer Ramsey
Firmwide:90061975.1 053439.1083

# EXHIBIT G



Littler Mendelson, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601

Amy Schaefer Ramsey
312.795.3238 direct
312.372.5520 main
312.602.3881 fax
aramsey@littler.com

June 9, 2009

**VIA E-MAIL AND U.S. MAIL**

Robert E. DeRose, II
Barkan Neff Handelman Melzlish, LLP
P.O. Box 1989
Columbus, OH 43216-1989
bderose@bnhmlaw.com

Gregory O. Wiggins
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
gwiggins@wcqp.com

Re:     In re Family Dollar FLSA Litigation - <u>Grace</u> and <u>Ward</u> Discovery Responses

Dear Counsel:

I have been corresponding with you regarding deficiencies in the Plaintiffs' discovery responses separately for: (1) those Plaintiffs who were subject to the motion to dismiss; and (2) for those Plaintiffs who were not. In my letter dated May 15, I advised Mr. Wiggins that for the latter group, I would write a letter to the Court seeing to compel discovery responses if I did not receive complete responses by May 28. However, to avoid with multiple motions, I prefer to raise the issue of outstanding discovery once -- after the Plaintiffs who were subject to the motion to dismiss have supplemented their discovery responses on June 16 per the Court's order dated June 2. Thus, this serves as a further extension for the supplemental responses that Plaintiffs were supposed to serve by May 28.

The Court's June 2 Order specifies the discovery requests that the Plaintiffs subject to the motion to dismiss must supplement. I will not repeat those requirements in this letter. The Order also provides that "[t]o the extent not otherwise specified in this Order, Plaintiffs shall provide all outstanding discovery for the twenty-nine Plaintiffs and Intervenors identified in Defendant's Motion to Dismiss. All such discovery shall be provided within ten (10) days from the date of this Order." I advised you in my letter dated May 13 of additional deficiencies with those individuals' discovery responses.

I now describe the deficient responses for both groups of Plaintiffs. If I do not receive complete responses to the deficiencies described in this letter by June 16, I will seek the appropriate relief from the Court.

Request for Production number 13 seeks, "Any and all job applications, resumes, curriculum

littler.com

vitae, or other similar documents you have completed during the time period that you contend is relevant to the Action through the present." This request is relevant because it will likely contain a description of the Plaintiffs' duties as Store Managers at Family Dollar. The following individuals have completely failed to either provide the document(s) requested or confirm that such document(s) do not exist:

1. Jewel Ray Belford
2. Susan E. Brown
3. Angela J. Cooper
4. Monica J. Dance
5. Betty J. Dearmon
6. Mary Lou DeFoor
7. Amanda Echols
8. Jimmy Earl Gilbert
9. Jodi Hare
10. Erica L. Lewis
11. Margie A. Little
12. Austin S. Mudenda
13. Sandra Diane Rhinehart
14. Marcella SanGiorgio
15. Gwen K. Sinns
16. Eddie Mae Smith
17. Iva v. Tate
18. Tanya Lakitsha Warren
19. Darrell D. Baker
20. Dorothy Harson
21. Lynnia Marion
22. Sandra D. Roper
23. Rickie Rowell
24. Sharon Phillips Bell
25. Brenda Bilbrey
26. Ethel Braswell
27. Melvin Cathey
28. Mark Clark
29. Sharron Daughterty
30. Traci Davis
31. Phillis Fancher
32. John A. Gertkin III
33. Deborah J. Hales
34. Linda Herring
35. Dusty Hylton
36. Cynthia McVeigh
37. Doris Ness

38. Robby Quinton
39. LaSandra B. Rose
40. Brenda S. Rowland
41. Nancy Smith
42. John Widdicombe
43. Crestilie Bauman
44. Howard G. Farmer
45. Ike Garza
46. Jimmy Ray Guinn
47. Timothy M. Hill
48. Irish Johnson Houston
49. Dorothy Hudson Meadows
50. Phillip Mitchell
51. Barbara Tucker
52. Shawn Eric Ward

Request for Production number 18 seeks, the Plaintiffs' complete tax returns, including W-2s, schedules, and other attachments, from three years prior to the filing of Plaintiffs' opt-in consent forms to the present. This information is essential for Defendants to identify and confirm post Family Dollar employment, if applicable, and subpoena relevant employment records from these employers. The following individuals did not produce any documents or provide information explaining why they cannot produce the requested documents:

1. Jewel Ray Belford
2. Susan E. Brown
3. Angela J. Cooper
4. Monica J. Dance
5. Betty J. Dearmon
6. Mary Lou DeFoor
7. Jimmy Earl Gilbert
8. Jodi Hare
9. Erica L. Lewis
10. Austin S. Mudenda
11. Sandra Diane Rhinehart
12. Marcella SanGiorgio
13. Gwen K. Sinns
14. Tanya Lakitsha Warren
15. Darrell D. Baker
16. Irish Johnson Houston
17. Lynnia Marion
18. Sandra D. Roper
19. Sharon Phillips Bell
20. Brenda Bilbrey

21. Ethel Braswell
22. Melvin Cathey
23. Mark Clark
24. Sharron Daughterty
25. Traci Davis
26. Phillis Fancher
27. John A. Gertkin III
28. Deborah J. Hales
29. Linda Herring
30. Dusty Hylton
31. Cynthia McVeigh
32. Doris Ness
33. Robby Quinton
34. LaSandra B. Rose
35. Brenda S. Rowland
36. Nancy Smith
37. John Widdicombe
38. Crestilie Bauman
39. Howard G. Farmer
40. Ike Garza
41. Jimmy Ray Guinn
42. Timothy M. Hill
43. Irish Johnson Houston
44. Dorothy Hudson Meadows
45. Phillip Mitchell
46. Barbara Tucker
47. Shawn Eric Ward

The following individuals partially responded to Defendants' request; however, their responses are deficient, as described below:[1]

1. Arlene Atkins- Failed to produce W-2 forms for 2001, 2003-2008 and tax returns for 2002 and 2008.
2. Alfred Blair- Failed to produce W-2 forms for 2004-2008.
3. Nancy Burnette- Failed to produce tax returns for 2004-2008 and W-2 forms for 2004-2006.

---

[1] Family Dollar acknowledges its agreement on May 14, 2009 to find it acceptable for Plaintiffs to produce returns for the years after Plaintiffs terminated employment with Family Dollar, if they had no other employment while working as Family Dollar Store Managers. Family Dollar does not have information regarding whether these Plaintiffs held additional employment while working as Family Dollar Store Managers, and therefore, the deficiencies described herein are not affected by the May 14, 2009 agreement.

4. Nannie Sue Daniels- Failed to produce W-2 forms for 2004-2008.
5. Mamie Conway- Failed to produce tax returns for 2003-2005 and W-2 forms for 2003-2008.
6. Rickie Rowell- Failed to produce W-2 forms for 2003-2008.
7. Clair Trost- Failed to produce W-2 forms for 2004-2008.
8. Nancy Smith - produced only portions of her tax returns and not complete returns.

Interrogatory number 20 requires Plaintiffs to identify everywhere they have sought employment either during or after working as a Family Dollar Store Manager. The following Plaintiffs failed to respond to this request:

1. Tammy Asher
2. Nancy Burnette
3. Mary Lou DeFoor
4. Mamie Conway
5. Howard G. Farmer
6. Ike Garza
7. Angela V. Giliberti
8. Sally Villanueva
9. Dorothy Ann Wilson
10. Melvin Cathey
11. Sharron Daugherty
12. Traci Davis
13. Deborah Hales
14. Linda Herring
15. Dusty Hylton
16. Cynthia McVeigh
17. Doris Ness
18. Robby Quinton
19. Brenda Rowland
20. John Widdicombe
21. Howard Farmer
22. Ike Garza
23. Jimmy Ray Guinn

The following individuals gave the following non-responsive answers, and have failed to supplement their answers with responsive information.

1. Darrell Baker- "Left disabled after my employment with Family Dollar and the company asked me to resign."
2. Dorothy Ann Wilson- "Left disabled after my employment with Family Dollar and the company asked me to resign."
3. Dorothy Harson- "Left disabled after my employment with Family Dollar and the

company asked me to resign."
4. Lynnia Marion- "never applied during employment with FD."
5. Sandra Roper- "none with Family Dollar."
6. Austin Mudenda- (provided name of employer but no address and does not identify the position held with Pepsi)
7. Todd Hargrove- (stated that he applied for unemployment but was denied—does not describe efforts to secure employment)
8. Eddie Mae Smith- (does not provide employer's address or dates of employment)
9. Angela Giliberti- (did not respond with respect to time period 2007 to the present)
10. John A. Gertken - (did not provide addresses for employers)
11. LaSandra Rose - (stated that she was employed by a daycare but did not provide its name or address)
12. Irish Johnson Houston - (answer "none with Family Dollar" is not responsive)
13. Dorothy Hudson Meadows - (answer "none with Family Dollar" is not responsive)
14. Timothy Hill - (answer "Left disabled after my employment with Family Dollar and the company asked me to resign" is not responsive)
15. Crestie Bauman - (answer "Left disabled after my employment with Family Dollar and the company asked me to resign" is not responsive).

Also, Brenda Bilbrey, Ethel Braswell, and Barbara Tucker incredibly claimed that they did not apply for employment anywhere since they held Store Manager positions with Family Dollar, notwithstanding that they left Family Dollar years ago.

In conclusion, the deficiencies described herein are the same deficiencies that I have repeatedly described in my prior correspondence and which we have discussed in prior discovery conferences. If Plaintiffs do not cure these by June 16, I will seek the appropriate relief from the Court.

Sincerely,

Amy Schaefer Ramsey
Firmwide:90413137.1 053439.1083