IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | |
| *Concerning Grace v. Family Dollar Stores, Inc. (3:06-cv-306) and Ward v. Family Dollar Stores, Inc. (3:06-cv-441).* | **ORDER** |

This matter is before the Court on Defendant's Motion to Dismiss and Motion to Compel filed June 18, 2009 (Doc. No. 154); Plaintiffs' Opposition filed July 2, 2009 (Doc. No. 158); Defendant's Reply filed July 8, 2009 (Doc. No. 171) and Plaintiffs' Motion for Stay or Extension of Briefing Deadlines, (Doc. No. 170) with respect to Defendant's Motions for Summary Judgment related to Amanda Echols and Iva Tate. For the reasons stated here, Defendant's Motion will be granted in part and denied in part and Plaintiffs' Motion (Doc. No. 170) will be granted.

Family Dollar served interrogatories and requests for production upon the Plaintiffs and Intervenors on March 3, 2009. Plaintiffs' responses were due on April 6, 2009. After an agreed upon extension, Family Dollar notified the Court of Plaintiffs' failure to: (1) respond to written discovery; (2) comply with the Court's Order requiring Plaintiffs to disclose potential sources of electronically stored information ("ESI"); and (3) serve initial disclosures. By Order dated April 28, 2009, the Court ordered Plaintiffs to provide complete discovery responses as specified in the Order

1

by May 1, 2009 and directed Plaintiffs' counsel to inform the Court if counsel can no longer contact parties or counsel is aware of a party who has lost interest in pursuing the litigation.[1] (Doc. No. 117).

On May 4, 2009, Defendant Family Dollar moved to dismiss twenty-nine Plaintiffs and Intervenors for failure to comply with the Court's Scheduling Order and subsequent discovery Order (Doc. No. 124). Plaintiffs' counsel filed a response to the motion on May 21, 2009, (Doc. No. 132). In the Court's June 2, 2009 Order, (Doc. No. 140), the Court denied Defendant's Motion to Dismiss but directed that Plaintiffs' counsel provide the following within ten (10) days of the date of this Order:

    (a) The outstanding discovery for the five Plaintiffs/Intervenors that counsel concedes he has been unable to locate given their moving and not providing a forwarding address.[2]

    (b) Linda Herring, Cynthia McVeigh, Doris Ness and John Widdicombe[3] who are all "in the process" of sending in their verified interrogatory responses shall provide such responses within ten (10) days or they will be dismissed from this case;

    (c) LaSandra B. Rose who is "in the process' of sending in her ESI Disclosures, shall provide such discovery within ten (10) days or she will be dismissed from this case;

    (d) Ike Garza and Irish Johnson Houston[4] shall provide the Defendant with their signed Declaration page of their Interrogatory Response within ten (10) days or risk being dismissed from this action.

---

[1] On July 1, 2009, Plaintiffs' counsel informed the Court of several individuals who could not be contacted or who were not communicating with counsel or not returning discovery responses to counsel. In response the Court dismissed Traci Davis; Doris Ness; John Widdicombe; Deborah Hales; Brenda Rowland; Linda Herring; Cynthia McVeigh; Augusta Ayers; Raheem Wilder and Crestlie Bauman. (Doc. No. 160.)

[2] The Court notes that by Order dated July 2, 2009, several of these Intervenors were dismissed including Traci Davis; Deborah J. Hales; Brenda S. Rowland and Crestilie Bauman. Robby Quinton remains in this litigation.

[3] These parties have been dismissed from this action by Order dated July 2, 2009.

[4] Summary judgment was entered against Irish Johnson Houston on June 19, 2009.

(e) Melvin Cathey; Mark Clark; Sharron Daugherty; John Gertken; Dusty Hylton; LaSandra Rose; Crestlie Bauman; Howard Farmer; Ike Garza; Jimmy Ray Guinn; Timothy Hill; Irish Johnson Houston; and Dorothy Hudson Meadows[5] shall supplement their individualized verified interrogatory responses within ten (10) days of the date of this Order such that their responses are "individualized" and not a recycled version of the standard responses previously served.

The Court clearly stated that failure to provide the discovery identified in the Order within the time specified in the Order may result in dismissal from this action and articulated its authority to do so. The Court also stated that "to the extent not otherwise specified in this Order, Plaintiffs shall provide all outstanding discovery for the twenty-nine Plaintiffs and Intervenors identified in Defendant's Motion to Dismiss. All such discovery shall be provided within ten (10) days from the date of this Order.

**I. Plaintiffs Dismissed by the Court's July 2, 2009 Order (Doc. No. 160)**

By the instant motion filed on June 18, 2009, Defendant's ask that this Court to dismiss the Plaintiffs and Intervenors who have failed to comply with the Court's June 2, 2009 Order. Specifically, Defendants state that Deborah Hales, Brenda Rowland and Crestlie Bauman have not filed full and complete discovery responses. To the extent these parties were dismissed by the Court July 2, 2009 Order, this part of Defendant's Motion to Dismiss is denied as moot. Next, Family Dollar contends that they have not received verified interrogatory responses from Cynthia McVeigh, Doris Ness or John Widdicombe and as such they should be dismissed. To the extent these parties were dismissed by the Court's July 2, 2009 Order, this part of Defendant's Motion to Dismiss is denied as moot.

---

[5] Crestlie Bauman is no longer a party to this action.

**II. Identical Interrogatory Responses**

Next, Family Dollar states that while they have received amended interrogatory responses from Melvin Cathey, Sharron Daugherty, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill; Dorothy Hudson Meadows; Mark Clark; and John Gertken, such responses continue to be boilerplate answers that are merely copied and pasted for each of the Plaintiffs. Indeed, Defendant explains that with respect to interrogatory numbers 5, 6, 8, 11 and 13 each party provided an identical response.

With respect to Interrogatory No. 5,[6] Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Rau Guinn, Timothy Hill and Dorothy Hudson Meadows each provided an identical response. Specifically, that response is as follows:

During the relevant time period that I was a Store Manager and, in following the company's policy's and procedures, the following individuals performed the following job duties:

| Duty | Person(s) Who Performed the Duty |
|---|---|
| Supervised store employees | District Manager, Store Manager, Assistant Manager(s) and third Key |

---

[6] Interrogatory No. 5 states: For the store in which you serve as the Store Manager, separately for each week, describe in detail who preformed the following tasks in the store: supervised store employees, interviewed and hired employees, disciplined employees, trained employees, ordered supplies and merchandise, maintained sales records, controlled the flow of merchandise from deliver to the store shelves, managed the budget, and handled employee complaints and/or grievances.

| | |
|---|---|
| Interview and hired employees | District Manager, Store manager and Assistant Manager interviewed and/or participated in the interview of applicants. Store Manager, Assistant Managers, Third Key Managers, Cashiers & Stockers could only be hired after they passed the Stanton test, drug test and background checks. New employees would only be hired if they would agree to a certain pay range which was determined by the D.M. Store Managers did not have the authority to hire/promote Assistant Store Managers and/or Third Key Managers. Assistant Store Managers and Third Key Managers were interviewed and hired/promoted by the District Manager. |
| Disciplined employees | District Manager, Store Manager, Assistant Manager & Third key |
| trained employees | All store employees assisted in the training of new employees. For example, a newly hired cashier and/or stocker would be trained by an experienced cashier and/or stocker. |
| Ordered supplies and merchandise | District Manager, Store manager, Assistant Manager and third Key. Also, much of the ordered of the merchandise was automatically re-ordered once the merchandise was sold. |
| Maintained sales records | District Manager, Store Manager, Assistant Manager and Third Key |

| | |
|---|---|
| Controlled the flow of merchandise | The flow of merchandise was controlled by the company's door-to-shelf program. The merchandise was placed in the store in compliance with the pre-arranged locations as determined by the company. The manager(s) on duty as well as other store employees stocked and re-stocked the shelves daily and recouped the store on a daily basis. |
| Managed the budget | District Manager, Store Manager, Assistant Manager and Third Key |
| Handled employee complaints | District Manager, Store Manager, Assistant Manager and Third Key. If a complaint could not be resolved within the Store, it had to be turned over to the District Manager for handling. |

With respect to Interrogatory No. 6,[7] Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill and Dorothy Hudson Meadows each provided an identical response. Specifically, that response is as follows:

The interrogatory ask me to provide certain information for each employee who worked in "your" store. The store(s) wherein I worked as a store manager were not my store(s). The stores belonged to family Dollar.

---

[7] Interrogatory No. 6 states: Do you allege in this Action that as a Store Manager, you were not able to regularly use your discretion in matters relating to the running of your store, but rather, that discretionary functions were primarily handled by your District Manager, Area Operations Manager, Performance Manager, or other direct supervisor? If your answer is affirmative, set forth the complete factual basis for this allegation such that your response identifies who you claim exercised such discretionary powers instead of you, and for each week of your employment with Family Dollar, identify each and every discretionary duty or act you claim was regularly exercised by the above identified individual(s) as it related to your store.

During the relevant time period that I held the position of store manager, I had very little, if any, discretion in regards to matters relating to the running of the store. To the best of my knowledge, the store's weekly payroll budget was determined by someone in corporate headquarters and the distributed down to the District Manager who, in turn, distributed each store in his/her district the store's weekly payroll budget. I had absolutely nothing to do with determining the store's weekly payroll budget. The store's hours of operation were determined by corporate headquarters. AS a store manager, I had no control of determining the store's hours and had no discretion in changing the store's hours. The store's hours of operation could only be changes by someone in corporate headquarters. I had no discretion in hiring or promoting a person to a managerial position. Whereas I could recommend, I have no idea how much weight my District Manager game my recommendations. I had little, if any, discretion in determining the type of merchandise that would be sold in the store. I had no discretion in determining the stores waste pickup service or the stores pest control service. I had little, if any, discretion when it came to the terminating or suspending employees. I had little, if any, discretion in determining whether an employee could work overtime. I had little, if any, discretion to close the store in case of emergency. Other matters that related to the store such as refunds, voids, bank deposits and markdowns were determined by the company's policies and procedures manual. Refunds, voids and bank deposits were handled by the managerial employee(s) on duty at the time. I spent the vast majority of my time, over 90%, performing manual labor job duties, not managerial job duties. The manual labor job duties included unloading trucks, stocking shelves, re-stocking shelves, waiting on customers, running the cash register, cleaning the store and restrooms and recouping the stores. The District Manager, through store visits, telephone calls and e-mails monitored and/or supervised the daily operations of the store in his/her district. During his/her store visits the District Manager would often leave to-do lists for the store to accomplish.

With respect to Interrogatory No. 8,[8] Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill and Dorothy Hudson Meadows each provided an identical response. Specifically, that response is as follows:

The interrogatory asks me to provide certain information for each employee who worked in "your" store. The store(s) wherein I worked as a store manager were not my store(s). The stores belong to Family Dollar. The interrogatory also asked me to provide certain information on each employee identified in response to interrogatory # 7. I did not identify any employee in response to interrogatory # 7. However, I would state that as a Store manager, during the relevant time period,

---

[8] Interrogatory No. 8 states: For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, identify each decision to hire, fire, discipline or promote the employee, and sperately for each such decision, describe in detail your role in the decision and the role of any decision-makers in that decision.

I did not have authority to hire Assistant Managers, terminate hourly employees or promote an employee to a managerial position. Whereas I could make a recommendation in regards to the hiring of a certain employee, promoting a employee or terminating an employee it was the District manager who actually made the decision concerning who was hired, promoted and/or terminated. As far as disciplining store employees the store management team, which based upon the company's policy and procedures consisted of the District manager, Store manager, Assistant Manager and third Key, could discipline store employees for certain infractions. However, all disciplines were sent to the District Manager and it was ultimately the District manager who had the final approval over the discipline.

With respect to Interrogatory No. 11,[9] Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill and Dorothy Hudson Meadows each provided an identical response. Specifically, that response is as follows:

The interrogatory asks me to provide certain information for each employee who worked in "your" store that I identified in response to interrogatory # 7. The stores I worked in while holding the title of store manager were not my store but rather belonged to Gamily Dollar. In addition I did not identify any employees in response to interrogatory # 7. However, in regards to assigning, directing, monitoring and prioritizing employees daily work, in large part, cashiers, stockers and Assistant managers had assigned job duties that were assigned to them based upon their job title. Therefore, the majority of the job duties performed by these individuals were normal routine daily job duties and very little, if any, daily supervision was required. There were occasions wherein either the District Manager, Store Manager, Assistant Manager and/or Third Key Manager would have to assign, direct and prioritize employees job duties but these occasions were rare.

With respect to Interrogatory No. 13,[10] Melvin Cathey, Sharron Daugherty, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill and Dorothy Hudson Meadows each provided an identical response. Specifically, that response is as follows:

---

[9] Interrogatory No. 11 states: For each employee identified in your response to Interrogatory No. 7, and for the time period that such employee worked in your store, describe in detail who assigned, directed, monitored, and prioritized the employee's work.

[10] Interrogatory No. 13 states: For each employee identified in your response to Interrogatory No. 7, and for the time period such employee worked in your store, describe in detail who trained the employee and conducted performance appraisals and/or evaluations (either written or oral) for the employee.

8

The interrogatory ask me to provide certain information for each employee who worked in "your" store. The Store(s) wherein I worked as a store manager were not my store but rather belonged to Family Dollar. The interrogatory also asked me to provide certain information in regards to the employees identified in response to interrogatory number 7. I did not identify any employees in response to interrogatory # 7. However, in regards to training store employees all store employees participated in the training of newly hired store employees. For example, experienced cashiers and stockers training newly hired cashiers and stockers. Training cashiers and stockers was done pursuant to company policy. As far as evaluating employees, I don't specifically recall performing written evaluations on store employees but, if I performed written evaluations on store employees those evaluations had to be sent to the District Manager for his approval. The District Manager had the final say as to whether the evaluation would be accepted or rejected and the amount of pay raise employees received.

Defendant argues that these identical answers are obviously not specific to each individual and therefore are not in compliance with this Court's June 2, 2009 Order and asks that these parties be dismissed. Plaintiffs' counsel contends that the supplemental responses at issue are appropriate because each of the plaintiffs held the same position as store manager. They argue that it is, therefore, not unreasonable that they would have similar, if not identical, responses to the same interrogatory. Indeed, Plaintiffs' position is, and always has been, that all store managers perform the same job duties. Plaintiffs' counsel contends that the Plaintiffs' answers were made in good faith and should not be dismissed simply because Defendant does not like the answers.

The Court has considered counsels' arguments and the specific interrogatories and responses at issue and notes, as it has previously done, that the requests at issue do require an individualized response, specific to each Plaintiff answering the requests. However, a review of the responses reveal that they are canned responses obviously drafted by counsel and not the individual Plaintiffs. Such responses represent a blatant disregard for this Court's previous discovery Order. Further Plaintiffs' responses attempt to treat this case as a collective action despite this Court's ruling that it is not. Because the Court has granted summary judgment as to Plaintiff Irene Grace, Plaintiffs

have the opportunity to present this issue to the Fourth Circuit Court of Appeals. Unless and until that Court reverses the undersigned's decision holding that this case is not a collective action, Plaintiffs must function within the legal confines of this Court's order.

Plaintiffs were specifically directed in the Court's June 2, 2009 Order to supplement their individualized verified interrogatory responses within ten (10) days of the date of that Order such that their responses are "individualized" and not a recycled version of the standard responses previously served. Plaintiffs claim that they timely complied with this Court's Order and served their supplemental responses on Defendant. The Court has reviewed Plaintiffs' supplemental responses and concludes that such responses are non responsive as described above.

In deciding whether to impose the sanction of dismissal where a party fails to comply with a discovery order, the Fourth Circuit has directed that the Court consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mutual Federal Savings & Loan Ass'n v. Richards & Assocs, Inc., 872 RF.2d 88 (4th Cir. 1989). Indeed, in that case, a default judgment was entered against defendant after several attempts by the plaintiff to obtain pertinent and adequate discovery information. The Court concluded that defendant acted in bad faith "both by their noncompliance and their haphazard compliance" with discovery orders, defendant's misconduct resulted in great prejudice because plaintiffs could not prove their case without the information requested; defendant's noncompliance was viewed as "stalling and ignoring the direct orders of the court with impunity; and the alternative sanctions had little, if any, impact of defendants. Id. at 93.

In the instant case, it is the Plaintiffs facing dismissal as opposed to the Defendant. However, the application of this holding supports dismissal. Indeed, the Court has considered the factors stated by the Fourth Circuit and concludes that the Plaintiffs at issue should be dismissed. First, Plaintiffs were specifically directed to supplement their individualized verified interrogatory responses such that their responses are "individualized" and not a recycled version of the standard responses previously served. Instead, Plaintiffs once again provided non responsive, non individualized responses drafted by counsel and which do not represent each individual Plaintiffs specific response. Therefore, this Court finds the noncomplying party did act in bad faith. Next, this Court finds that Defendant has suffered prejudice by Plaintiffs' second set of non responsive answers to the interrogatories at issue. Indeed, the Defendant has had to spend unnecessary time filing motions to compel and to dismiss. Further, without the individualized responses to the interrogatories at issue, Defendant has been unable to defend against the Plaintiffs' claim. Next, there is a need for deterrence of the particular sort of noncompliance. This Court has already specifically ordered Plaintiffs to file individualized responses to these specific interrogatories and Plaintiff has not done so. Finally, the Court has considered the effectiveness of less drastic sanctions. Despite the Court's strong efforts to require Plaintiffs' counsel to conform to the Court's discovery Orders, it is apparent that no sanction, short of dismissal, will be effective. Indeed, if this type of flagrant disregard for the Court's Orders continue, the Court will be compelled to consider whether lead counsel should be replaced. The type of disregard for the Court's Orders at issue in this case frustrates any case management attempted by the Court and clogs the system. This case consists of nineteen separate cases and over one hundred Plaintiffs. Given the magnitude of this case, the Court must be able to

rely of the very competent and sophisticated counsel involved in this case to act as such and to comply with the Court's Orders.

For the reasons set forth herein, the Plaintiffs identified in this Order as having filed identical responses to Interrogatory Nos. 5, 6, 8, 11 and 13 are dismissed.

**III. Defendant's Request for Production Nos. 13 and 18 and Interrogatory No. 20 and Plaintiffs Subject to the Court's June 2, 2009 Order**

Next, Family Dollar asks this Court to dismiss 20 plaintiffs[11] who are subject to the Court's June 2, 2009 Order because they have allegedly failed to adequately respond to defendant's request for Production Nos. 13[12] and 18[13] and Interrogatory No. 20.[14]

Defendant contends that Request for Production No. 13 is relevant because it will likely contain a description of Plaintiff's duties as Store managers at Family Dollar. With respect to

---

[11] Sharon Bell, Brenda Bilbrey, Ethel Braswell, Melvin Cathey, Mark Clark, Sharron Daugherty, Phillis Fancher, John A. Getkin, Deborah Hales, Dusty Hylton, LaShondra Rose, Nancy Smith, Howard Famer, Ike Garza, Jimmy Ray Guinn, Timothy Hill, Dorothy Meadows, Phillip Mitchell, Barbara Tucker, and Shawn Ward.

[12] Request for Production No. 13 seeks, "Any and all job applications, resumes, curriculum vitae, and other similar documents you have completed during the time period that you contend is relevant to the action through the present."

[13] Request for Production No. 18 seeks the Plaintiffs' complete tax returns, including W-2s, schedules, and other attachments, from three years prior to the filing of Plaintiffs' opt-in consent forms to the present.

[14] Interrogatory No. 20 requires Plaintiffs to identify (with name, address and phone number) everywhere they have sought employment either during or after working as s family Dollar Store Manager.

Request for Production No. 13, all of the Plaintiffs identified by Defendant Family Dollar have either completely failed to provide the documents requested or confirm that such documents do exist.

Defendant contends that Request for Production No. 18 is essential for defendant to identify and confirm post Family Dollar employment, if applicable, and subpoena relevant employment records for these employers. With respect to Request for Production No. 18, all of the Plaintiffs identified as subject to the Court's June 2, 2009 Order did not produce any documents or provide information explaining why they cannot produce the requested documents with the exception of Plaintiff Nancy Smith, who did produce portions of her tax returns, but not completed returns. Defendant contends that Interrogatory No. 20 is relevant because it will allow Family Dollar to subpoena employment records from the identified entitles in order to determine, what, if any, duties they claim to have performed for Family Dollar. Of the Plaintiffs subject to the Court June 2, 2009 Order, Sharron Daugherty, Howard Farmer, Ike Garza and Jimmy Ray Guinn failed to respond to the request. Further, several Plaintiffs subject to the Court's June 2, 2009 Order provided the following non-responsive answer to Interrogatory No. 20 and failed to supplement their answers with responsive information:

    John Gertken - did not provide addresses for employers

    LaSandra Rose - stated she was employed by a daycare but did not provide its name or address

    Dorothy Hudson Meadows - "None with Family Dollar"

    Timothy Hill - "Left disabled after my employment with Family Dollar and the company asked me to resign."

Brenda Bilbrey, Ethal Braswell and Barbara Tucker claim they have not applied for employment anywhere since they held Store Manager positions with family Dollar, notwithstanding that they left Family Dollar years ago.

The Court agrees that the Interrogatories at issue are relevant and directs that the Plaintiffs identified in Defendant's Motion to Dismiss **SHALL** file or supplement their response within seven (7) days of the date of this Order or they **WILL** be dismissed.

**IV. Defendant's Request for Production Nos. 13 and 18 and Interrogatory No. 20 and Plaintiffs NOT Subject to the Court's June 2, 2009 Order – Motion to Compel**

Family Dollar also asks this Court to compel 26 plaintiffs[15] not subject to the Court's June 2, 2009 Order to respond to or supplement their response to Defendant's Request for Production Nos 13 and 18 and Interrogatory No. 20. Plaintiffs contend that the Defendant's motion to compel is well taken in part and suggests that instead of compelling production of resumes and tax returns, to the extent they exist, 7 days from the Court's Order, that the parties agree that Plaintiff will produce these documents 7 days prior to the deposition. With respect to the documents requested in Request for Production Nos. 13 and 18, Plaintiffs' further contend that Defendant is not prejudiced by Plaintiffs failure to produce such documents by a date certain. Plaintiffs suggest to the extent that responsive documents exist, each Plaintiff be required to produce them that if such documents are produced 7 days prior to their deposition. With respect to Interrogatory No. 20,

---

[15] Jewel Ray Belford, Susan Brown, Monica Dance, Betty Dearmon, Amanda Echols, Jodi Hare, Erica Lewis, Margie Little, Austin Muedena, Sandra Rhinehardt, Marcella Sangorgio, Gwen Sinns, Eddie Mae Smith, Iva Tate, Tanya Warren, Darrell Baker, Dorothy Harson, Angela Cooper, Tammy Asher, Nancy Burnette, Mamie Conway, Angela Giliberti, Sally Villanieva, Dorothy Wilson, Dorothy Harson and Todd Hargrove.

Plaintiffs argue that Defendant has overstated the problem and that to the extent more information is needed in response, Defendant can ask additional questions during the scheduled depositions.

The Court directs that Plaintiffs identified in Defendant's Motion to Compel **SHALL** produce complete responses and/or supplement their responses to Request for Production Nos. 13 and 18 and/or Interrogatory No. 20 within seven (7) days of the date of this Order.

**V. Plaintiffs' "Motion for Stay or Extension of Briefing Deadlines"**

On June 22, 2009 Defendant filed motions for summary judgment in regard to Plaintiffs Tate and Echols' claims. On June 25, 2009 Plaintiffs Tate and Echols filed motions pursuant to Rule 56(f) of the Federal rules of Civil Procedure. On July 2, 2009 Family Dollar filed a response in opposition to the Rule 56(f) motions. Plaintiffs' reply is due on or before July 17, 2009. By way of the instant motion, Plaintiffs request that they be allowed to file their response to Defendant's summary judgment motions seven (7) days after this Court rules on their Rule 56(f) motions. Such request is **GRANTED**.

**IT IS ORDERED that:**

(1) Defendant's Motion to Compel is **GRANTED** and the Plaintiffs not subject to the Court's June 2, 2009 Order (identified in this Order and in Defendant's Motion to Compel) **SHALL**

produce documents and/or supplement their responses to Document Requests No. 13[16] and 18,[17] to the extent they exist, within seven (7) days of the date of this Order. The Plaintiffs SHALL respond to Interrogatory No. 20 [18] within the same time frame.  To the extent no responsive documents exist or to the extent a Plaintiff did not seek other employment during or after working for Family Dollar Store, Plaintiffs shall so notify the Defendant within seven (7) days of this Order;

(2) Defendant's Motion to Dismiss with respect to those Plaintiffs dismissed by this Court's July 2, 2009 Order is **DENIED** as moot;

(3) Defendant's Motion to Dismiss is **GRANTED** with respect to those Plaintiffs who filed identical or similar responses to Interrogatory Nos. 5, 6, 8, 11 and 13.  Plaintiffs Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill and Dorothy Hudson Meadows are therefore dismissed.

(4) Defendant's Motion to Dismiss with respect to those Plaintiffs subject to this Court's June 2, 2009 Order is **DENIED**.  Those Plaintiffs SHALL have an additional seven (7) days to

---

[16] Jewel Ray Belford, Susan Brown, Monica Dance, Betty Dearmon, Amanda Echols, Jodi Hare, Erica Lewis, Margie Little, Austin Mudenda, Sandra Rhinehart, Marcella SanGiorgio, Gwen Sinns, Eddie Mae Smith, I've Tate, Darrell Baker, and Dorothy Harson.  Sandra Roper was dismissed on summary judgment on June 19, 2009.

[17] Jewel Ray Belford, Susan Brown, Angela Cooper, Monica Dance, Betty Dearmon, Jodi hare, Erica Lewis, Austin Mudenda, Sandra Rhinehart, Marcella SanGiorgio, Gwen Sinns, Tanya Lakitsha and Darrell Bajer.

[18] Tammy Asher, Nancy Burnette, Mamie Conway, Angela Giliberti, Sally Villanueva, Dorothy Ann Wilson, Dorothy Hanson, Austin Mudenda, Todd Hargrove and Eddie Mae Smith.

produce documents (and/or supplement their response) responsive to Document Request Nos. 13 and 18, to the extent they exist and to respond to Interrogatory No. 20.

(5) Plaintiff's "Motion for Stay or Extension of Briefing Deadlines" (Doc. No; 170) with respect to the Defendant's Motions for Summary Judgment related to Iva Tate and Amanda Echols will be granted in that Plaintiffs may file their response to Defendant's motions seven (7) days after this Court rules on Plaintiffs' rule 56(f) motions.

**SO ORDERED**.

Signed: July 10, 2009

Graham C. Mullen
United States District Judge