IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-MU

IN RE FAMILY DOLLAR FLSA
LITIGATION

ORDER

This matter is before the Court on Plaintiffs' Rule 56(F) Motions filed June 25, 2009 (Doc. Nos. 150 and 151); Defendant's Response to Plaintiff's Rule 56(F) Motion filed July 2, 2009 (Doc. Nos. 161 and 162). The Court notes that although Plaintiffs' filed a Notice of Intent to File a Reply on or before July 17, 2009, no such reply is reflected on the docket. (Doc. No. 167).

Defendant filed a Motion for Summary Judgment with respect to Plaintiff Amanda Echols on June 22, 2009 (Doc. No. 148.) In support of the motion, Defendant relies on Plaintiff's own admissions; interrogatories and documents that were exchanged in April, 2009 as well as the discovery conducted pre-certification.[1] Plaintiff filed the instant motion in response to Defendant's Motion for Summary Judgment seeking additional time to respond to Defendant's motion.[2] Plaintiff

---

[1] The Court notes that it is aware that there is a substantial overlap between certification issues and merits issues.

[2] Plaintiff lists fifteen topics about which she needs discovery prior to filing a response to defendant's Motion for Summary Judgment. However, she does not explain what facts she expects to discover, nor does she state how they will conflict with her own deposition and create a genuine issue of fact. Plaintiff also states that she cannot oppose summary judgment without

1

specifically asks the Court to defer ruling on the motion until after the discovery cutoff of August 31, 2009 so that Plaintiff can conduct additional discovery on Plaintiff Echols' claims prior to responding to Defendant's Motion for Summary Judgment.

Defendant filed a Motion for Summary Judgment with respect to Plaintiff Iva Tate on June 22, 2009 (Doc. No. 146). In support of the motion, Defendant relies on Plaintiff's own admissions; interrogatories and documents that were exchanged in April 2009 as well as the discovery conducted pre-certification.[3] Plaintiff filed the instant motion in response to Defendant's Motion for Summary Judgment seeking additional time to respond to Defendant's motion. Plaintiff specifically asks the Court to defer ruling on the motion until after the discovery cutoff of August 31, 2009 so that Plaintiff can conduct additional discovery on Plaintiff Tate's claims prior to responding to Defendant's Motion for Summary Judgment.[4]

The Court has considered the arguments in Plaintiffs' motion, Defendant's response and Plaintiffs' Reply and declines Plaintiffs' invitation to defer ruling on Defendant's motion until after

---

deposing her former district manager(s). However, on June 30, 2009, Plaintiff served a Notice of deposition that did not include her district manager(s) during the relevant time frame.

[3] The Court notes that it is aware that there is a substantial overlap between certification issues and merits issues.

[4] Like Plaintiff Amanda Echols, Plaintiff Iva Tate also lists fifteen topics about which she needs discovery prior to filing a response to defendant's Motion for Summary Judgment. However, she does not explain what facts she expects to discover, nor does she state how they will conflict with her own deposition and create a genuine issue of fact. Plaintiff also states that she cannot oppose summary judgment without deposing her former district manager(s). However, on June 30, 2009, Plaintiff served a Notice of deposition that did not include her district manager(s) during the relevant time frame.

the discovery cutoff. Plaintiff's motion is denied for the reasons stated in Defendant's response to Plaintiff's motion.

**IT IS, THEREFORE ORDERED** that Plaintiffs' Rule 56(F) Motions are Denied (Doc. Nos 150 and 151). Plaintiffs have already filed a response to Defendant's Motions for Summary Judgment. The Court will rule on Defendant's motions as soon as practicable.

**SO ORDERED**.

Signed: July 27, 2009

Graham C. Mullen
United States District Judge