# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | **ORDER** |

This matter is before the Court on Plaintiffs' Rule 56(F) Motions filed July 14, 2009 (Doc. Nos. 182 and 183); Defendant's Response to Plaintiff's Rule 56(F) Motion filed July 17, 2009 (Doc. Nos. 187 and 188); and Plaintiffs Motions to Expedite (Doc. Nos. 207 and 208)

Defendant filed a Motion for Summary Judgment with respect to Plaintiff Tammy Asher on July 7, 2009 (Doc. No. 168.) In support of the motion, Defendant relies on Plaintiff's own admissions; interrogatories and documents that were exchanged in April, 2009 as well as the discovery conducted pre-certification.[1] Plaintiff filed the instant motion in response to Defendant's Motion for Summary Judgment seeking additional time to respond to Defendant's motion.[2] Plaintiff specifically asks the Court to defer ruling on the motion until after the discovery cutoff of August

---

[1] The Court notes that it is aware that there is a substantial overlap between certification issues and merits issues.

[2] Plaintiff lists fifteen topics about which she needs discovery prior to filing a response to defendant's Motion for Summary Judgment. However, she does not explain what facts she expects to discover, nor does she state how they will conflict with her own deposition and create a genuine issue of fact. Plaintiff also states that she cannot oppose summary judgment without deposing her former district manager(s). However, on July 2, 2009, Plaintiff served an Amended Notice of Deposition that did not include her district manager(s) during the relevant time frame.

31, 2009 so that Plaintiff can conduct additional discovery on Plaintiff Asher's claims prior to responding to Defendant's Motion for Summary Judgment.

Defendant filed a Motion for Summary Judgment with respect to Plaintiff Michael McCoy on July 10, 2009 (Doc. No. 178). In support of the motion, Defendant relies on Plaintiff's own admissions; interrogatories and documents that were exchanged in April 2009 as well as the discovery conducted pre-certification.[3] Plaintiff filed the instant motion in response to Defendant's Motion for Summary Judgment seeking additional time to respond to Defendant's motion. Plaintiff specifically asks the Court to defer ruling on the motion until after the discovery cutoff of August 31, 2009 so that Plaintiff can conduct additional discovery on Plaintiff McCoy's claims prior to responding to Defendant's Motion for Summary Judgment.[4]

The Court has considered the arguments in Plaintiffs' motion, Defendant's response and Plaintiffs' Reply and declines Plaintiffs' invitation to defer ruling on Defendant's motion until after the discovery cutoff. Plaintiff's motion is denied for the reasons stated in Defendant's response to Plaintiffs' motions.

**IT IS, THEREFORE ORDERED** that:

---

[3] The Court notes that it is aware that there is a substantial overlap between certification issues and merits issues.

[4] Like Plaintiff Tammy Asher, Plaintiff Michael McCoy also lists fifteen topics about which he needs discovery prior to filing a response to defendant's Motion for Summary Judgment. However, he does not explain what facts he expects to discover, nor does he state how they will conflict with his own deposition and create a genuine issue of fact. Plaintiff also states that he cannot oppose summary judgment without deposing her former district manager(s). However, on July 2, 2009, Plaintiff served an Amended Notice of Deposition that did not include his district manager(s) during the relevant time frame. Moreover, Plaintiffs' Motion to Expedite (Doc. No. 208) indicates that McCoy's District Manager, Harold Landers, has been deposed.

(1) Plaintiffs' Motion to Expedite is Granted (Doc. No 208);

(2) Plaintiffs' Motion to Expedite (Doc. 207) is denied as moot ;[5] and

(3) Plaintiffs' Rule 56(F) Motions are Denied (Doc. Nos 182 and 183).

**SO ORDERED**.

Signed: July 27, 2009

Graham C. Mullen
United States District Judge

---

[5] Plaintiffs' filed a corrected Motion to Expedite (Doc. 208) due to the fact that Plaintiff Michael McCoy's District Manager has been deposed and, therefore, Plaintiff can response to McCoy's summary judgment in a timely fashion.