IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | **ORDER** |

This matter is before the Court on Plaintiffs' Rule 56(F) Motions filed July 22, 2009 (Doc. No. 209), and Defendant's Response to Plaintiffs' Rule 56(F) Motion filed July 27, 2009.

Defendant filed a Motion for Summary Judgment with respect to Plaintiff Chelsie Richardson on July 20, 2009 (Doc. No. 194.) In support of the motion, Defendant relies on Plaintiff's own admissions; interrogatories and documents that were exchanged in April, 2009 as well as the discovery conducted pre-certification.[1] Defendant also relies on a declaration of Randy Baggett, a Family Dollar executive. Plaintiff filed the instant motion in response to Defendant's Motion for Summary Judgment seeking additional time to respond to Defendant's motion.[2] Plaintiff specifically

---

[1] The Court notes that it is aware that there is a substantial overlap between certification issues and merits issues.

[2] Plaintiff lists fifteen topics about which she needs discovery prior to filing a response to defendant's Motion for Summary Judgment. However, she does not explain what facts she expects to discover, nor does she state how they will conflict with her own deposition and create a genuine issue of fact. Plaintiff also states that she cannot oppose summary judgment without deposing Randy Baggett, who provided a declaration which Defendant relies upon in support of their summary judgment motion. However, on July 2, 2009, Plaintiff served an Amended Notice

1

asks the Court to defer ruling on the motion until after Mr. Baggett has been deposed and after the discovery cutoff of August 31, 2009 so that Plaintiff can conduct additional discovery on Plaintiff Richardson's claims prior to responding to Defendant's Motion for Summary Judgment.

Defendant filed a Motion for Summary Judgment with respect to Plaintiff Tonya Warren Thomas on July 21, 2009 (Doc. No. 196). In support of the motion, Defendant relies on Plaintiff's own admissions; interrogatories and documents that were exchanged in April 2009 as well as the discovery conducted pre-certification.[3] Defendant also relies on a declaration of Sue Fontes, a Family Dollar executive. Plaintiff filed the instant motion in response to Defendant's Motion for Summary Judgment seeking additional time to respond to Defendant's motion. Plaintiff specifically asks the Court to defer ruling on the motion until after Ms. Fontes has been deposed and after the discovery cutoff of August 31, 2009 so that Plaintiff can conduct additional discovery on Plaintiff Warren-Thomas' claims prior to responding to Defendant's Motion for Summary Judgment.[4]

---

of Deposition that did not include Mr. Baggett. Moreover, Plaintiff's counsel informed this Court that Mr. Baggett is not scheduled to be deposed at this time, but indicated he may be added to the list.

[3] The Court notes that it is aware that there is a substantial overlap between certification issues and merits issues.

[4] Like Plaintiff Chelsie Richardson, Plaintiff Tonya Warren-Thomas also lists fifteen topics about which he needs discovery prior to filing a response to defendant's Motion for Summary Judgment. However, she does not explain what facts she expects to discover, nor does she state how they will conflict with her own deposition and create a genuine issue of fact. Plaintiff also states that she cannot oppose summary judgment without deposing Sue Fontes, who provided a declaration in support of Defendant's Motion for Summary Judgment. The Court notes that Ms. Fontes is scheduled to be deposed the wither the week of August 17 or 24. It is not unreasonable, given that Defendant relies upon Ms. Fontes declaration, to allow Plaintiff additional time to file a response to Defendant's motion until after Ms. Fontes has been deposed.

Defendant filed a Motion for Summary Judgment with respect to Plaintiff Rickie Rowell on July 22, 2009 (Doc. No. 203). In support of the motion, Defendant relies on Plaintiff's own admissions; interrogatories and documents that were exchanged in April 2009 as well as the discovery conducted pre-certification.[5] Defendant also relies on a declaration of Randy Baggett, a Family Dollar executive. Plaintiff filed the instant motion in response to Defendant's Motion for Summary Judgment seeking additional time to respond to Defendant's motion. Plaintiff specifically asks the Court to defer ruling on the motion until after Mr. Baggett has been deposed and after the discovery cutoff of August 31, 2009 so that Plaintiff can conduct additional discovery on Plaintiff Rowell's claims prior to responding to Defendant's Motion for Summary Judgment.[6]

The Court has considered the arguments in Plaintiffs' motion and Defendant's response and declines Plaintiffs' invitation to defer ruling on Defendant's motions with respect to Plaintiff's Richardson's and Rowell's until after the discovery cutoff. Plaintiff's motion is denied for the reasons stated in Defendant's response to Plaintiffs' motions. However, Plaintiff's motion is granted with respect to Plaintiff Tanya Warren-Thomas. Plaintiff Warren-Thomas shall respond to Defendant's Motion for Summary Judgment on or before September 4, 2009.

---

[5] The Court notes that it is aware that there is a substantial overlap between certification issues and merits issues.

[6] Like Plaintiff Chelsie Richardson, Plaintiff Rickie Powell also lists fifteen topics about which she needs discovery prior to filing a response to defendant's Motion for Summary Judgment. However, she does not explain what facts she expects to discover, nor does she state how they will conflict with her own deposition and create a genuine issue of fact. Plaintiff also states that she cannot oppose summary judgment without deposing Mr. Randy Baggett who provided a declaration in support of Defendant's Motion for Summary Judgment. However, on July 2, 2009, Plaintiff served an Amended Notice of Deposition that did not include Mr. Baggett. Moreover, Plaintiff's counsel informed this Court that Mr. Baggett is not scheduled to be deposed at this time, but indicated he may be added to the list.

**IT IS, THEREFORE ORDERED** that: Plaintiffs' Rule 56(F) Motion is Denied with respect to Plaintiffs Chelsie Richardson and Rickie Rowell. Plaintiffs' Motion is Granted with respect to Plaintiff Tonya Warren-Thomas. Plaintiff Warren-Thomas shall respond to Defendant's Motion for Summary Judgment on or before September 9, 2009.

**SO ORDERED**.

Signed: August 4, 2009

Graham C. Mullen
United States District Judge