# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08MD1932-MU

**IN RE FAMILY DOLLAR FLSA LITIGATION**

*Concerning Grace v. Family Dollar Stores, Inc. (3:06-cv-306) and Ward v. Family Dollar Stores, Inc. (3:06-cv-441).*

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Reconsider the Court's Order of July 10, 2009 (Doc. No. 221.) Plaintiffs ask for reconsideration essentially because they disagree with the Court's conclusion. The Court issued a seventeen-page Order on July 10, 2009 granting in part and denying in part Defendant's motion to dismiss. At issue here is the Court's Order dismissing

Melvin Cathey, Mark Clark, Sharron Daugherty, John Gertken, Dusty Hylton, LaSandra Rose, Howard Farmer, Jimmy Ray Guinn, Timothy Hill; and Dorothy Hudson Meadows from the case for continuing to provide boilerplate interrogatory response.

The Court notes that by Order dated June 2, 2009, these Plaintiffs were specifically directed to supplement their original individualized verified interrogatory responses within ten (10) days of the date of that Order such that their responses are "individualized" and not a recycled version of the standard responses previously served.. (Doc. No. 140.) The Plaintiffs were specifically instructed that "[i]ndividualized responses mean that the answers to the Interrogatories must be specific to the particular Plaintiff. (Id. at 5.) The Court cautioned that failure to comply with the Court's Order may

1

result in dismissal from this action. (Id.) In this Court's July 10, 2009 Order dismissing these Plaintiffs, the Court carefully considered each interrogatory response at issue and included such responses in the Court's Order. (Doc. No. 175.) The undersigned concluded, after a review of each amended responses, that they were canned responses obviously drafted by counsel and not the individual Plaintiffs. The Court noted that such responses represented a blatant disregard for this Court's previous discovery Order and that Plaintiffs' responses attempt to treat this case as a collective action despite this Court's ruling that it is not. (Id.)

The Plaintiffs take issue with the Court's characterization of their responses as "canned" and that they were drafted by counsel and not the individual Plaintiffs. Indeed, each Plaintiff at issue has provided a virtually identical declaration stating that they each adopted the amended response drafted by counsel as their own. The Plaintiffs also argue that counsel has not disregarded any of this Court's prior Orders, that the responses are both responsive and individualized, that they have not attempted to treat this case as a collective action, that all of the Plaintiffs held but one position – store manager and that dismissal is too drastic a sanction.

The Court has considered Plaintiffs Motion and notwithstanding Plaintiffs' declarations, this Court denies Plaintiffs Motion for Reconsideration (Doc. No. 221) for the reasons stated in this Court July 10, 2009 Order

**SO ORDERED.**

Signed: August 4, 2009

Graham C. Mullen
United States District Judge