**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:08MD1932-MU**

|   |   |   |
|---|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | : : : : : : : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | **ORDER** |
| *Concerning Grace v. Family Dollar Stores, Inc. (3:06-cv-306) and Ward v. Family Dollar Stores, Inc. (3:06-cv-441).* | : : : : : : | |

This matter is before the Court on Defendant's Motion to Dismiss filed July 27, 2009 (Doc. No. 232); Plaintiffs' Opposition filed August 13, 2009 (Doc. No. 291); Plaintiffs' Supplemental Response to Defendant's Motion to Dismiss, filed August 14, 2009 (Doc. No. 295); and Defendant's Reply filed August 21, 2009 (Doc. No. 299). For the reasons stated here, Defendant's Motion will be granted in part and denied in part.

On June 18, 2009, Defendant's filed a motion to dismiss the Plaintiffs and Intervenors who have failed to comply with the Court's June 2, 2009 Order. Relevant to this motion, Family Dollar asked this Court to dismiss Plaintiffs because they failed to adequately respond to Defendant's Request for Production Nos. 13 and 18 and Interrogatory No. 20. By Order dated July 10, 2009, the undersigned found that the Requests for Production and the Interrogatory at issue were relevant and directed that the Plaintiff's identified in this Order as in group 1 shall file or supplement their response within seven (7) days or they **WILL** be dismissed. The undersigned also directed the Plaintiffs identified in this Order as in group 2 to file or produce complete responses and/or

supplement their response to Request Nos. 13 and 18 and/or Interrogatory No. 20 within seven (7) days.

By the instant motion, Defendant Family Dollar requests that this Court dismiss Plaintiffs who have failed to completely comply with the Court's July 10, 2009 Order. Specifically, Family Dollar asks this Court to dismiss Plaintiffs who have allegedly failed to adequately respond to Defendant's Request for Production Nos. 13[1] and 18[2] and Interrogatory No. 20[3] and also failed to supplement their response as directed by this Court in its July 10, 2009 Order These Plaintiffs fall into two groups, group one consists of seven individuals. [4] The Court ordered that these individuals WILL be dismissed if they did not provide complete discovery responses within seven (7) days of the Court's July 10, 2009 Order (Doc. No; 175). The remaining Plaintiffs[5] make up group two. As

---

[1] Request for Production No. 13 seeks, "Any and all job applications, resumes, curriculum vitae, and other similar documents you have completed during the time period that you contend is relevant to the action through the present."

[2] Request for Production No. 18 seeks the Plaintiffs' complete tax returns, including W-2s, schedules, and other attachments, from three years prior to the filing of Plaintiffs' opt-in consent forms to the present.

[3] Interrogatory No. 20 requires Plaintiffs to identify (with name, address and phone number) everywhere they have sought employment either during or after working as s family Dollar Store Manager.

[4] Group one includes Sharon Phillips Bell; Brenda Bilbrey, Ethel Braswell, Phillis Francher; Nancy Smith; Phillip Mitchell and Shawn Ward.

[5] Group two includes: Susan Brown; Monica Dance; Betty Dearmon; Gwenn Sinns; Darrell Baker; Angela Cooper; Tanya Warren-Thomas; Nancy Burnette; and Mamie Conway. Austin Mudenda is also part of this group, however, Plaintiff's counsel does not oppose this Court dismissing Mr. Mudenda for failure to comply with the Court's July 10, 2009 discovery Order. Therefore, Plaintiff Austin Mudenda is dismissed. Ms. Marcella Sangiorgio was also part of group two, however, Ms. Sangiorgio has been dismissed by Order dated August 25, 2009, therefore Defendant's motion as to Ms. Sangiorgio is denied as moot.

to this group, the Court ordered that these individuals SHALL produce complete responses within seven (7) days of the Court's Order.  (Doc. No. 175)

**GROUP 1**

**Sharon Phillips Bell** -  Ms. Bell has not produced her tax returns for the years 2005-2008, or her W-2 for 2006, pursuant to Request No 18.  Plaintiff contends that she "is in the process of attempting to obtain" these documents, however she has not provided any evidence that she has requested the documents from the IRS.

**Phillip Mitchell** - Mr. Mitchell has not produced his 2006 tax return or W-2.  He also claims he is attempting to obtain these documents.  However, he has not provided any evidence that he has taken steps to obtain this information.

**Phyllis Fancher** - Ms. Fancher has not produced her tax returns or W-2s pursuant to Request 18.  However, she has requested these documents from the IRS.   Defendant contends that this request came after the Court-imposed deadline.

**Ethel Braswell** - Ms. Braswell has not produced her 2007 W-2.  However, she has requested this document from the IRS.  Defendant contends that this request came after the Court-imposed deadline.

**Nancy Smith** - Ms. Smith has not yet produced her 2006 W-2. However, she has requested this document from the IRS.[6]

**Shawn Ward** - Mr. Ward has not produced tax returns or W-2s pursuant to Request No. 18. Plaintiff contends he has requested these documents from the IRS. Defendant contends that this request came after the Court-imposed deadline.

**Brenda Bilbrey** - Ms. Bilbrey has not provided any supplemental information to Interrogatory No. 20. Ms. Bilbrey states that she has "provided as much information as she has available."

In this group, it appears that several Plaintiffs have attempted to comply with this Court's Order by requesting the missing documents from the IRS, albeit after the Court-imposed deadline. These Plaintiffs include: Darrell Baker; Phillis Fancher; Ethal Braswell; Nancy Smith; and Shawn Ward. The motion with respect to these Plaintiffs is denied.

Plaintiffs Sharon Bell and Phillip Mitchell both contend that they are in the process of attempting to obtain the missing documents, however, neither Plaintiff has provided any evidence that they have requested the documents from the IRS. This is telling in light of the fact that other Plaintiffs, represented by the same counsel, have made such efforts and documented those efforts. Plaintiffs Sharon Bell and Phillip Mitchell have seven (7) days from the date of this Order to provide evidence to Defendant's counsel documenting their efforts to obtain the missing documents. Failure to provide the documentation within the specified time WILL result in dismissal.

_____

[6] It is not clear when Ms. Smith requested this document as there is no date on the request form.

Finally Ms. Brenda Bilbrey was directed to supplement her response to Interrogatory No. 20. Ms. Bilbrey has stated that she "has provided as much information as she has available." The Court notes that Ms. Bilbrey's response that "she has provided as much information as she has available" is not responsive to the request. Indeed, Request No. 20 specifically requires Plaintiff to identify (with name, address and phone number) everywhere they have sought employment either during or after working as a Family Dollar Store Manager. Plaintiff's position in the July 10, 2009 Order was that she has not applied anywhere since leaving Family Dollar. In the motion, Defendant represents that Ms. Bilbrey did not supplement her response but claimed that she testified regarding post-Family Dollar job searches and employment at her deposition. Ms. Bilbrey's testimony at her deposition is not a sufficient substitute for responding to an interrogatory. Therefore, Ms. Bilbrey is specifically ordered to provide a supplemental response to Interrogatory No. 20. Ms. Bilbrey SHALL include the name, address and phone number of every place she has sought employment either during or after working as a Family Dollar Manager. This is Ms. Bilbrey's last chance to supplement her response. She has already ignored this Court's specific Order once. Failure to so supplement as directed in this Order within seven (7) days of this Order, SHALL result in her dismissal from this case.

**Group 2**

**Darrell Baker** - Mr. Baker has complied with request 13, albeit 3 weeks late. However, Mr. Baker has not produced his tax returns or W-2's from 2003-2006 and 2008. Plaintiff contends that he requested his tax returns from the IRS. Defendant contends that this request came after the Court-imposed deadline.

**Susan Brown** - Ms. Brown has not produced tax returns as required by request No. 18. Plaintiff contends that she has requested these documents from the IRS. Defendant contends that this request came after the Court-imposed deadline.

**Monica Dance** - Ms. Dance has not produced her tax returns. Plaintiff contends that she has requested these documents from the IRS. Defendant contends that this request came after the Court-imposed deadline.

**Nancy Burnette -** Ms. Burnette has not yet produced her 2004 and 2006 W-2s. Plaintiff contends that she has requested these documents from the IRS. Defendant contends that this request came after the Court-imposed deadline.

**Angela Cooper** - Ms. Cooper has not yet produced her 2004 or 2006 W-2s. Plaintiff contends that she requested these documents from the IRS. Defendant contends that this request came after the Court-imposed deadline.

**Mamie Conway** - Ms. Conway has not yet produced her 2005 tax returns or W-2s. Plaintiff contends that she has requested these documents from the IRS. Defendant contends that such request came after the Court-imposed deadline.

**Gwenn Sinns** - Ms. Sinns has not produced her tax returns on W-2s. Plaintiff contends that she has requested these document from the IRS. Defendant contends that such response came after the Court- imposed deadline.

**Betty Dearmon** - Ms. Dearmon has not yet produced her 2007 or 2008 W-2s. Plaintiff claims she is attempting to obtain these documents, however she has not provided any evidence of such.

**Tanya Warren** - Ms. Warren has not yet produced her 2007 or 2008 W-2s. While she has produced her tax returns from these years, she has not produced her W-2 and does not provide an excuse for her failure to so comply.

In this group, it appears that several Plaintiffs have attempted to comply with this Court's Order by requesting the missing documents from the IRS, albeit after the Court-imposed deadline. These Plaintiffs include: Darrell Baker; Susan Brown; Monica Dance; Nancy Burnette; Angela Cooper; Mamie Conway; and Gwenn Sinns. The motion with respect to these Plaintiffs is denied.

Plaintiff Betty Dearmon contends that she is in the process of attempting to obtain the missing documents, however, she has not provided any evidence that she has requested the documents from the IRS. This is telling in light of the fact that other Plaintiffs, represented by the same counsel, have made such efforts and documented those efforts. Plaintiff Betty Dearmon has seven (7) days from the date of this Order to provide evidence to Defendant's counsel documenting her efforts to obtain the missing documents. Failure to provide the documentation within the specified time WILL result in dismissal.

Plaintiff Tanya Warren has produced her tax returns for 2007 and 2008, however, she has not produced her W-2s from either of these years and has made no effort, that the Court has been made aware of, to obtain such documents. Plaintiff Tanya Warren has seven (7) days from the date of

this Order to provide evidence to Defendant's counsel documenting her efforts to obtain the missing

**IT IS THEREFORE ORDERED that:**

(1) Defendant's Motion to Dismiss (Doc. No. 232) is **GRANTED in part and DENIED in part**;

(2) Plaintiffs Sharon Bell; Phillip Mitchell; Betty Dearmon; and Tanya Warren SHALL provide Defendant's counsel with evidence documenting their efforts to obtain the missing documents. Failure to provide the documentation within the specified time WILL result in dismissal.

(3) Plaintiff Brenda Bilbrey is directed to supplement her response to Interrogatory No. 20 within seven (7) days as directed in this Order. **FAILURE TO SO SUPPLEMENT WILL RESULT IN HER DISMISSAL FROM THIS LAWSUIT**.

(4) Plaintiff Austin Mudenda is DISMISSED for failure to comply with the Court's Jul 10, 2009 discovery order;

(5) Defendant's motion as to Plaintiff Marcella Sangiorgio is dismissed as moot.

**SO ORDERED**.

Signed: August 25, 2009

Graham C. Mullen
United States District Judge