IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | **ORDER** |
| *Concerning Grace v. Family Dollar Stores, Inc. (3:06-cv-306) and Ward v. Family Dollar Stores, Inc. (3:06-cv-441).* | |

This matter is before the Court on Defendant's Motion to Dismiss Intervenor Marcella SanGiorgio and for Sanctions, filed July 29, 2009 (Doc. No. 235) and Plaintiffs' Response, filed August 17, 2009 (Doc. No. 296).

Defendant contends that Ms. SanGiorgio should be dismissed from this case for her failure to appear for her properly noticed deposition. Defendant also asks for sanctions in the amount of Family Dollars' fees and costs associated with preparation and travel for this deposition. Plaintiff's counsel does not dispute that Plaintiff failed to appear for her deposition and takes the position that dismissing Plaintiff for her failure to attend her deposition is within the Court's discretion. However, Plaintiff's counsel argues that neither counsel nor Plaintiff should be required to pay defense counsel's costs.

It is undisputed that Plaintiff did not attend her deposition and Plaintiff's counsel has offered no explanation as to why she was not in attendance. Therefore, Ms. SanGiorgio's claims against

1

Family Dollar are dismissed and Ms. SanGiorgio is dismissed as an Intervenor from this case pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.

With respect to Defendant's request that Plaintiff or her counsel pay the costs of defense counsels airfare to Philadelphia, hotel accommodations while in Philadelphia, fees associated with counsel's preparation for the deposition and fees for the court reported and videographer, the Court declines to grant Defendant's motion with respect to counsel's flight, hotel accommodations and preparation for the deposition. Under the circumstances, given that Plaintiff's counsel informed the Court two days prior to Plaintiff's deposition of their failed attempts to contact the Plaintiff, defense counsel did not need to incur the cost of traveling to Philadelphia given that Littler Mendelson has an office in Philadelphia, PA and could have arranged to have an attorney from the local office on call in the unlikely event Plaintiff did appear for her deposition. However, the Court will grant Defendant's request for sanctions with respect to the costs of the court reporter and the videographer to the extent Defendant can produce invoices to Plaintiff's counsel for such costs.

**THEREFORE IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss Intervenor Marcella SanGiorgio and For Sanctions is Granted;

(2) Ms. SanGiorgio is dismissed;

(3) Defendant's counsel shall provide Plaintiff's counsel copies of invoices for the court reporter and videographer hired for Plaintiff's deposition on July 29, 2009 within twenty (20) days of the date of this Order;

(4) Ms. SanGiorgio SHALL pay Defendant's counsel the costs (as evidenced by invoices submitted to Plaintiff's counsel) of the court reporter and videographer hired for Plaintiff's deposition on July 29, 2009 within thirty (30) days from the date such invoices are provided to Plaintiff's counsel.

**SO ORDERED.**

Signed: August 25, 2009

Graham C. Mullen
United States District Judge