| | : |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | : : : **MDL DOCKET NO: 3:08-MD-1932** |
| _____ | : **Judge Graham C. Mullen** |
| *Concerning all member cases* | : : : : : |

This matter is before the Court on Plaintiffs' Motion to Compel Production of Privileged Documents (Doc. No. 304), Defendant's Response (Doc. No. 375) and Plaintiffs' Reply (Doc. No. 380). For the reasons stated herein, Plaintiffs' Motion is denied,

Plaintiffs ask the Court to compel the production of five documents listed on Family Dollar's August 17, 2009 privilege log based on the fact that Family Dollar impliedly waived the attorney-client privilege regarding documents that demonstrate its intent to violate the FLSA and all applicable state wage and hour laws when it asserted that there was no willfulness in the violation and because Family Dollar waived the privilege when it unfairly attempted to use the privilege as a sword and a shield.

The first document on the privilege log, is Mr. Merriam's task force file. Mr. Merriam is the Vice President of Human Resources for Family Dollar and is also a lawyer. Mr. Merriam testified on behalf of Family Dollar on August 26, 2009 as a 30(b)(6) witness. In April 2004, Mr. Merriam organized an FLSA task force to discuss the revised regulations and develop a strategy for taking any necessary measures to assure that the Company would be compliant with those regulations when they

1

took effect in August 2004. The documents in this task force file include an email from Merriam requesting information about exempt positions for the task force's evaluation. This document was produced in redacted form. Plaintiffs' counsel asked Merriam what was redacted from this document and he replied that the only information redacted related to the task force's review of positions other than Store Manager. The Court notes that only store managers are relevant to this litigation.[1] The second document which comprises Merriam's task force file includes Merriam's handwritten notes following the task force meeting which reflect the task force's decision that Store Managers remain exempt under the regulations. Family Dollar produced a redacted form of this document. Again, Plaintiffs' counsel asked Merriam what was redacted. Merriam responded that the only information redacted from the document related to the task force's discussions and/or actions regarding the executive exemption as it applied to positions other than Store Manager.

The next document on the privilege log is a September 27, 2004 letter to Family Dollar from outside counsel. Family Dollar did not disclose any of the communications in this letter nor did it suggest what this advice was as it related to the exempt status of Store Managers. Family Dollar also states that it does not intend to rely on this document to support its affirmative defenses.

The next document on the privilege log is a September 9, 2004 memo to all District Managers, Area Operations Managers, and Regional Vice Presidents describing the types of duties that Store Managers should be performing in order to satisfy the executive exemption.[2]

---

[1] While the privilege log refers to privileged advice from counsel, Defendant's counsel is now asserting that Mr. Merriam's deposition testimony confirms that the redactions were based on relevance and not to protect any communications on the basis of privilege.

[2] This document was emailed from Family Dollar to outside counsel for possible production.

The next document on the privilege log is an April 9, 2009 email to all District Managers, Area Operations Managers and Regional Vice Presidents describing a payroll credit that will be available to cover extra labor hours required to support the Company's Macrospace Initiative Project.[3]

The last document at issue is a July 24, 2009 email to all District Managers and others regarding additional payroll for extended store hours.[4]

With respect to these last three documents, the substantive portions of all three emails were produced in their entirety. The only information redacted from these documents is: (1) the transmittal and any communication between Family Dollar and outside counsel; and (2) further transmittal among and any communications among outside counsel regarding these documents.[5]

The Court has considered the briefs, exhibits, privilege log and counsels' arguments and is not persuaded that Family Dollar made an implied waiver of the attorney-client privilege or that fairness demands disclosure of the documents at issue. Therefore, Plaintiffs' Motion to Compel is DENIED.[6]

---

[3] This document was emailed from Family Dollar to outside counsel for possible production.

[4] This document was emailed from Family Dollar to outside counsel for possible production.

[5] Family Dollar contends that the documents were produced with the transmittal information redacted only because defense counsel was unable to obtain "clean" copies without delaying supplemental document production.

[6] With respect to Defendant's argument that Plaintiffs' counsel failed to confer prior to filing the instant motion, the Court notes during this litigation, it has not previously held counsel to the letter of the law with respect to this rule. Therefore, the Court declines to chastise Plaintiffs' counsel for filing the instant motion without prior consultation. However, going forward, prior to presenting the Court with an informal discovery dispute or a formal motion,

**THEREFORE, IT IS ORDERED that Plaintiffs' Motion to Compel (Doc. No. 304) is DENIED.**

**SO ORDERED**.

Signed: September 24, 2009

Graham C. Mullen
United States District Judge

---

both of which would consume the Court's resources, the parties are on notice that the Court expects counsel to confer and will enforce the requirement that they do so.