IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | |
| _____ | **ORDER** |
| *Concerning Grace v. Family Dollar Stores, Inc. (3:06-cv-306)* | |

This matter is before the Court on Defendant's Motion to Dismiss Intervenor Susan Brown for failure to Participate in Discovery filed October 2, 2009 (Doc. No. 416); Plaintiff's Opposition filed October 19, 2009 (Doc. No. 450) and Defendant's Reply filed October 28, 1009 (Doc. No. 488). For the reasons stated here, Defendant's Motion will be granted.

Susan Brown filed her Motion to Intervene in this case on August 20, 2008. (Doc. No. 68.) After several attempts by Family Dollar to have Plaintiff's counsel schedule Ms. Brown's deposition, counsel for Ms. Brown advised Family Dollar by letter dated July 7, 2009, that Ms. Brown is seriously ill. The letter further stated that Ms. Brown's caretaker stated that Ms. Brown cannot sit for a deposition. However, counsel for Ms. Brown advised that he was "trying to obtain medical support for this statement before deciding how to proceed with Ms. Brown's case." Ms. Brown's counsel requested that "the parties jointly approach the Court for a stay for an agreed period of time to permit Ms. Brown to determine if she can recover sufficiently enough to prosecute her case." (See Ex. 3 to Motion to Dismiss.) On July 9, 2009 Family Dollar requested that Ms. Brown

1

provide medical documentation by July 16, 2009 so that it could determine whether to consider counsel's request for a stay. (See Ex. 4 to Motion to Dismiss.) Counsel for Ms Brown provided Family Dollar with a doctor's note which indicated that traveling and testifying would be "very difficult" for her. In response to this limited information, Family Dollar informed counsel for Ms. Brown that it would not agree to a stay of Ms. Brown's case without adequate documentation that she is unable to be deposed. Family Dollar specifically asked for further documentation by July 27, 2009 and noted that if not received by that date, they would notice Ms. Brown's deposition. (See Ex. 5 to Motion to Dismiss.) On August 3, 2009, Family Dollar served Ms. Brown with a Notice of Videotaped Deposition to occur on August 27, 2009 at 10:00 in Atlanta, Georgia. (Ex. 6 to Motion to Dismiss.)

On August 26, 2009, the day before Ms. Brown's scheduled deposition, counsel for Family Dollar asked one of Ms. Brown's attorneys to confirm that she would be attending her deposition the following day. Plaintiff's counsel responded that he did not think she was coming. (See Ex. 7 to Motion to Dismiss.) Later the same day, Greg Wiggins, a different attorney representing Ms. Brown and John Ibarra, a different attorney for Family Dollar discussed and agreed to proceed with a stipulation of dismissal of Ms. Brown's claims.[1] On August 27, 2009, Family Dollar sent Ms. Brown's counsel a proposed stipulation of dismissal. Mr. Wiggins advised that the stipulation of dismissal could not be filed until he received a signed agreement back from Ms. Brown. Mr. Wiggins indicated that he would advise Family Dollar as to when the stipulation of dismissal could

---

[1] Mr. Wiggins contends that he did not agree to a stipulation of dismissal, but instead agreed that if Ms. Brown was willing to dismiss her case, he would agree to Defendant's proposed stipulation.

be filed. (See Ex. 9 to Motion to Dismiss.) On September 29, 2009, Family Dollar requested that Ms. Brown's counsel provide an update regarding the stipulation of dismissal and indicated that if counsel did not respond, Family Dollar would file a motion to dismiss. (Ex. 9 to Motion to Dismiss.) According to Family Dollar, Ms. Brown's attorney did not respond to the September 29, 2009 inquiry. Family Dollar filed the instant Motion to Dismiss on October 2, 2009.

Ms. Brown filed an opposition to Defendant's Motion to Dismiss on October 19, 2009 conceding that Family Dollar properly noticed her deposition. Ms. Brown contends that she believed her doctor's note of July 11, 2009 was sufficient to excuse her from her deposition during the week of July 22, 2009 and for the deposition scheduled for August 27, 2009. Plaintiff contends that it was unreasonable for Family Dollar to notice her deposition for August 27, 2009 even after receiving her doctor's note of July 11, 1009 and that, as an accommodation, Family Dollar should have noticed her deposition to take place in her home town of Canon, Georgia. In connection with her opposition, Ms. Brown secured a second letter from her doctor dated September 3, 2009.[2] [3]

The Court has reviewed the motion, opposition and reply and finds that Ms. Brown's position is unreasonable. Indeed, Family Dollar made it clear to Ms. Brown's counsel after it received her

---

[2] Although the doctor's note is dated September 3, 2009, counsel for Ms. Brown did not provide such letter to Family Dollar until the filing of her opposition to the Motion to Dismiss.

[3] The September 3, 2009 doctor's note states: "Ms. Brown is currently receiving treatment for complaints of chronic pain and recurrent headaches. She experiences these discomforts on a daily basis and is medically unable to travel long distances due to her pain and is therefore unable to travel for deposition or testimony. She has experienced this distress since her hospitalization of July 2008 and has had no significant change in her status over the past year. At this point her disability appears indefinite and is expected to continue for the foreseeable future. If there was a way to depose or have her testimony remotely that would certainly be an acceptable option." (See Ex. to Ms. Brown's Opposition.)

3

first doctor's note, stating that traveling and testifying would be "very difficult" for Ms. Brown, that without further medical documentation they would not agree to ask the Court for a stay of her case. In fact, Family Dollar then noticed her deposition for August 27, 2009 to take place in Atlanta, Georgia which is 100 miles from Ms. Brown's home.[4] The day before her August 27, 2009 deposition, Ms. Brown's counsel agreed to dismiss Ms. Brown's claims as soon as Ms. Brown signed the agreement. Ms. Brown's counsel allowed more than a month to pass without informing Family Dollar as to the status of the stipulation.[5] To argue that Family Dollar should have accommodated Ms. Brown by deposing her in Cannon, Georgia is absurd given that counsel for Ms. Brown never asked that Family Dollar make such an accommodation. Further, counsel for Ms. Brown never notified the Court that Ms. Brown could not attend her deposition on August 27, 2009 in Atlanta, Geogia or applied for a protective Order from the Court. Instead, counsel for Ms. Brown lead family Dollar to believe a stipulation of dismissal was forthcoming. (See Ex. 9 to Motion to Dismiss.)

Therefore, the Court finds that dismissal of Ms. Brown is appropriate pursuant to Federal Rule of Civil Procedure 37(d)(3) and 41(b) for the reasons stated in Defendant's Motion to Dismiss.

**IT IS ORDERED that** Defendant's Motion to Dismiss Intervenor Susan Brown for Failure to Participate in discovery (Doc. No. 416) is GRANTED. The Court declines to direct that Plaintiff pay costs or attorneys fees caused by her failure to attend her deposition and participate in discovery.

---

[4] Ms. Brown was originally to be deposed in Birmingham, Alabama, which is 250 miles from her home.

[5] The Court notes that the discovery period to closed on August 30, 2009.

**SO ORDERED**.

Signed: November 12, 2009

Graham C. Mullen
United States District Judge