A CERTIFIED TRUE COPY
ATTEST

By Tarrell L. Littleton on Aug 17, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 17, 2010

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: FAMILY DOLLAR STORES, INC., WAGE AND
HOUR EMPLOYMENT PRACTICES LITIGATION

| | |
|---|---|
| Anthony Rancharan v. Family Dollar Stores, Inc., | ) |
|    W.D. North Carolina, C.A. No. 3:09-1943 | ) |
|    (E.D. New York, C.A. No. 2:09-1911) | )    MDL No. 1932 |
| Tanya Youngblood, et al. v. Family Dollar Stores, Inc., et al., | ) |
|    W.D. North Carolina, C.A. No. 3:09-1943 | ) |
|    (S.D. New York, C.A. No. 1:09-3176) | ) |

**REMAND ORDER**

**Before the entire Panel**: The Family Dollar defendants[1] move, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), to vacate our order, entered at the suggestion of the transferee court, conditionally remanding these two actions to their respective transferor districts. Responding plaintiffs oppose the motion.

After considering all argument of counsel, we find that remand of these two actions is appropriate. Whether Section 1407 remand is effectuated is based upon the totality of circumstances involved in that docket. The Panel gives great weight to the transferee court's determination that remand is appropriate, because the transferee court, after all, supervises the day-to-day pretrial proceedings. The transferee judge's suggestion of remand to the Panel is obviously an indication that he perceives the transferee court's role under Section 1407 to have ended. *In re: Columbia/HCA Healthcare Corp. Qui Tam Litigation (No. II)*, 560 F.Supp.2d 1349 (J.P.M.L. 2008) (citing *In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977)).

In the matter now before us, the transferee judge determined, after close scrutiny, that actions which do not bring claims under the Fair Labor Standards Act are not appropriate for inclusion in this MDL. As we noted in *In re: CVS Caremark Corp. Wage and Hour Employment Practices Litigation*, 684 F.Supp.2d 1377 (J.P.M.L. 2010), a transferee judge is always free to suggest early remand of state law claims, especially where he believes that such claims would be more appropriately resolved by the transferor courts. We adopt his assessment.

---

[1] Family Dollar Store, Inc., is a defendant in both actions. Family Dollar Stores of New York, Inc., is also a defendant in *Youngblood*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are remanded from the Western District of North Carolina to their respective transferor districts.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |