IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08md1932

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | ) ) ) ) ) |
| Concerning all member cases | ) ) ) ) ) |

**THIS MATTER** is before the Court on the "Defendant's Supplemental Submission Regarding Its Declarations Submitted Pursuant to Federal Rule of Evidence 1006" (Doc. No. 566), submitted at the direction of the Court. Although the Court allowed Plaintiffs 30 days to respond to Defendant's submission, (see Doc. No. 564 at 22), to date, Plaintiffs have failed to file a response. Plaintiffs need not file a response now as the time for doing so has expired.

In support of its motions for summary judgment, Family Dollar provided information regarding the "two full-time employees or their equivalent" and "significant salary difference" prongs of its executive exemption defense through declarations of Family Dollar employees – primarily paralegal Michelle DeBrocq. In its reply briefs, Family Dollar provided supplemental declarations that clarified exactly which Family Dollar business records were relied upon to arrive at (1) the percentage of time that each Plaintiff had hourly employees punched in and working in their stores for at least eighty (80) hours per week, and (2) the average pay rates for employees working in each Plaintiff's store (s) versus the average pay rate for each Plaintiff.

Family Dollar argues, and this Court agrees, that the declarations are admissible pursuant to Federal Rule of Evidence 1006. The declarations qualify as summaries and/or calculations of

1

Family Dollar's voluminous payroll and timekeeping records. Family Dollar has produced for the Court, a courtesy copy of the underlying timekeeping and payroll business records on a CD. (See docket entry dated May 31, 2011 – CD filed, under seal, as manual exhibit). This CD contains the three Excel spreadsheets that were provided to Plaintiffs' counsel in March and April of 2009. Furthermore, Plaintiffs have already deposed, or have had the opportunity to depose, Family Dollar witnesses regarding its electronic personnel and payroll data. Finally, Plaintiffs failed to file a response to Defendant's Supplemental Submission within thirty days as directly by the Court.

Therefore, for the reasons stated herein and for those reasons outlined in Family Dollar's Supplemental Submission and exhibits attached thereto, (Doc. No. 566), the Court concludes that the declarations of Family Dollar employees, primarily Michelle DeBrocq, in support of Family Dollar's motions for summary judgment are admissible and may be considered by the Court in connection with Family Dollar's motions for summary judgment.

**SO ORDERED**.

Signed: August 10, 2011

Graham C. Mullen
United States District Judge