# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08MD1932-MU

| | |
|---|---|
| **IN RE FAMILY DOLLAR FLSA LITIGATION** | : : : : : : |
| Concerning Scott v. Family Dollar Stores | **ORDER** |

This matter is before the Court on Plaintiffs' Motion to Dismiss (Doc. No. 751) and Plaintiff's Opposition[1] (Doc. No. 754). For the reasons stated herein, Plaintiffs' Motion to Dismiss is GRANTED, however such dismissal will be with prejudice.

In a one paragraph motion, Plaintiffs Victor Tovar, Abel Lopez and Evelyn Hernandez request that this Court dismiss their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Family Dollar opposes Plaintiffs' request that they be dismissed without prejudice.

This case was originally filed in the Northern District of Alabama on January 3, 2008. Family Dollar answered the Complaint on February 21, 2008. Abel Lopez and Evelyn Hernandez filed their notices of consent to become party plaintiffs on October 27, 2010 and Victor Tovar filed his notice of consent on November 10, 2010. (Doc. Nos 547 and 548). On August 24, 2011, Family

---

[1] Plaintiffs reply brief was due on or before January 20, 2012; however no such brief was filed with the Court.

1

Dollar served interrogatory and document requests on Tovar, Lopez and Hernandez. ( Doc. No. 754, Ex. 1). After receiving an extension of time to respond, Plaintiffs served general objections to Family Dollar's interrogatories on September 23, 2011, stating that they would provide responses as they are "prepared, reviewed and executed." (Doc. No. 754, Ex. 3). Plaintiffs have not otherwise responded to Defendant's discovery requests. Family Dollar has responded to discovery requests propounded by Tovar, Lopez and Hernandez on November 1, 2011. (Doc. No. 654, Doc. No. 4).[2] On December 9, 2011, Plaintiffs were noticed for deposition to take place on January 11-13, 2012. (Doc. No. 754, Ex. 5). On January 6, 2012, Plaintiffs filed the instant motion to dismiss stating only that they "no longer wish to pursue their claims." (Doc. No. 751).

Rule 41(a)(2) provides that a Court may dismiss an action at the Plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In deciding whether to dismiss without prejudice under Rule 41(a), "a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178-179 (4th Cir. 2008) (internal quotations and citations omitted).

Plaintiffs' case is part of a multi-district litigation case including approximately one hundred plaintiffs in approximately sixteen separate cases. The discovery cutoff in this case is January 31, 2012 – less than 10 days from now. This Court has granted fourteen of Defendant's summary judgment motions. To date, one of those orders has been upheld on appeal by the Fourth Circuit

---

[2] Family Dollar's responses appear to consist of general objections.

Court of Appeals and several others are pending on appeal. See Grace v. Family Dollar Stores Inc., 637 F.3d 508 (4th Cir. 2011). Family Dollar has expended time and resources on this case including preparing for Plaintiffs' depositions, pursuing overdue discovery responses, investigating Plaintiffs' individual claims and preparing a defense to such individual claims, including answering individual discovery requests, albeit such responses appear to consist only of general objections. It appears that Plaintiffs have exhibited no diligence in pursuing their claims as they have failed to respond to discovery propounded by Family Dollar in August, 2011. Plaintiffs seek to dismiss their claims without prejudice offering no sufficient explanation for their request other than that they "no longer wish to pursue their claims." (Doc. No. 751).

Considering the late stage on this litigation, the fact that Plaintiffs have exhibited little or no diligence in pursuing their claims and that Plaintiffs have offered no sufficient explanation for their need for a voluntary dismissal, this Court will allow the motion for voluntary dismissal, however, such dismissal will be with prejudice. Therefore, Plaintiffs' Motion to Dismiss is GRANTED in part and denied in part.

**THEREFORE IT IS ORDERED** that:

(1) Plaintiffs' Motion to Dismiss (Doc. No. 751) is GRANTED;

(2) Plaintiffs' request that the dismissal be without prejudice is denied;

(3) Plaintiffs Tovar, Lopez and Hernandez's claims against Family Dollar are dismissed with prejudice;

(4) The Court finds that there is no just reason to delay entry of final judgment for Family Dollar with respect to Plaintiffs Tovar, Lopez and Hernandez

**SO ORDERED**.

Signed: January 23, 2012

*Graham C. Mullen*

Graham C. Mullen
United States District Judge