# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: FAMILY DOLLAR STORES, INC., WAGE
AND HOUR EMPLOYMENT PRACTICES LITIGATION**

| | | |
|---|---|---|
| Bethany L. Ryan v. Family Dollar Stores of Massachusetts, Inc., | ) | |
| et al., D. Massachusetts, C.A. No. 1:12-11400 | ) | MDL No. 1932 |

## TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiff in an action pending in the District of Massachusetts (*Ryan*) moves to vacate our order that conditionally transferred her action to MDL No. 1932 and separated and remanded her non-Fair Labor Standards Act claims (*i.e.*, claims for violation of the Family and Medical Leave Act, the Americans with Disabilities Act and their Massachusetts analogues, as well as state tort-based claims against supervisor defendants) to the District of Massachusetts. Defendants Family Dollar Stores of Massachusetts, Inc., Debbie Lineberger, and Ernie Frazer oppose the motion.

After considering all arguments of counsel, we find that *Ryan* involves common questions of fact with the actions previously transferred to MDL No. 1932, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Western District of North Carolina was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Family Dollar Stores, Inc.'s store managers are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq. See In re Family Dollar Stores, Inc., Wage and Hour Litig. Employment Pracs. Litig.*, 545 F. Supp. 2d 1363 (J.P.M.L. 2008). This action contains an FLSA claim brought by a former Family Dollar Store manager, who contends that she was erroneously classified as exempt from overtime requirements, and clearly falls within the MDL's ambit.

In opposing transfer, plaintiff argues, *inter alia*, transfer of her FLSA claim will be inconvenient and inefficient. We respectfully disagree. Plaintiff asserts, incorrectly, that all discovery in the MDL has concluded. While this is true for some groups of cases, three cases were transferred in the past eight months to this MDL, and discovery and pretrial proceedings in those cases is ongoing. We are persuaded that this action will benefit from the framework provided by the centralized proceedings for discovery and motion practice. As the litigation progresses, if the transferee judge determines that a given claim or action will no longer benefit from inclusion in MDL No. 1932, then we encourage him to promptly suggest that the Panel remand such action or claim to the transferor court. *See* Panel Rule 10.1(b); *In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007).

- 2 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Graham C. Mullen for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |