IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-GCM

IN RE FAMILY DOLLAR )
FLSA LITIGATION )
) ORDER
_____)

This matter is before the Court upon Plaintiffs' "Motion to Strike Defense Counsel's Ex Parte Letter to the Court in Violation of Local Rule 7.1." This motion to strike is in response to a letter sent to the Court, upon direction of the Court, by defense counsel, Mr. Ybarra. Mr. Ybarra called the undersigned's law clerk to make the Court aware of additional litigation related to this MDL case that had recently been filed in Florida in anticipation of its likely transfer to this Court by the Judicial Panel for Multidistrict Litigation. Mr. Ybarra suggested to the Court that in light of the new action, pending discovery motions, and their potential impact on upcoming summary judgment deadlines, that a revision of the upcoming dispositive motion deadlines might be appropriate. The undersigned's law clerk requested that Mr. Ybarra confer with Mr. Kleppin, Plaintiffs' lead counsel, to attempt to agree upon a proposed plan. Mr. Ybarra was instructed that if counsel were unable to agree, that he should draft a letter to the Court informing the Court and requesting a status conference. Mr. Ybarra promptly did so, and faxed a letter to the Court informing the Court that the parties were unable to agree on any revision of the deadlines, and requested a status conference before the Court to address the issues outlined above. Mr. Ybarra also requested that the summary judgment deadlines be held in abeyance pending such a conference. The letter was copied to Mr. Kleppin via email and facsimile.

Mr. Kleppin responded by emailing Mr. Ybarra, with a copy to the Court, informing Mr. Ybarra that he was "shocked and appalled" at Mr. Ybarra's latter, and the "tenor of it." He

requested that Mr. Ybarra withdraw the letter immediately and indicated that he intended to file a motion to strike, which indeed he did shortly thereafter. Mr. Ybarra responded to Mr. Kleppin's email (again, with a copy to the Court), by reminding him that the Court had repeatedly specifically instructed the parties to bring matters regarding discovery and scheduling issues such as this to the Court's attention via letter, after conferring with the opposing party, so that the Court might resolve such issues quickly and efficiently so as to avoid adding to the growing mound of pending motions already before the Court in this case. This email, which the Court finds to be accurate and eminently reasonable, was met with additional outrage by Mr. Kleppin, who, because Mr. Ybarra happened to be on another phone call when Mr. Kleppin called him, accused Mr. Ybarra of "intentionally not engaging in appropriate conferral with me," and "apparently purposefully not getting back to me."

Mr. Kleppin's nine page Motion to Strike is likewise filled with vitriol and outrage, accusing Mr. Ybarra of acting inappropriately. He characterizes Mr. Ybarra's letter to the Court as "ex parte" even though he admits that he was copied on the letter. He accuses Mr. Ybarra of "demanding" a hearing with Mr. Kleppin "present only by telephone" while Mr. Ybarra "demands to be present in person." He also states in his motion that Mr. Ybarra's letter suggests that he has an "entitlement" to summary judgment as to all Plaintiffs.

It would be a gross understatement to say that Mr. Kleppin's accusations are inaccurate and that his response to a letter requesting a status conference is an overreaction. Quite frankly, the Court finds Mr. Kleppin's behavior to be disturbing to say the least and calls into question his ability to remain lead counsel for Plaintiffs in this case. The Court has spent countless hours and resources on this MDL case and does not need Mr. Kleppin to multiply the proceedings further by his refusal to act professionally and cordially with opposing counsel.

Plaintiffs' motion to strike is denied as frivolous.  Further, all summary judgment deadlines in this case will be held in abeyance pending a hearing on outstanding discovery motions and a status conference to be scheduled by the Court, at which both counsel will attend in person.

IT IS SO ORDERED.

Signed: February 4, 2014

Graham C. Mullen
United States District Judge