IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932-GCM

| IN RE FAMILY DOLLAR | ) | |
|---|---|---|
| FLSA LITIGATION | ) | |
| | ) | |
| | ) | ORDER |
| | ) | |
| *Concerning Samuel v. Family Dollar Stores* | ) | |
| | ) | |
| Case No. 3:12-cv-1951 | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Strike Collective Action Allegations (Doc. No. 1104); Plaintiffs' Response in Opposition (Doc. No. 1131); and Defendant's Reply (Doc. No. 1165). A hearing was held on this matter on March 17, 2014. For the reasons stated in open court and set forth below, the motion is **GRANTED**.

## FACTS

On November 22, 2011, the nine Named Plaintiffs in *Samuel* filed their collective action complaint against Family Dollar Stores of Florida, Inc., and two other Store Managers subsequently opted in. (Doc. No. 1105, Def. Mem. at 2.) The Named Plaintiffs alleged that they and other "similarly situated" Family Dollar Store Managers were misclassified as exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Compl. at ¶¶ 14, 30-38.) The Plaintiffs assert that "their primary duty was not management;" they "spent the vast majority of their workday on non-managerial tasks;" they were not "customarily and regularly directing the work of two or more other employees;" they did not "have authority to hire or fire other employees and had no authority to make suggestions or recommendations as to hiring or firing;" and they were "not paid a salary, but rather were paid hourly for the first forty-eight (48) hours

1

that they worked in a workweek, and were not paid any remuneration for the hrs [sic] that they worked over forty-eight (48) hours in a workweek." (Compl. at ¶¶ 18-22.)

On December 21, 2012, the parties submitted a Joint Proposed Scheduling Order proposing that "[i]n the *Samuels* case, discovery of issues bearing on FLSA Section 16(b) notice and conditional certification, including experts, shall be completed by August 28, 2013," and proposing a briefing schedule for motions for conditional certification or motions to the deny the same. (MDL Dkt. 899 at ¶ 2.) On January 23, 2013, the Court entered a Scheduling Order reflecting the discovery schedule and briefing deadlines proposed jointly by the parties (MDL Dkt. 904 at 1.) On September 24, 2013, the Court extended discovery related to *Samuel* Section 16(b) notice and conditional certification until September 30, 2013, and reset the briefing deadlines. (MDL Dkt. 1068.)

During the discovery period, the parties exchanged initial disclosures and responded to interrogatories and document requests. Defendant produced more than 21,000 pages of documents, sworn declarations from 19 Florida Store Managers, and deposed 10 of the 11 Plaintiffs. Plaintiffs have deposed 8 witnesses of their choosing and had access to over 230,000 pages of documents produced in the MDL litigation, including corporate policies, procedures, and training documents applicable to *Samuel*.

## **DISCUSSION**

The FLSA requires that an employee receive overtime pay if he or she works more than forty hours a week, and it allows employees to bring an action to recover unpaid minimum wages and overtime pay on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 207(a)(1); 29 C.F.R. § 216(b). A district court may exercise its discretion to certify an action as a "collective action" under the FLSA if members of a proposed class are "similarly

situated." *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592-FDW-DSC, 2011 U.S. Dist. LEXIS 105302 at *6-7 (W.D.N.C. Sept. 16, 2011) (citations omitted). The plaintiffs bear the burden of demonstrating that members of a proposed class are similarly situated, meaning they raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime, and they share a manageably similar factual setting with respect to their job requirements and pay provisions. *Id*. at *7, 9. At the notice stage, "[m]ere allegations will not suffice," and the court should only certify a collective action if the facts illustrate that a class of similarly situated aggrieved employees exists and it would promote judicial economy to group all claims into a single proceeding.[1] *Id*. at *10 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 548 (E.D. Va. 2009) (internal quotes omitted)); *Blaney*, 2011 U.S. Dist. LEXIS at *9 (quoting *Purdham*, 629 F. Supp. 2d at 547, *Hoffman-Laroche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Courts typically follow a two-step approach when deciding whether the named plaintiffs are similarly situated to potential plaintiffs for the purpose of certifying the collective action. *Blaney*, 2011 U.S. Dist. LEXIS at *8 (citation omitted). At the first stage, known as the "notice stage," the court may conditionally certify a class under a fairly lenient standard so that potential class members may "opt-in" to the litigation. *Id*. During the second stage the defendant can move to decertify the class, at which point the court makes a factual determination as to whether the class is similarly situated. *Id*. If discovery prior to the notice stage uncovers evidence that makes it clear that conditional certification of a class action is not appropriate, the court may

---

[1] "[T]he significance of manageability concerns at the notice stage is, like other aspects of the conditional certification analysis, a decision for the Court on the facts before it." *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 689 (D. Md. 2010) (citations omitted). "[W]here a collection action would not serve the interests of judicial economy, plaintiffs should not be permitted to request court-supervised notice as a tool for drumming-up business." *Robinson v. Dolgencorp, Inc.*, No. 5:06-cv-122-Oc-10GRJ, 2006 U.S. Dist. LEXIS 85471, at *25 (M.D. Fla., Nov. 13, 2006) (footnote omitted).

deny certification outright.  *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 893 (N.D. Iowa 2008).

Notice must be premised upon a "factual nexus" between plaintiffs and the proposed class members that is "sufficient to demonstrate that [they] together were victims of a common policy or plan that violated the law[.]"  *Diaz v. Electronics Boutique of Am., Inc.*, No. 04-cv-0840E, 2005 U.S. Dist. LEXIS 30382, at *10 (W.D.N.Y. Oct. 17, 2005) (emphasis added) (quotation omitted).  Reliance on a common job description and a uniform classification of Store Managers as exempt is insufficient for conditional certification.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 549 (2d Cir. 2010) ("the fact of common exception does not establish whether all plaintiffs were *actually* entitled to overtime pay") (emphasis in original); *Babin v. Stantec Consulting Servs., Inc.*, No. 09-1160, 2010 U.S. Dist. LEXIS 88009 AT *11 (E.D. Pa. Aug. 25, 2010) ("a job title alone is insufficient to establish the exempt status of an employee.") (quoting 29 C.F.R. § 541.2).  Even under the less strict notice stage standard, courts deny conditional certification where "plaintiffs allege that potential collective action members are similarly situated because they were improperly classified by their employer as exempt from the FLSA" because "[e]mployees' status under the FLSA may vary, even if they have the same job title, if their job responsibilities and duties differ among each other."  *Evancho v. Sanofi-Aventis U.S. Inc., et al.,* No. 07-2266, 2007 U.S. Dist. LEXIS 93215, at *8 (D.N.J. Dec. 19, 2007).

Under the FLSA, the court must examine the duties the employee actually performs in determining whether an employee is exempt.  *Myers*, 624 F.3d at 549 (internal quotations and citation omitted).  This analysis is extremely individual and fact-intensive, requiring "a detailed analysis of the time spent performing [managerial] duties" and "a careful factual analysis of the full range of the employee's job duties and responsibilities."  *Diaz*, 2005 U.S. Dist. LEXIS

4

30382, at *8 (quoting *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220 (D. Conn. 2003)). Employees with the same job title do not necessarily perform the same work, and thus courts deny notice where an individual determination of each class member's job duties is necessary to determine whether the employee was properly classified as exempt. *Morisky*, 111 F. Supp. 2d at 498.

The FLSA's overtime requirement does not apply to an exempt employee in a "bona fide executive . . . capacity." 29 U.S.C. §§ 207(a), 213(a)(1). Current regulations provide that an employee qualifies as an exempt executive if: (1) he is compensated on a salary basis at a rate of at least $455 per week; (2) his primary duty is management of the enterprise; (3) he customarily and regularly directs the work of two or more other employees; and (4) he has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(a) (2004).

The regulations provide guidance as to how an employee's primary duty may be determined. The regulations instruct that the determination should be "based on all the facts in a particular case." 29 C.F.R. § 541.700(a). The regulations set forth, but are not limited to, four factors to consider in this analysis: (1) the amount of time spent in the performance of managerial duties; (2) the relative importance of the managerial duties as compared with other types of duties; (3) the relative freedom from supervision; and (4) the relationship between the manager's salary and the wages paid to other employees for the kind of nonexempt work performed by the supervisor. (*Id.*)

Additionally, the regulations provide a list of "management" activities, which include, but are not limited to:

5

> Interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work, maintaining their production or sales records for use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked, and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the [employees] and the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.

The regulations state that an employee who spends more than fifty percent of his or her time performing managerial work will typically satisfy the primary duty requirement. 29 C.F.R. § 541.700(b). The regulations, however, also emphasize that "time alone…is not the sole test" and that exempt executives are not required to spend more than fifty percent of their time performing exempt work if other factors support the conclusion that management is their primary duty. *Id*. In *Grace*, the Fourth Circuit explained that "[t]here is no per se rule that once the amount of time spent on manual labor approaches a certain percentage, satisfaction of this factor is precluded as a matter of law." 637 F.3d 508, 515 (4th Cir. 2011).

The regulations also specifically address the concept of concurrent duties. 29 C.F.R. § 541.106. Concurrent performance, or multi-tasking, of exempt and nonexempt work is explicitly recognized as a managerial duty by the DOL's regulations. *Id*.; *see also* 29 U.S.C. § 213(a)(1). "It is misleading simply to add up the time that [Plaintiff] spent unloading trucks, stocking inventory, running cash registers, or sweeping floors and conclude thereby that she was merely a clerk and not a manager." *Grace*, F.3d at 516.

Plaintiffs argue that the Defendant's motion should be denied because it is: 1) grossly untimely; 2) it seeks an advisory opinion as to whether a collective action should issue; 3) the Defendant has waived its objections to Plaintiffs joining the action and maintaining their claims collectively, and; 4) Defendant's blanket policy not to pay overtime requires that the Court allow a collective action. Plaintiffs' arguments are without merit.

As a preliminary matter, there is no doubt the Court has the authority to consider Defendant's challenge to the propriety of conditional certification without waiting for Plaintiffs to seek conditional certification. *See, e.g., Till v. Saks Inc.,* No. C 11-00504 SBA, 2013 U.S. Dist. LEXIS 145842, at *31 (N.D. Cal. Sept. 30, 2013). The scheduling order for the *Samuel* case, on which the parties agreed, specified "motions for Section 16(b) notice and conditional certification, or motions to deny the same, shall be filed by September 16, 2013." (MDL Dkt. 899.) This deadline was after the August 28, 2013 deadline to complete discovery of issues bearing on FLSA Section 16(b) notice and conditional certification. Thus, Plaintiffs are estopped from challenging the timeliness or propriety of Defendant's motion because they agreed to the relevant parts of the proposed scheduling order.

The nine Named Plaintiffs and two Opt-In Plaintiffs were all Family Dollar Store Managers in Broward County, Florida for at least part of their relevant limitations periods. The Court has before it deposition testimony from 10 of these 11 plaintiffs. In addition, Defendant has submitted sworn declarations from 19 Florida Store Managers, including five who worked in Broward County. Of these 19 declarants, Plaintiffs chose to depose only two of them, both from Broward County (Bernise Demosthene and Victoria Johnson). Plaintiffs cancelled the depositions of the other three Broward County Store Manager declarants.

7

The record before the Court reveals significant variation in the actual managerial duties performed by the Named and Opt-In Plaintiffs, the two deposed Broward County Store Managers, and the other 17 Store Managers providing testimony on a wide range of managerial functions. For the most part, Plaintiffs deny performing most managerial duties contained in the company-wide Store Manager job descriptions. In contrast, the 19 other Florida Family Dollar Store Managers who have submitted testimony, including in many instances other Broward County Store Managers, admit, with some variation, to performing many if not all of these managerial duties. The Plaintiffs do not rebut a single fact demonstrating that Plaintiffs are not similarly situated to other Family Dollar Store Managers in Florida, or even in Broward County.

On this record, this Court cannot assume that every Family Dollar Store Manager spends a majority of their time doing non-managerial tasks or that every Store Manager performs or does not perform various managerial duties in the same manner as Plaintiffs did. This is true both state-wide and within Broward County. Rather, the Court would be required to undertake an individualized evaluation of the actual job duties performed by each putative class member who may opt-in if the Court conditionally certified a collective action and authorized issuance of notice.

Given the significant variations in job duties between Store Managers demonstrated in the record before it, the Court finds that the Named Plaintiffs and Opt-In Plaintiffs are not similarly situated to other Family Dollar Store Managers in Florida, in Broward County, or in any other category of Store Managers. These variations in job duties are the very reason why a collective action is inappropriate here. A determination of whether or not the Plaintiffs are similarly situated to other Store Managers would require a fact-specific inquiry into the daily duties of each putative Opt-In Plaintiff, a determination that defeats the point of a collective

action.  A collective action is never appropriate for situations where a court must make an individual determination of each plaintiff's day-to-day activities.

## CONCLUSION

The Court finds that Family Dollar's Motion to Strike the Collective Action Allegations is proper given the amount of discovery completed and the significant variations in Plaintiff's job duties.  This variation would require a fact-specific inquiry into the daily duties of each Plaintiff, and as such a collective action would be inappropriate. Therefore, Family Dollar's Motion is GRANTED.

## ORDER

IT IS ORDERED that

(1) Defendant's Motion to Strike Collective Action Allegations (Doc. No. 1104) is GRANTED.

(2) Plaintiffs Dianne Sanford and Latavia Bedford should be dismissed without prejudice from the *Samuel* action, subject to a reasonable period of time to seek to intervene in *Samuel* under Rule 24.

Signed: March 18, 2014

Graham C. Mullen
United States District Judge