UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08MD1932

| | |
|---|---|
| IN RE FAMILY DOLLAR ) | |
| FLSA LITIGATION ) | |
| ) | |
| ) | |
| ) | |
| *Concerning Samuel v. Family Dollar* ) | ORDER |
| *Stores* ) | |
| ) | |
| Case No. 3:12-cv-1951 ) | |
| ) | |

THIS MATTER is before the Court on Plaintiffs' Response to this Court's Order to Show Cause. (Doc. No. 1251). For failing to adequately show cause for his ethical violations in the course of the pending MDL, the Court SANCTIONS Mr. Kleppin in the amount of $1000 dollars. Further, the Court LIFTS the STAY and orders the parties to proceed with the litigation.

Plaintiff's counsel, Mr. Kleppin, complains that he has not been put on notice of what areas of concern require his response and that he could not formulate a response within the page limit. (Doc. No. 1251 at 1, 8-9). Perhaps Mr. Kleppin misunderstood the Court when it expressed concern for <u>all</u> of the conduct mentioned in its previous order. If this Court can relay its concerns in sixteen pages, certainly Mr. Kleppin could respond in twenty-five. Whether that required a line-by-line dissection of the Court's order (as Mr. Kleppin suggests) was entirely up to him.

Mr. Kleppin argues that Judge Mullen's request that the undersigned rule on the recusal motion violates Mr. Kleppin's due process. (Doc. No. 1251 at 4-7). The cases Mr. Kleppin cites in support of this assertion are taken out of context. The case law indeed places the burden on

the judge to recuse himself *rather than placing the burden on a party to the case*; but Mr. Kleppin cites no instance where the law objects to another judge in the same Court deciding whether recusal is appropriate. Mr. Kleppin begs for impartiality, yet complains when an additional, neutral and detached judge examines the complaint from an objective perspective. It was in fact *prudent* of Judge Mullen to request the undersigned, presiding Chief Judge of the Western District, to rule on the recusal motion, so as to proactively deflect any argument Mr. Kleppin would inevitably assert about the partiality of Judge Mullen in deciding the partiality motion. Mr. Kleppin's due process rights received heightened protection when the undersigned expended resources in deciding the recusal order in an effort to insure the utmost impartiality and fairness that all litigants deserve. Mr. Kleppin veils his complaint in due process, when in reality he is upset that yet another district court judge has seen past his <u>antics</u> and found him to be in violation of the ethical rules governing the practice of law.

Mr. Kleppin argues that the Western District's failure to issue a show cause order to Defendant in this case evidences partiality and impropriety. (<u>See</u> Doc. No. 1251 at 1-3 and fn. 3). The Court has grown tired of Mr. Kleppin's constant deflection of the Court's attention off of himself. He is quick to point out the speck in Defendant's eye but fails to notice the log in his own. Defendant's actions are not the subject of the instant motion. Defendant has not filed a motion alleging impropriety on the part of this Court. Mr. Kleppin was asked to explain why he <u>does not</u> deserve sanctions; instead, he spent the majority of his motion explaining why the Defendant <u>does</u>.

Mr. Kleppin is relentless in his argument that Judge's Mullen's referral to the Florida State Bar warrants recusal. (<u>See</u> Doc. No. 1251 at 16-17). He asks us to create a horrible precedent that would bind the hands of a district judge who is confronted with unethical conduct

by an attorney in a pending case. Mr. Kleppin's precedent would require a district judge to choose between reporting an attorney to the state bar and risking a recusal motion, or ignoring unethical conduct in order to forego disrupting an already lengthy proceeding on the basis of recusal. Multidisrict litigation can last for years; certainly, Judge Mullen should not have waited until this case was over to refer Mr. Kleppin to the Bar. Judge's Mullen's referral was proper and does not warrant recusal.

The Court reiterates its reliance on Liteky. From Liteky, we see that when judicial rulings are not based on an extrajudicial source, they must evidence a high degree of favoritism or antagonism as to make fair judgment impossible. Liteky v. U.S., 510 U.S. 540, 555 (1994). An extrajudicial source is a source outside judicial proceedings. Id. at 554. We reiterate the holding from the previous order - all of Judge Mullen's rulings in the MDL were based on intra-judicial sources, that is, facts introduced and events occurring during the course of the current proceeding. Id. at 555. These rulings *do not display a deep-seated favoritism or antagonism that would make fair judgment impossible*. Id., see also U.S. v. Gordon, 62 F.3d 263, 267-68 (4th Cir. 1995) ("The Supreme Court has made crystal clear . . . that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of the case.") For Mr. Kleppin to continue to argue a settled point is frivolous.

Mr. Kleppin took the time in his response to address one of the issues the Court mentioned in the previous order. He provided a helpful explanation as to why he calculated the time period between his receipt of the Florida Bar letter and his filing of the motion as three-weeks, and not four. (Doc. No. 1251 at 10-11). He also acknowledges and apologizes for his failure to follow Local Rule 7.1. (Id. at 19). But absent a microscopic pin-point of the issue by

the Court, Mr. Kleppin refuses to either apologize or provide an explanation for his repeated assertions of Judge Mullen's alleged misconduct. Instead of assuming a posture of deference to the Court and exuding a spirit of cooperation most certainly needed in the MDL, he continues to assert the impartiality of Judge Mullen and took this opportunity to escalate his complaints to alleged violations of constitutional rights.

Mr. Kleppin has behaved unethically in the instant litigation by filing and re-filing frivolous claims. Mr. Kleppin's previous claims were found to be without merit. The Court asked him to show why twenty-five pages of non-meritorious claims did not warrant sanctions, and Mr. Kleppin stated that he "will not" respond because he cannot discern which of three authorities the Court referred to when it mentioned "sanctions." If Mr. Kleppin does not find that situation problematic, perhaps he should rethink his status as lead counsel in this MDL or his career choice as a whole.

For the reasons stated above and because he has failed to adequately show cause, Mr. Kleppin is hereby SANCTIONED in the amount of $1,000. The Clerk is respectfully directed to send a copy of this order to the Florida State Bar, 614 East Jefferson Street, Tallahassee, Florida, 32399.

IT IS THEREFORE ORDERED that the STAY imposed on this litigation by the Honorable Judge Mullen is LIFTED.

IT IS SO ORDERED.

Signed: September 29, 2014

Frank D. Whitney
Chief United States District Judge